

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 3 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| | § | CIVIL ACTION NO. B - 0 4 - 1 3 7 |
| V. | § | |
| | § | |
| | § | |
| JAMES ARTHUR LARSON | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant James Arthur Larson respectfully submits this notice of removal of this action from the 357th District Court of Cameron County, Texas, on the following grounds:

1.      This notice of removal is filed pursuant to 28 U.S.C §§ 1332(a), 1441 and 1446.

2.      On June 7, 2004, the Plaintiffs sued Defendant in Cause No. 2004-06-002961-E, in the 357th District Court of Cameron County, Texas. The suit is a personal injury suit arising out of a vehicular accident in Cameron County.

3.      Defendant James Arthur Larson was served with notice of the suit on July 15, 2004. The Defendant has timely filed this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

4.      No other process, pleadings or papers have been received by the Defendant from the Plaintiffs. On August 9th, Defendant filed his original answer in state court.

5.      Pursuant to 28 U.S.C. § 1441(a) and 1446(a), the United States District Court for the Southern District of Texas, Brownsville Division, is the federal district court for the district and division embracing the place where the state court suit is pending.

6.      Removal is proper in this case because there is complete diversity between the parties. 28 U.S.C. § 1332(a). Plaintiffs are citizens of the State of Texas. Defendant is not a citizen of the State of Texas. Instead, Defendant is a citizen of the State of Michigan. *See* Affidavit of James Arthur Larson (attached to Defendant's Notice of Filing of Affidavits in Support of Jurisdiction as Exhibit A).

7.      The amount in controversy as to Plaintiff Rogelio Rodriguez exceeds $75,000, excluding interest, costs, and attorney's fees. While the plaintiffs' original petition does not specify the amount in controversy or damages sought by Rogelio Rodriguez, the affidavits and documents attached to defendant's notice of filing of affidavits in support of jurisdiction establish by a preponderance of the evidence that the amount in controversy as to Rogelio Rodriguez is in excess of $75,000.

8      In deciding whether the amount in controversy requirement is met when determining this Court's jurisdiction over an action removed from state court, it is the removing defendant's burden to show by a preponderance of the evidence that the action involves more than $75,000. A removing defendant may support federal jurisdiction by establishing the facts in controversy in the removal petition or an accompanying affidavit to show that the amount in controversy is met. *Felton v. Greyhound Lines, Inc.* 324 Fd. 3rd 771, 773-74 (5th Cir. 2003).

9.      As demonstrated by the affidavit of Chris Crockett, on May 7, 2004, just prior to filing suit, Plaintiff Rogelio Rodriguez's counsel, Randall P. Crane, sent to GAB Robins North America, Inc., which was adjusting the claim for Defendant's liability insurance carrier, a "STOWERS NOTICE – DEMAND FOR SETTLEMENT." *See* Affidavit of Chris Crockett (attached to Defendant's Notice of Filing of Affidavits in Support of Jurisdiction as Exhibit B). This

notice and demand for settlement asserted that Plaintiff Rogelio Rodriguez's total medical expenses to date as a result of the accident made the basis of the suit were $18,427.97. The notice and demand for settlement went on to assert that the total estimated future medical expenses for Plaintiff Rogelio Rodriguez will be $87,240.00. Taken together, these sums equal $105,667.97, far more than the $75,000 amount in controversy requirement for diversity jurisdiction.

10.    In addition, the notice and demand for settlement went on to formally request that Defendant's carrier tender its policy limits under the so-called Stowers Doctrine. As demonstrated by the affidavits and documents attached to defendant's notice of filing of affidavits in support of jurisdiction, the policy limits in this case are $300,000. *See* Affidavit of Chris Crockett (attached to Defendant's Notice of Filing of Affidavits in Support of Jurisdiction as Exhibit B). Again, this is far in excess of the $75,000 amount in controversy requirement to establish diversity jurisdiction.

11.    As established by the specific facts in controversy set forth in the Plaintiffs' original petition and herein; and the evidence in support, Defendant has established by a preponderance of the evidence that the claims brought by Rogelio Rodriguez in this case exceed the $75,000 amount in controversy requirement. Therefore, federal jurisdiction is proper in this case as to Plaintiff Rogelio Rodriguez.

12.    As to Plaintiff Elizabeth Rodriguez, it is unknown whether or not the $75,000 amount in controversy requirement is independently met. The Plaintiffs' original petition seeks on her behalf damages for loss of affection, solace, comfort, companionship, society, and assistance that she previously received from her spouse, as well as what she would have received from her spouse in the future. The petition is silent with respect to a specific amount in controversy and the

3

aforementioned May 7, 2004 notice and demand for settlement does not make reference to the claims of Elizabeth Rodriguez.

13.     Nevertheless, this Court has supplemental jurisdiction over the claims of Elizabeth Rodriguez pursuant to 28 U.S.C. § 1367. Elizabeth Rodriguez's claims are closely related to, and form part of, the same case and controversy as Rogelio Rodriguez's claims. Under Texas law, Elizabeth Rodriguez's claims are purely derivative of the claims of her husband, Rogelio Rodriguez, and do not even constitute a separate "bodily injury." *McGovern v. Williams,* 741 S.W.2d 373, 374 (Tex. 1987). Accordingly, the Court has supplemental jurisdiction over Elizabeth Rodriguez's claims and there is no requirement that Defendant establish that her claims independently meet the $75,000 amount in controversy requirement. *George v. Fields*, 2002 WL 31086079 *2 (E.D. La. 2002)(not designated for publication) . *See Carey v. E.I. du Pont de Nemours & Co.*, 209 F. Supp. 2nd 641, 645-49 (N.D. La. 2002).

14.     Pursuant to 28 U.S.C. § 1446(d), the Plaintiffs are being provided with written notice of the filing of this notice of removal.

15.     Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being filed with the Clerk of the 357th District Court of Cameron County, Texas.

16.     In accordance with Rule 81 of the Local Rules of the United States District Court, Southern District of Texas, attached hereto are the following documents:

    a.     All executed process in this case;

    b.     All pleadings asserting causes of actions and all answers to such pleadings, including the Plaintiffs' Original Petition and Defendant's Original Answer;

4

    c.        Clerk's Entries from Cause No. 2004-06-002961-E, styled *Rogelio Rodriguez and Elizabeth Rodriguez v. James Arthur Larson*, pending in the 357th District Court of Cameron County, Texas;

    d.        An Index of Matters Being Filed with this Notice of Removal; and,

    E.        A List of Counsel of Record, including addresses, telephone numbers and parties represented.

WHEREFORE, Defendant removes the above-captioned matter from the 357th District Court of Cameron County, Texas to this Court.

Respectfully submitted,

By: _____

Frank Weathered; Attorney-in-Charge
State Bar No. 20998600; Fed. ID 2441
Patrick Kasperitis
State Bar No. 11105270; Fed ID 12594

ATTORNEYS FOR JAMES ARTHUR LARSON

OF COUNSEL:
DUNN, WEATHERED, COFFEY, RIVERA,
KASPERITIS & RODRIGUEZ, P.C.
611 S. Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594
(361) 883-1599 (Telecopy)

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 12th day of August, 2004, served a true and correct copy of the above and foregoing instrument to the listed attorneys of record as indicated below.

**Via Federal Express**
Mr. Randall P. Crane
**LAW FIRM OF RANDALL P. CRANE**
201 S. Sam Houston
San Benito, Texas 78586

ATTORNEY FOR PLAINTIFF

_____
Frank Weathered

NUMBER: _2004-06-2961-E_

IN THE ___357th___ JUDICIAL DISTRICT COURT OF CAMERON COUNTY, TEXAS

ROGELIO RODRIGUEZ  AND        §
ELIZABETH RODRIGUEZ           §
                              §
VS.                           §
                              §
JAMES ARTHUR LARSON           §

-oOo-

FILED ___4:35___ O'CLOCK ___P___ M
AURORA DE LA GARZA DIST. CLERK

JUN 07 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_Reynaldo Lopez_ DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW,   **ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ,**

Plaintiffs  herein complaining of  **JAMES ARTHUR LARSON,**  Defendant, and for cause

of action would show unto the Court as follows:

### 1. DISCOVERY

Level of discovery for this suit shall be under Plan 2 as set out in the Texas Rules

of Civil Procedure.

### 2. PARTIES

Plaintiff  **ROGELIO RODRIGUEZ**   is a resident of Cameron County, Texas.

Plaintiff  **ELIZABETH RODRIGUEZ**  is a resident of Cameron County, Texas.

Defendant  **JAMES ARTHUR LARSON,**   is a individual upon whom  service  may

be had  at  Lakewood RV Park, Lot 306, Harlingen,   Cameron County, Texas.

Page 1 of 5

### 3. JURISDICTION

The Court has jurisdiction over defendants because defendants are Texas residents. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court.

### 4. VENUE

Venue is proper in Cameron County, Texas. Specifically, venue is allowed in this county because all of the events or omissions occurred in this county.

### 5. FACTS

On or about January 16, 2003, Plaintiff **ROGELIO RODRIGUEZ** was driving an 18 -wheel semi-truck and trailer traveling South on Business US 77. Suddenly and unexpectedly a Dodge Ram 2500 pickup truck driven by defendant **JAMES ARTHUR LARSON** changed lanes and collided into the vehicle driven by plaintiff.

As a result of the incident in question, Plaintiff **ROGELIO RODRIGUEZ** sustained severe and disabling injuries.

### 6. NEGLIGENCE/JAMES ARTHUR LARSON

The incident made the basis of this cause of action and the resulting injuries were proximately caused by the negligence of Defendant **JAMES ARTHUR LARSON,** in the following respects:

a) Failing to keep a proper lookout as a person using ordinary car would have done;

b) Failing to apply the vehicles brakes in a timely fashion as a person using ordinary care would have done;

c) Failing to swerve either to the left or to the right to avoid the complained of collision;

Plaintiff would further show that Defendant **JAMES ARTHUR LARSON,** was

negligent per se in the following regards:

d)  Driving in a reckless manner in violation of V.T.C.A., Transportation Code §545.401(a).

e)  Driving at an excessive rate of speed in violation of V.T.C.A., Transportation Code §545.351(a); §545.351(b)(1); §545.351(b)(2);

f)  Failing to drive in a single lane in violation of VTCA, Transportation Code §545.060.

g)  Failing to use turn signals in violation of VTCA, Transportation Code §545.104.

h)  Failing to drive on the right side of the roadway in violation of VTCA, Transportation Code §545.051.

Each of the above acts or omissions, constituted negligence and negligence per se which caused the incident made the basis of this suit and Plaintiff's injuries and damages as more fully set out in the Paragraphs below.

## 7. DAMAGES/ROGELIO RODRIGUEZ

As a direct result of the incident made the basis of this cause of action, Plaintiff **ROGELIO RODRIGUEZ,** forty-two (42)    years of age at the time of the incident in question, sustained  severe injuries to his neck, right rib fracture, chest, lower back,  and body in general, together with soft tissue injuries, mental pain and suffering.

As a proximate result of the incident in question, Plaintiff  **ROGELIO RODRIGUEZ** suffered shock, physical pain, mental anguish, sustained a loss of physical ability, and incurred expenses for health care services.

Plaintiff  **ROGELIO RODRIGUEZ,** who has a life expectancy of 35.49  years, still suffers from the injuries sustained, and in all reasonable probability  he will continue to suffer in the future and throughout his  life expectancy.

Therefore, Plaintiff    **ROGELIO RODRIGUEZ,**    says that he has sustained a permanent loss of both earning capacity and physical ability, will suffer physical pain and mental anguish in the future, and will incur future expenses for health care services.

As a proximate result of the incident in question and the injuries sustained, Plaintiff **ROGELIO RODRIGUEZ,** has been damaged as follows:

a) Physical pain and mental anguish suffered in the past in an amount that exceeds the minimum jurisdictional limits of the court;
together with prejudgment interest thereon.

b) Loss of physical ability in the past in an amount that exceeds the minimum jurisdictional limits of the Court;
together with prejudgment interest thereon.

c) Diminished capacity to work and earn money in the past in an amount that exceeds the minimum jurisdictional limits of the Court;
together with prejudgment interest thereon.

d) Physical pain and mental anguish which will be suffered in the future, in an amount that exceeds the minimum jurisdictional limits of the Court;

e) Diminished capacity to work and earn money in the future in an amount that exceeds the minimum jurisdictional limits of the Court;

f) Loss of physical ability in the future in an amount that exceeds the minimum jurisdictional limits of the Court;

g) Expenses for health care services to date;
together with prejudgment interest thereon.

h) Future expenses for health care services in an amount that exceeds the minimum jurisdictional limits of the Court;

## 8. DAMAGES/ELIZABETH RODRIGUEZ

As a proximate result of the incident in question and the injuries sustained by Plaintiff **ROGELIO RODRIGUEZ,**    Plaintiff    **ELIZABETH RODRIGUEZ**    has been damaged as follows:

a)    Loss of affection, solace, comfort, companionship, society, and assistance that
      she previously received from her spouse, in the past, in an amount that exceeds
      the minimum jurisdictional limits of the court;
      together with prejudgment interest thereon.

b)    Loss of affection, solace, comfort, companionship, society, and assistance that
      she would have received from her spouse, in the future, in an amount that exceeds
      the minimum jurisdictional limits of the court.

## 9.   DEMAND FOR JURY

Plaintiff demands a jury trial and tenders the appropriate fee.

## 10.  PRAYER

**WHEREFORE,** Plaintiffs prays that upon trial, Plaintiffs recover their damages from

Defendants as alleged, along with prejudgment interest, post judgment interest, costs and

general relief.

RESPECTFULLY SUBMITTED,

LAW FIRM OF RANDALL P. CRANE
201 S. SAM HOUSTON
SAN BENITO, TEXAS 78586
Tel. (956) 399-2496
Fax. (956) 399-7398
BY:

RANDALL P. CRANE
STATE BAR #05006900

ATTORNEY FOR PLAINTIFFS

496861

Page 5 of 5

Citation for Personal Service  - GENERAL          Lit. Seq. # 5.003.01

No. 2004-06-002961-E

T H E   S T A T E   O F   T E X A S          **COPY**

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JAMES ARTHUR LARSON
    LAKEWOOD RV PARK, LOT 306
    HARLINGEN, TEXAS 78550


the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on ___ JUNE 07, 2004 ___.  A copy of same accompanies this citation.

The file number of said suit being No. 2004-06-002961-E.

The style of the case is:

ROGELIO RODRIGUEZ & ELIZABETH RODRIGUEZ
VS.
JAMES ARTHUR LARSON

Said petition was filed in said court by _____ RANDALL P. CRANE _____
(Attorney for _____ PLAINTIFF _____), whose address is
201 S. SAM HOUSTON SAN BENITO; TX  78586 _____.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the _9th_ day of ___ JUNE ___, A.D. _2004_.

AURORA DE LA GARZA ___, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: *Ray Lopez Jr* _____, Deputy

RETURN OF OFFICER

Came to hand the _16th_ day of _June_, _2004_, at _11:30_ o'clock _A_.M., and ~~executed~~ (not executed) on the _17th_ day of _June_, _2004_, by delivering to _James Arthur Larson_ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _Plaintiff's Original Petition_ .

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy

Total....... $ _50_ —

Fees paid by: _RANDALL P. CRANE_

Sheriff/constable _Cameron_ County, TEXAS

By_____ ~~Deputy~~
_JOSE A. YBARRA_
_Civil process server_

FILED _2:00_ O'CLOCK _P_ M
AURORA DE LA GARZA, CLERK
JUN 23 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## CIVIL PROCESS RETURN

Came to me on the 16th day of June 2004 at 11:30 AM and **NOT EXECUTED** in CAMERON county, Texas, by delivering a true copy of PLAINTIFF'S ORIGINAL PETITION .

TO WIT: The within named defendant(s):

| NAME | DATE | TIME | ADDRESS |
|------|------|------|---------|
| James Arthur Larson | 061704 | 0737hrs | Lakewood RV Park Lot 360 |
| | | | 4525 Graham Rd. |
| | | | Harlingen, Texas 78550 |

in person.  To certify which witness, my hand officially as sworn to:

| | |
|---|---|
| Subpoena fee () | $ |
| For Serving citation (1) | $50.00 _____ |
| For mileage | $_____ |
| For notary | |
| Certified mail fee | $_____ |
| Total | $50.00 |

Jose A Ibarra:
Civil Process Server

Cause of Failure to execute this citation is . **Mr. James Arthur Larson does not reside at this address, moved out approximately two months ago. Forwarding address is 10075 U 65 Lane, Rapid River, Michigan, 49878.**
r

### NOTARY ACKNOWLEDGMENT

STATE OF TEXAS
COUNTY OF CAMERON

Before me, the undersigned on this day appeared Jose A. Ibarra, known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath that he executed the citation in the above-styled and numbered cause pursuant to the Texas Rules of Civil Procedure.

Subscribed and sworn to before me on this 17 day of June 2004.

TONI CRANE
MY COMMISSION EXPIRES
August 16, 2005

Notary Public, State of Texas
My commission expires ____8/16-05____.

RECEIVED JUL 3 0

**ORIGINAL**

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.003.01

No. 2004-06-002961-E

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JAMES ARTHUR LARSON
10075 U 65 LANE
RAPID RIVER, MICH. 49878

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on JUNE 07, 2004 . A copy of same accompanies this citation.

The file number of said suit being No. 2004-06-002961-E.

The style of the case is:

ROGELIO RODRIGUEZ & ELIZABETH RODRIGUEZ
VS.
JAMES ARTHUR LARSON

Said petition was filed in said court by _____ RANDALL P. CRANE _____
(Attorney for _____ PLAINTIFF _____ ), whose address is
201 S. SAM HOUSTON SAN BENITO, TX 78586 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 25th day of JUNE , A.D. 2004.

AURORA DE LA GARZA , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By _____ , Deputy

RETURN OF OFFICER

Came to hand the _7th_ day of _July 2004_, at _1030_ o'clock _A_.M., and

executed (~~not executed~~) on the _15th_ day of _July_, _2004_, by delivering to

_James Arthur Larson_   ~~in person~~ a true copy of this Citation,

CMRRR: _7002-2030-0000-3033-1906_

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiff's Original Petition_ .

Cause of failure to execute this citation is: _____

_____ .

FEES serving 1 copy

Total....... $ _50_

Fees paid by: _Randall P. Crane_

Sheriff/constable _Cameron_ County,

By _____ G. _____ ~~Deputy~~

_JOSE A. ROSERA_

_Civil process server_

FILED _9:00_ o'clock ___M
AURORA DE LA GARZA, CLERK

AUG 06 2004

DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

# CIVIL PROCESS RETURN

Came to me on the 7th day of July 2004 at 10:30 AM and **EXECUTED** in Rapid River,Michigan, by delivering a true copy of PLAINTIFF'S ORIGINAL PETITION. TO WIT: The within named defendant(s):

| NAME | DATE | TIME | ADDRESS |
|---|---|---|---|
| James Arthur Larson | 071504 | 1519hrs | 10075 U 65 Lane |
|  |  |  | Rapid River, Michigan 49878 |

**CMRRR: 7002-2030-0000-3033-2906**

in person. To certify which witness, my hand officially as sworn to:

Subpoena fee ()
For Serving citation (1)                     $50.00_____
For mileage                                  $_____
For notary
Certified mail fee                           $6.63
Total                                        $56.63

Jose A Ibarra.
Civil Process Server

Cause of Failure to execute this citation is .
r

## NOTARY ACKNOWLEDGMENT

STATE OF TEXAS
COUNTY OF CAMERON

Before me, the undersigned on this day appeared Jose A. Ibarra, known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath that he executed the citation in the above-styled and numbered cause pursuant to the Texas Rules of Civil Procedure.

Subscribed and sworn to before me on this 19th day of July 2004.

Notary Public, State of Texas
My commission expires ____ 8/16-2005

TONI CRANE
MY COMMISSION EXPIRES
August 16, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the foregoing PLAINTIFF'S ORIGINAL PETITION to the following person(s):

James Arthur Larson
10075 U 65 Lane
Rapid River, Michigan 49878
CMRRR; 7002-2030-0000-3033-2906

JOSE A. IBARRA
CIVIL PROCESS SERVER
CAMERON COUNTY, TEXAS





Aurora De La Garza
District Clerk
974 E. Harrison
Brownsville, Tx.  78520

*Randall P. Crane*
ATTORNEY AT LAW
201 SOUTH SAM HOUSTON
SAN BENITO, TEXAS 78586

CAUSE NO. ~~03-61823-4~~ 2004-ce-2961-E

ROGELIO RODRIGUEZ AND
ELIZABETH RODRIGUEZ

§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT OF

CAMERON COUNTY, TEXAS

V.

JAMES ARTHUR LARSON

357TH JUDICIAL DISTRICT

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

James Arthur Larson, Defendant in the above-styled and numbered cause, in answer to

Plaintiff's Original Petition, would respectfully show as follows:

    1.    As authorized by TEX. R. CIV. P. 92, Defendant generally denies each and all of the

material allegations contained within Plaintiff's Original Petition and upon trial will demand strict

proof thereof.

    WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by

his suit, that Defendant recover his costs, and for such other and further relief to which Defendant

may show himself justly entitled.

RUN DATE 08/11/04
RUN TIME 10:36 AM

* * *   C L E R K ' S   E N T R I E S   * * *

ROGELIO RODRIGUEZ & ELIZABETH RODRIGUEZ

VS

JAMES ARTHUR LARSON

00496801
RANDALL P. CRANE
201 S. SAM HOUSTON
SAN BENITO, TX                 78586 0000

(10)                NEGLIGENCE / DAM

06/07/04  ORIGINAL PETITI
06/08/04  JURY FEE: Pd. b
06/09/04  CITATION: JAMES
06/09/04  SERVED: 06/1
06/25/04  CITATION: JAMES
06/25/04  SERVED: 07/1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROGELIO RODRIGUEZ AND        §
ELIZABETH RODRIGUEZ          §
                             §
                             §
V.                           §        CIVIL ACTION NO. **B-04-137**
                             §
                             §
JAMES ARTHUR LARSON          §

<u>**LIST OF COUNSEL**</u>

COUNSEL FOR PLAINTIFFS:            Randall P. Crane
                                  SBN 05006900; Fed. ID _____
                                  LAW FIRM OF RANDALL P. CRANE
                                  201 S. Sam Houston
                                  San Benito, Texas 78586
                                  965-399-2496; Fax 399-7389

COUNSEL FOR DEFENDANT,
JAMES ARTHUR LARSON:              Frank Weathered
                                  SBN 20998600; Fed ID 2441
                                  DUNN, WEATHERED, COFFEY,
                                  RIVERA, KASPERITIS &
                                  RODRIGUEZ, P.C.
                                  611 South Upper Broadway
                                  Corpus Christi, Texas 78401
                                  361-883-1594; Fax 883-1599

                                  Patrick Kasperitis
                                  SBN 11105270; Fed ID 12594
                                  DUNN, WEATHERED, COFFEY,
                                  RIVERA, KASPERITIS &
                                  RODRIGUEZ, P.C.
                                  611 South Upper Broadway
                                  Corpus Christi, Texas 78401
                                  361-883-1594; Fax 883-1599

Respectfully submitted,

By: _____

Frank Weathered, Attorney-in-Charge
State Bar No. 20998600; Fed. ID 2441
Patrick Kasperitis
State Bar No. 11105270; Fed ID 12594

ATTORNEYS FOR JAMES ARTHUR
LARSON

OF COUNSEL:
DUNN, WEATHERED, COFFEY, RIVERA,
KASPERITIS & RODRIGUEZ, P.C.
611 S. Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594
(361) 883-1599 (Telecopy)

2

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the ⟨12ᵗʰ⟩ day of August, 2004, served a true and correct copy of the above and foregoing instrument to the listed attorneys of record as indicated below.

**Via Federal Express**
Mr. Randall P. Crane
**LAW FIRM OF RANDALL P. CRANE**
201 S. Sam Houston
San Benito, Texas 78586

ATTORNEY FOR PLAINTIFF

_____
Frank Weathered

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| JAMES ARTHUR LARSON | § | |

### INDEX OF MATTER S BEING FILED

1.    Notice of Removal

     a.    Plaintiff's Original Petition

     b.    Citation and Return (unserved) on Defendant, James Arthur Larson

     c.    Citation served on Defendant, James Arthur Larson

     d.    Defendant's Original Answer

     e.    State Court Clerk's entries (1 page)

2.    List of Counsel

3.    Notice of Filing of Affidavits in Support of Jurisdiction

Respectfully submitted,

By:

Frank Weathered, Attorney-in-Charge
State Bar No. 20998600; Fed. ID 2441
Patrick Kasperitis
State Bar No. 11105270; Fed ID 12594

ATTORNEYS FOR JAMES ARTHUR
LARSON

OF COUNSEL:
DUNN, WEATHERED, COFFEY, RIVERA,
KASPERITIS & RODRIGUEZ, P.C.
611 S. Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594
(361) 883-1599 (Telecopy)

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 12th day of August, 2004, served a true and correct copy of the above and foregoing instrument to the listed attorneys of record as indicated below.

**Via Federal Express**
Mr. Randall P. Crane
**LAW FIRM OF RANDALL P. CRANE**
201 S. Sam Houston
San Benito, Texas 78586

ATTORNEY FOR PLAINTIFF

Frank Weathered

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | **B-04-137** |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| | § | |
| JAMES ARTHUR LARSON | § | |

## NOTICE OF FILING OF AFFIDAVITS IN SUPPORT OF JURISDICTION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Comes now James Arthur Larson, defendant, and in support of his notice of removal, files the affidavit of James Arthur Larson, attached hereto as Exhibit A, and the affidavit of Chris Crockett, attached hereto as Exhibit B, together with Exhibits attached thereto, which include the following:

1.    Stowers Notice – Demand for Settlement.

2.    Declarations page from Defendant's insurance policy.

Respectfully submitted,

By:

Frank Weathered, Attorney-in-Charge
State Bar No. 20998600; Fed. ID 2441
Patrick Kasperitis
State Bar No. 11105270; Fed ID 12594

ATTORNEYS FOR JAMES ARTHUR LARSON

OF COUNSEL:
DUNN, WEATHERED, COFFEY, RIVERA, KASPERITIS & RODRIGUEZ, P.C.
611 S. Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594
(361) 883-1599 (Telecopy)

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 12ᵗʰ day of August, 2004, served a true and correct copy of the above and foregoing instrument to the listed attorneys of record as indicated below.

**Via Federal Express**
Mr. Randall P. Crane
**LAW FIRM OF RANDALL P. CRANE**
201 S. Sam Houston
San Benito, Texas 78586

ATTORNEY FOR PLAINTIFF

Frank Weathered

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROGELIO RODRIGUEZ AND     §
ELIZABETH RODRIGUEZ     §
    §
    §
V.     §     CIVIL ACTION NO. _____
    §
    §
JAMES ARTHUR LARSON     §

### AFFIDAVIT OF JAMES ARTHUR LARSON IN SUPPORT OF REMOVAL

Before me, the undersigned authority, personally appeared James Arthur Larson, who, being by me duly sworn deposed as follows:

My name is James Arthur Larson, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated, all of which are true and correct based upon my personal knowledge:

I am the defendant in Cause No. 2004-06-2961-E, *Rogelio Rodriguez and Elizabeth Rodriguez V. James Arthur Larson*, in the District Court of Cameron County, Texas, 357th Judicial District.

On June 7, 2004, the date plaintiff's original petition was filed in the aforementioned state court suit, I was a citizen of the state of Michigan, where I have been domiciled for many years. Since June 7, 2004, I have remained a citizen of the state of Michigan. My permanent home address for the past several years has been – and continues to be – 10075 U 65 Lane, Rapid River, Michigan, 49878.

For each of the past several years, my wife and I have spent roughly three months vacationing in the Rio Grande Valley of Texas. Those visits have always been temporary vacations, following which it has always been our intent to return to the state of our citizenship, Michigan, where we reside and are domiciled on a permanent basis. In this regard, I am registered to vote in the state of



Michigan and I carry a Michigan driver's license, # L-625-367-071-153.

The accident made the basis of the suit against me occurred on January 16, 2003. At that time, my wife and I were spending our yearly vacation in the Rio Grande Valley. We were staying at the Lakewood RV Park in Harlingen, Texas, but that was only our temporary address while we were on vacation. We subsequently returned to our permanent home in Michigan, which is where I was served with the suit papers in this lawsuit.

Further Affiant sayeth not.

_JAMES ARTHUR LARSON_

STATE OF MICHIGAN        §
                         §
COUNTY OF Delta          §

SWORN TO AND SUBSCRIBED BEFORE ME, by the said James Arthur Larson, on this the 5th day of August, 2004, to certify which witness my hand and seal of office.

_Notary Public, State of Michigan_

DOROTHY WOLF
Notary Public, Delta County, MI
My Comm. Expires Oct. 15, 2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| JAMES ARTHUR LARSON | § | |

## AFFIDAVIT OF CHRIS CROCKETT IN SUPPORT OF NOTICE OF REMOVAL

Before me, the undersigned authority, personally appeared Chris Crockett, who being by me duly sworn, deposed as follows:

My name is Chris Crockett, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated, all of which facts are true and correct based upon my personal knowledge:

I am claims manager in the Escanaba, Michigan branch claim office of Auto-Owners Insurance, one of whose companies is the automobile liability insurance carrier for James Arthur Larson during the policy period between December 4, 2002 and June 4, 2003. As claims manager, I am generally familiar with the claim made against Mr. Larson by Rogelio Rodriguez in connection with a vehicular collision that occurred on January 16, 2003 in Cameron County, Texas.

Attached hereto as Exhibit 1 is a true and correct copy from the carrier's file of a May 7, 2004 "Stowers Notice – Demand for Settlement," which was originally sent by attorney Randall P. Crane to the attention of Mr. Simon Rocha with GAB Robins North American, Inc.(GAB) in Harlingen, Texas. GAB, is an independent adjusting firm that was retained by Auto-Owners Insurance to assist in adjusting Mr. Rodriguez's claim against Mr. Larson.



Attached hereto as Exhibit 2, is a page from Mr. Larson's insurance policy, indicating that the residual combined limits of liability are $300,000 per occurrence.

Further Affiant sayeth not.

_____
CHRIS CROCKETT


STATE OF MICHIGAN          §
                          §
COUNTY OF _Delta_          §

SWORN TO AND SUBSCRIBED BEFORE ME, by the said Chris Crockett, on this the __9__ day of August, 2004, to certify which witness my hand and seal of office.

_____
Notary Public, State of Michigan

GEORGE W. MILKOVICH
Notary Public, Delta Co., MI
My Comm. Expires May 7, 2006

2

**RANDALL P. CRANE**
Attorney At Law
201 S. Sam Houston
San Benito, Texas 78586

Board Certified Personal Injury Trial Law
Texas Board of Legal Specialization

Phone (956) 399-2496
Fax    (956) 399-7398

May 7,  2004

GAB Robins North America, Inc.
632 Ed Carey Drive, Suite 700
Harlingen, Texas 78550-7965

Re:
GAB File: 34718-44928
Policy #:  34718-44928
Your Insured: James Arthur Larson
Our Client: Rogelio Rodriguez
Date of Injury: 01/16/03

---

## STOWERS NOTICE- DEMAND FOR SETTLEMENT

---

Dear Mr. Rocha:

As you know, I represent Rogelio Rodriguez in regard to personal injuries sustained as the result of an automobile collision which occurred on January 16, 2003.   Rogelio Rodriguez was traveling approximately 55 miles per hour when he was suddenly and unexpectedly struck by a vehicle driven by your insured, James Arthur Larson.

As a result of this collision, Rogelio Rodriguez was taken to the hospital (Valley Baptist Medical Center) where he was treated for injuries to his chest, fracture to the right rib, neck, and his body in general.  Enclosed as Exhibit "1" , is a copy of the hospital record from Valley Baptist Medical Center pertaining to Rogelio Rodriguez.

Thereafter, Rogelio Rodriguez saw Dr. Abraham Cano because he continued to have pain to his right shoulder, ribs, head contusion and body in general.  Mr. Rodriguez was given medication and was prescribed physical therapy.  His therapy continued for fourteen (14) visits.  Dr. Cano's records are attached hereto as Exhibit "2".

Mr. Rodriguez did  not,  however,  recover from all his injuries and thereafter sought treatment with Dr. D.S. Gill for his neck, upper back, lower back, chest, right shoulder and body in general.   Due to Mr. Rodriguez's continued back problems, Dr. Gill ordered an MRI of the lumbar spine which was done at Rio Grande Valley Imaging on October 8, 2003.  The MRI report is attached hereto as Exhibit "3".  Dr. Gill's medical records are attached  hereto as Exhibit "4".  Dr. Gill states in his final report that the injuries sustained by Mr. Rodriguez are the proximate result of the motor vehicle



accident of January 16, 2003 and that he continues to complain of pain to his neck, back, as well as myofascitis with myofascial trigger point tenderness in his trapezius, rhomboids and lumbar paravertebral muscles of the lumbar spine bilaterally. His pain is aggravated by prolonged standing, walking, bending and lifting activities. Dr. Gill further states that Mr. Rodriguez would benefit from medical care, intramyofascial injection therapy, myofascial release, phonophoresis and may benefit from lumbar and cervical epidural steroid injections. If conservative treatments fail, Mr. Rodriguez may become a surgical candidate.

Because of the serious nature of Mr. Rodriguez's injuries he sought the opinion of an orthopedic surgeon, Dr. Jorge Tijmes. Dr. Tijmes request an MRI of the cervical spine which was done on November 13, 2003, a copy of which is attached hereto as Exhibit "5". Dr. Tijmes saw Mr. Rodriguez on two separate occasions for neck pain, low back pain and right shoulder pain. Dr. Tijmes states in his report that Mr. Rodriguez's injuries are secondary to the motor vehicle accident. He also states that the MRI of the cervical spine revealed varying disc protrusions and effacement and the plan would be to continue with medication and that Mr. Rodriguez would benefit from treatment at a pain clinic. Dr. Tijmes records are attached hereto as Exhibit "6".

Mr. Rodriguez decided to seek treatment locally so he wouldn't have to travel to McAllen and therefore saw Dr. Herman Keillor (orthopedic surgeon). Dr. Keillor recommended that Mr. Rodriguez be seen by a neurologist and feels there is a problem with the L4-5 level which has a two-millimeter broad based disk protrusion that effaces the fat along with a straightening of the lumbar spine. There is also disk bulging at C3-4 through C6-7 with disk protrusion and effacement of the central CSF. Specifically there is a two-millimeter disk broad based protrusion at the C3-4 with no nerve root compression, there is also a one-millimeter protrusion at the C4-5 and at the C5-6 there is a 1.5 millimeter protrusion with severe effacement of the cord. Mr. Rodriguez also complained of numbness and tingling of his arm. Dr. Keillor's records are attached hereto as Exhibit "7".

**Medical Specials:**
Below is an outline of the medical specials incurred to date by Rogelio Rodriguez, which are attached as Exhibit "8":

| | |
|---|---|
| Valley Baptist Medical Center | $3,124.60 |
| Dr. Abraham Cano | $2,279.00 |
| Dr. D.S. Gill (Foccus Medicine Center) | $2,765.00 |
| OIS Rehabilitation Center | $4,362.00 |
| McAllen MRI | $1,850.00 |
| Rio Grande Valley Imaging | $1,400.00 |
| Dr. Eric Bennos | $ 300.00 |
| Dr. Jorge Tijmes | $1,550.00 |
| Dr. Herman Keillor | $ 797.37 |
| **TOTAL MEDICAL** | **$18,427.97** |

**Future Medical:**

Based on the reports from Dr. Gill, which is attached hereto as Exhibit "4", Mr. Rodriguez will require future medical as follows:

| | |
|---|---|
| Myofascial release and phonophoresis 3 times a week for 4-6 weeks for 2-3 years | $4,000.00-$6,000.00 or $6,000.00-$9,000.00 |
| Medical care and intramyofascial injection therapy | $1,500.00-$1,800.00 per year 2-3 yrs = $3,000.00-3,600.00 |
| Cervical Epidural steroid injections | $3,900.00 |
| Lumbar epidural steroid injections | $3,900.00 |
| Lumbar laminectomy & fusion | $31,240.00 |
| Cervical Diskectomy & Interbody Fusion | $35,600.00 |
| **Total Estimated Future Medical** | $87,240.00 |

It seems highly probable that when Mr. Rodriguez sees a neurologist, that doctor will recommend surgical intervention which will increase future medical.

Liability in this case is not seriously in question and it seems highly probable that a jury in Cameron County, Texas, will return a verdict in favor of the ROGELIO RODRIGUEZ in excess of your insured's policy limits.

Therefore, pursuant to the Stowers Doctrine, we hereby offer to settle this case on behalf of our client, ROGELIO RODRIGUEZ for your insured's policy limits.

Please provide the dec sheet to confirm the amount of the policy limits. This offer will be held open until May 31, 2004.

In return for payment of policy limits, ROGELIO RODRIGUEZ will execute a full and final release against your insured, JAMES ARTHUR LARSON, and his insuror, releasing them from any future liability and taking full responsibility for payment of any and all outstanding medical liens

This is a classic case for application of the Stowers Doctrine in the event your client fails or refuses to accept this opportunity to settle this case within the policy limits. The five requisites of the Stowers case will clearly be present in the event of such refusal:

Page 3 of 4

1)    A clear case of liability on the part of the insured;
2)    Complete control of the case by the carrier;
3)    A demand within the policy limits;
4)    A negligent refusal by the insurance carrier to settle within the policy limits; and
5)    A verdict in excess of the policy limits.

Please consider this letter a formal request for you to **tender your policy limits under the Stowers Doctrine as that case is applied by Texas jurisprudence.**

Settlement negotiations would greatly be enhanced if you would furnish this office with the declaration page outlining the coverage available to your insured. Although this claim is not yet in litigation, **Pursuant to TRCP 192.1(b), I ask that you furnish this office with a copy of the declaration page.** Keep in mind that a party should not be forced to unnecessarily file litigation to discover matters which are discoverable in the first place. Failure to comply with this request is acting in bad faith.

Sincerely,

RANDALL P. CRANE

RPC:
Enclosures
(CERTIFIED MAIL, RETURN RECEIPT REQUESTED #7002 0860 0001 1952 8939)

Page 4 of 4

# Home-Owners

Page 3

19020 (10-80)
Issued 10-28-2002

INSURANCE COMPANY
6101 ANACAPRI BLVD., LANSING, MI 48917-3999

**AUTOMOBILE POLICY DECLARATIONS**
**A+ GROUP PROGRAM**
Renewal Effective 12-04-2002

AGENCY NORTHERN INSURANCE AGENCY INC
01-0232-00　　　UNIT 023　　　(906) 786-2122

**POLICY NUMBER**　　96-747-507-00

INSURED JAMES A & JEAN A LARSON

Company Use　　33-05-MI-8912

ADDRESS 10075 U.65 LN

Company
Bill

| **POLICY TERM** | |
|---|---|
| 12:01 a.m. | 12:01 a.m. |
| to | |
| 12-04-2002 | 06-04-2003 |

RAPID RIVER  MI  49878-9229

In consideration of payment of the premium shown below, this policy is renewed.  Please attach this Declarations and attachments to your policy.  If you have any questions, please consult with your agent.

| DESCRIPTION OF ITEM INSURED | SYMBOL/COST | TERRITORY | CLASS/PG |
|---|---|---|---|
| 5. 1992 DODG RAM PICKUP 250<br>   VIN: 3B7KM23C6NM562598 | 14-26-6 | 022<br>Delta County, MI | 003 |

| COVERAGES | LIMITS | PREMIUM |
|---|---|---|
| Residual Combined Liability | $ 300,000 occurrence | $30.00 |
| Residual Uninsured Motorist | $ 300,000 person/$ 300,000 occurrence | 7.00 |
| Underinsured Motorist | $ 300,000 person/$ 300,000 occurrence | 10.00 |
| Special Tort Liability | $     500 occurrence | 3.00 |
| Property Protection | $ 1 Million occurrence | 5.00 |
| Personal Injury Protection | Excess of other insurance | 37.00 |
| MCCA/MAIPF/MATPA ✱ | | 39.88 |
| Comprehensive | Actual Cash Value | 49.00 |
| Collision - Broad | Actual Cash Value - $ 100 deductible | 138.00 |
| Road Trouble Service | $      50 occurrence | 4.00 |
| | TOTAL | $322.88 |

Interested Parties:  None

Additional Forms For This Item:　19942　(11-96)　79204　(06-92)　79250　(06-92)
79253　(06-92)　79275　(06-92)　79301　(06-92)　79305　(06-92)　79536　(07-94)
79539　(03-99)　79299　(03-99)

PREMIUM BASIS:  Automobile driven for pleasure use by a 69 year old operator.
5% ABS Discount applies to BI, PD, PIP, and COLL premiums.
Multi-Car Discount applies.
Premier Credit applies.

100

