IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 6 2006

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ | § § § | CIVIL ACTION NO. B-04-137 |
| VS. | § § | (JURY DEMANDED) |
| JAMES ARTHUR LARSON | § | |

-oOo-

## PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S TO RESPOND TO INTERROGATORIES & PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs asks the court to compel Defendant JAMES ARTHUR LARSON to respond to Plaintiff's First Set of Interrogatories and First Request For Production.

### A. Introduction

1. Plaintiffs are Rogelio Rodriguez and Elizabeth Rodriguez ; defendant is James Arthur Larson.

2. Plaintiffs sued defendant for personal injuries sustained as the result of an automobile collision which occurred on January 16, 2003.

3. Discovery in this suit is governed by Level 2 discovery control plan. The discovery period will end on March 3, 2006.

4. This case is set for trial on May 4, 2006.

## B. Facts

5. On November 8, 2004, Plaintiffs served defendant with discovery request in accordance with Federal Rules of Civil Procedure 33 and 34.

6. Defendants served the attached objections and responses on December 8, 2004.

## C. Argument and Authorities

7. The purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed. *Axelson, Inc. v.McIlhany,* 798 S.W. 2d 550, 555 (Tex. 1990). Discovery may be obtained about any matter relevant to the subject matter of the case. Tex. R.Civ.P. 192.3. Information is discoverable as long as it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id*

8. Plaintiff's discovery requests are reasonably calculated to lead to the discovery of admissible evidence. Specifically, they seek information regarding the driver and accident and how it occurred. This information is necessary because plaintiff has no knowledge of what defendant claims occurred at the time of the accident nor any background information regarding the driver or his driving record.

9. A trial court may compel a party to respond adequately to interrogatories and production. Federal Rules of Civil Procedure 37. Defendants did not respond adequately to interrogatories or production as required by Federal Rules of Civil Procedure 33 and 34. . Therefore, the court should compel defendant JAMES ARTHUR LARSON to comply with the rule. Defendant's response to interrogatories and production are inadequate for the following reasons:

## Defendant James Arthur Larson//Interrogatories:

### Interrogatory No. 16:
Describe the contents of any conversations you have had with the plaintiff or plaintiff's representative since the accident.

### Objection:
Defendant objects to this interrogatory because the request, as worded, seeks information exceeding the permissible scope of discovery. More specifically, Defendant objects to this interrogatory as being overly broad, vague, and unduly burdensome in that it fails to describe the information requested with reasonable particularity.

### Plaintiff's Response:
Federal rules of Civil Procedure, Rule 33(c) state that Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence.

Rule 26(b)(1) states
In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

### Interrogatory No. 17:
Describe the contents of any conversations you have had with an insurance company or any of its agents since the accident.

### Objection:
Defendant objects to this interrogatory because the request, as worded, seeks information exceeding the permissible scope of discovery. Defendant objects to this interrogatory as calling for the production of material collected subsequent to the occurrence made the basis of this lawsuit, in connection with the investigation of the occurrence out of which the claim has arisen, and in reasonable anticipation of litigation. Such material includes communications passing between agents, representatives, or employees of Defendant and such material is protected by the attorney-client privilege and attorney work product privilege pursuant to the Texas Rules of Civil Procedure.

### Plaintiff's Response:
Federal rules of Civil Procedure, Rule 33(c) state that Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence.

Rule 26(b)(1) states
In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

**Interrogatory No. 24:**
Did Defendant, its agents or representatives perform an investigation regarding the incident made the basis of this cause of action? If so, state the following:
a)   name, address and phone number of the person, organization, corporation or entity performing the investigation;
b)   was there a report made as a result of the investigation?
c)   if there is a report, who has custody of that report?

**Objection:**
Defendant objects to this interrogatory because the request, as worded, seeks information exceeding the permissible scope of discovery. Defendant objects to this interrogatory as calling for the production of material collected subsequent to the occurrence made the basis of this lawsuit, in connection with the investigation of the occurrence out of which the claim has arisen, and in reasonable anticipation of litigation. Such material includes communications passing between agents, representatives, or employees of Defendant and such material is protected by the attorney-client privilege and attorney work product privilege pursuant to the Texas Rules of Civil Procedure.

**Plaintiff's Response:**
Federal Rules of Civil Procedure , Rule 33(c) state that Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence

Rule 26(b)(1) states
In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

**Defendant James Arthur Larson Objections to Request For Production:**

**Request No. 10:**
Produce all documents regarding any medicine prescribed for defendant by any medical doctor within the five -year period before the collision.

**Objection:**
Defendant objects to this discovery request because the request as worded, requests information exceeding the permissible scope fo discovery. Specifically, Defendant objects to this discovery request because the request , as worded, violates the physician/patient privilege and constitutes an invasion of Defendant's right to privacy.

**Plaintiff's Response:**
Federal Rules of Civil Procedure , Rule 34(a) states that any party may serve on an other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated document (including writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served.  Rule 26(b) states Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

**Request No. 11:**
Produce the names and addresses of all medical providers who treated defendant during the five-year period before the collision.

**Objection:**
Defendant objects to this discovery request because the request as worded, requests information exceeding the permissible scope fo discovery. Specifically, Defendant objects to this discovery request because the request, as worded, violates the physician/patient privilege and constitutes an invasion of Defendant's right to privacy.

**Plaintiff's Response:**
Federal Rules of Civil Procedure, Rule 34(a) states that any party may serve on an other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated document (including writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served. Rule 26(b) states Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

**Request No. 18:**
Produce copies of any and all medical records which you have obtained regarding the plaintiff in this cause of action.

**Objection:**
All medical records obtained have been provided by Plaintiff or will be through depositions upon written questions of which the Plaintiff will receive notice. Plaintiff could have or will be able to request a copy for a fee. Defendant objects to re-producing medical records provided to him by Plaintiff via disclosures or other discovery vehicles, as harassing and unduly burdensome.

**Plaintiff's Response:**
Federal Rules of Civil Procedure , Rule 34(a) states that any party may serve on an other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated document (including writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served. Rule 26(b) states Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Plaintiff would further state, that if Defendant intends to introduce any medical records of plaintiff during trial, plaintiff is entitled to know what those records are. Plaintiff has produced all medical records in his possession, custody or control and did not object to the production of those records and additionally provided signed authorizations for defendant to obtain those records.

**Request No. 20:**
Produce copies of any and all personnel records which you have obtained regarding the Plaintiff in this cause of action.

**Objection:**
All personnel records, if any have been obtained, have been provided by Plaintiff or will be through depositions upon written questions of which the Plaintiff will receive notice. Plaintiff could have or will be able to request a copy for a fee. Defendant objects to re-producing such records provided to him by Plaintiff via disclosures or other discovery vehicles, as harassing and unduly burdensome.

**Plaintiff's Response:**
Federal Rules of Civil Procedure , Rule 34(a) states that any party may serve on an other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated document (including writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served. Rule 26(b) states Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Plaintiff would further state, that if Defendant intends to introduce any personnel records of plaintiff during trial, plaintiff is entitled to know what those records are. Plaintiff has produced all records in his possession, custody or control and did not object to the production of those records. Additionally, Plaintiff provided signed authorizations for defendant to obtain the personnel records.

**Request No. 21:**
Produce copies of any and all payroll records which you have obtained regarding the Plaintiff in this cause of action.

**Objection.**
All payroll records, if any have been obtained, have been provided by Plaintiff or will be through depositions upon written questions of which the Plaintiff will receive notice. Plaintiff could have or will be able to request a copy for a fee. Defendant objects to re-producing such records provided to him by Plaintiff via disclosures or other discovery vehicles, as harassing and unduly burdensome.

**Plaintiff's Response:**
Federal Rules of Civil Procedure, Rule 34(a) states that any party may serve on an other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated document (including writings, drawings, graphs, charts, photographs, phono records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served. Rule 26(b) states Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Plaintiff would further state, that if Defendant intends to introduce any payroll records of plaintiff during trial, plaintiff is entitled to know what those records are. Plaintiffs have produced all records in their possession, custody or control and did not object to the production of those records. Additionally, Plaintiff provided signed authorizations for defendant to obtain the payroll records.

### D. Expenses of Motion

a.   Plaintiff has incurred expenses in preparing and filing this motion to obtain relief. Under Federal Rules of Civil Procedure 37(a)(4), Plaintiff is entitled to reasonable expenses incurred in obtaining the order, including attorney fees.

### E. Conclusion

b.  Defendant James Arthur Larson has failed and refused to answer interrogatories and request for production propounded by Plaintiff as required by Federal Rules of Civil Procedure 33 and 34.

### F. Prayer

c.  For these reasons, Plaintiff asks the court to set this motion for hearing and, after the hearing, compel Defendant, James Arthur Larson, to file adequate response to Plaintiff's First Set of Interrogatories and Plaintiff's First Request For Production, find that defendant waived his objections and order defendant to pay plaintiff $750.00 for reasonable expenses incurred in filing this motion, including attorney fees.

RESPECTFULLY SUBMITTED,

LAW FIRM OF RANDALL P. CRANE
201 S. SAM HOUSTON
SAN BENITO, TEXAS 78586
Tel. (956) 399-2496
Fax. (956) 399-7398
BY:
_____
RANDALL P. CRANE
STATE BAR #05006900

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

I certify that a good faith conferred or attempted to confer was made to resolve the dispute without the necessity of court intervention, and the effort failed.

Date: March 3rd, 2006.

RANDALL P. CRANE
State Bar #05006900
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's **Motion To Compel Defendant's Response to Interrogatories and Production**, has been forwarded by the manner indicated below to opposing counsel of record on this the 3rd day of March, 2006.

Patrick Kasperitis
Attorney At Law
611 South Upper Broadway
Corpus Christi, Texas 78401

**VIA CMRRR #7004 0550 0001 3134 9950**

RANDALL P. CRANE
STATE BAR #05006900