UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 8 2006

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION**
**TO QUASH DEPOSITION OF DR. DANIEL BACKLAS**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant James Arthur Larson files this response to Plaintiff's motion to quash the deposition of Defendant's expert, Dr. Daniel Backlas.

1.  On Monday, March 6, 2006, Defendant received Plaintiffs' Motion to Quash Deposition of Dr. Daniel Backlas. As of this date, Defendant has not received notice that Plaintiff's motion has been scheduled for hearing. Defendant's counsel has scheduling conflicts which would prohibit his attendance at a hearing in Brownsville on March 14-17, 2006. Consequently, if it comports with the Court's calendar, counsel for Defendant respectfully requests that this matter be set for hearing on Friday, March 10, 2006, or alternatively on Monday March 13, 2006.

2.  On or about February 23, 2006, Defendant received the report prepared by Dr. Backlas. Dr. Backlas has been designated, since August 1, 2005, as a potential rebuttal expert witness to Dr. Jorge Tijmes, one of plaintiff's expert witnesses. Dr. Tijmes, in his deposition, testified that Plaintiff does not require surgery to repair his alleged back injuries. See Exhibit 1 at p. 57. Plaintiff himself, in his deposition, testified that he has not been given any indication by any doctor that he will require surgery to repair any damage allegedly done to his spine. See Exhibit 2 at p.37. Despite

this testimony, the disclosures by Plaintiff, as well as Plaintiff's live pleadings indicate that Plaintiff intends to present evidence to the jury that the incident made the basis of this suit resulted in injuries that will require surgical intervention. Plaintiff has not produced any evidence, based on the requisite evidentiary standards, that surgery will be a reasonable and necessary treatment to address the injuries allegedly sustained by Plaintiff in the incident made the basis of this suit.

3. Pursuant to Rule 26(e)(1), Plaintiff is obligated to supplement its disclosures and expert reports to address the issue of whether surgery would be necessary or not. Dr. Tijmes' reports have not been amended, nor has his deposition testimony been supplemented to include an opinion that surgery will be necessary to treat Plaintiff's injuries. The Notes to the 1997 Amendments to Rule 26(e)(1) suggest that under the rules of supplementation, such a change in an expert's opinion should be disclosed. Similarly, the Plaintiff has not amended his testimony either, though the rules of supplementation do not seem to impose such a burden on Plaintiff himself. However, if Plaintiff intends to present such testimony, by any witness, to the jury, Defendant must be permitted to rebut such testimony.

4. To this end, Defendant has designated Dr. Backlas as a potential rebuttal expert. Plaintiff has not supplemented its expert reports from Dr. Tijmes, or Dr. Tijmes' deposition testimony regarding the possibility of surgery to comply with the expert designation requirements of Rule 26(e)(1). Nevertheless, in an abundance of caution, Defendant supplemented its expert designation and its Disclosure Responses to include Dr. Backlas' report. Upon receipt of the report on February 23, 2006, Defendant immediately contacted Plaintiffs' attorney's office and requested available dates on which to depose Dr. Backlas, to preserve his testimony for use at trial. Defendant's counsel was informed that Plaintiffs' attorney was not available the week of February 27 or the week of

March 6, but would be available March 13, 15, 16, 20, 21, or 22. See Exhibit 3. On February 24, 2006, after confirming Dr. Backlas' availability, Defendant noticed the deposition for March 21, 2006, in accordance with the dates provided by the office of Plaintiff's counsel.

5. Also on February 24, 2006, Defendant served his Second Supplemental Rule 26(A) Disclosures upon Plaintiffs, identifying Dr. Daniel Backlas as a person having relevant knowledge and as a person who may be used at trial to present expert evidence. Dr. Backlas' report was produced, as well.

6. On March 1, 2006, Defendant served his Supplemental Responses to Plaintiffs' Requests for Production and Plaintiffs' Written Interrogatories. As Plaintiff's counsel notes, the deadline to amend discovery responses, as set out in the Court's Scheduling Order, was March 3, 2006. Further on March 1, 2006, Defendant amended his pleadings to address the special exceptions previously considered by the Court. The deadline to amend the pleadings to address the special exceptions was also on March 3, 2006, as specified by the Court in the Scheduling Order.

7. Due to the parties' inability to agree to a date to schedule Dr. Backlas' deposition prior to the discovery deadline of March 3, 2006, Defendant submitted a proposed Agreed Motion for Extension of Time to Complete Discovery to Plaintiffs' attorney, via facsimile, on March 1, 2006. Plaintiff's counsel instead filed a Motion to Quash Dr. Backlas' Deposition which was served on March 3, 2006. Defendant has, therefore, filed his Motion for Extension of Time to Complete Discovery, for the sole purpose of taking Dr. Backlas' testimony.

## ARGUMENT & AUTHORITIES

8. An express need to take the deposition of Dr. Backlas exists if Plaintiff's counsel wishes to present evidence to the jury of the necessity of surgery to repair the damage to Plaintiff's spine

and whether such damage was caused by the incident made the basis of this suit. If Plaintiff does not intend to seek future damages for surgical intervention, then no express need for this testimony would exist. Therefore, if Plaintiff's counsel positively avers that he will not attempt to prove damages for future surgery to the jury, then Dr. Backlas' testimony may prove unnecessary.

9. Good cause exists to permit the extension of discovery to take Dr. Backlas' testimony only in the event that Plaintiff seeks to present evidence of future surgery and it's potential expenses to the jury. Dr. Tijmes, plaintiff's expert, has already testified that surgery is not necessary. Plaintiff has testified that he was unaware of any surgical recommendations by his doctors. In light of Plaintiff's counsel's failure to supplement his Disclosure responses to include Dr. Tijmes' changed opinions, if any, Defendant's counsel is entitled to rely on those representations in preparing his case. However, if Plaintiff seeks to prove that the incidents made the basis of this suit caused Plaintiff to require surgery, the interests of justice require that Defendant be permitted to take the deposition and present the testimony of his rebuttal expert accordingly.

10. Good cause further exists to permit the extension of time to conclude discovery to the extent that counsel for Defendant exercised due diligence in his attempts to schedule Dr. Backlas' deposition prior to the discovery cutoff. At the last hearing before the Court, the Court encouraged counsel for both parties to attempt to resolve discovery scheduling issues among ourselves. Defendant's counsel did, in fact, consult with the office of Plaintiff's counsel a week before the discovery cutoff seeking dates for the deposition. Only after being advised that no dates were available in the week of February 27, 2006 or the week of March 6, 2006, did Defendant's counsel set the deposition for March 21, 2006.

11. Good cause further exists to permit the extension of time, in the interests of fairness and justice. Defendant's counsel asks the Court to consider that Plaintiff has already sought and received two extensions of time to conduct discovery (March 24, 2005 and November 15, 2005), which were virtually unopposed by Defendant's counsel before the Court. Further, Plaintiff previously noticed the deposition of Dr. Tijmes for June 21, 2005. Defendant's counsel agreed to the time and place of the deposition despite the fact that Plaintiff had noticed the deposition of Dr. Tijmes without providing any information related to his testimony in Disclosures, which were mandated by the Court to accomplished by May 11, 2005. Defendant's counsel did not try to quash the deposition of Dr. Tijmes, or to delay the trial setting due to Plaintiff's counsel's apparent oversight. See Exhibit 1, at p. 3. Instead, Defendant's counsel went forward with the deposition, seeking only the Court's approval to permit Defendant to designate potential rebuttal experts after the time of the taking of Dr. Tijmes' testimony. The Court permitted Defendant to extend the discovery period for the limited purpose of naming a rebuttal expert, which Defendant timely accomplished on August 1, 2005, naming Dr. Backlas as a potential rebuttal expert. Counsel for Defendant has attempted, in good faith, to resolve prior discovery disputes without the intervention of the Court. Counsel for Defendant has not sought to use the discovery rules to gain unfair advantage in this litigation, nor has Defendant's counsel been recalcitrant in his conformity to the Court's scheduling deadlines. Defendant, therefore, requests that the Court consider these equitable issues in considering Defendant's request for extension of time.

## CONCLUSION

12. Counsel for Defendant does not seek this extension of time for purposes of delay, but only so that justice be done in this case. Defendant seeks to extend discovery only to permit the

deposition of Dr. Backlas. This case is presently set for trial on May 4, 2006. The extension of discovery to permit this single deposition will not affect the ability of the parties to prepare for this trial setting, nor will it disable the parties from timely preparing all relevant pre-trial disclosures as required by Rule 26(a)(3). For these reasons, Defendant requests a limited extension of time to conduct discovery, for the sole purpose of obtaining the deposition testimony of Dr. Daniel Backlas.

Respectfully submitted,

DUNN, WEATHERED, COFFEY, RIVERA,
KASPERITIS & RODRIGUEZ, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594 [FAX 883-1599]

BY _____
Patrick R. Kasperitis
SBN 11105270; FED ID 12594
Frank Weathered
SBN 20998600; FED ID 2441

COUNSEL FOR DEFENDANT
JAMES ARTHUR LARSON

## CERTIFICATE OF SERVICE

This is to certify that on the 6th day of March 2006, this document was served on counsel of record as indicated below pursuant to Texas Rules of Civil Procedure.

_____
Patrick R. Kasperitis

**VIA CM/RRR 7005 1820 0001 4400 0901**
Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, Texas 78586