United States District Court
Southern District of Texas
FILED

MAR 9 2006

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ | § § § | |
| VS. | § § § | CIVIL ACTION NO, B-04-137 |
| JAMES ARTHUR LARSON | § | |

-oOo-

### PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S EXPERT, DR. DANIEL BACKLAS

Plaintiffs ask the court to exclude the testimony of Dr. Daniel Backlas, defendant's expert.

### A. Introduction

1. Plaintiffs are Rogelio Rodriguez and Elizabeth Rodriguez; defendant is James Arthur Larson.

2. Plaintiffs sued defendant for personal injuries sustained as the result of an automobile collision which occurred on January 16, 2003.

### B. Facts

3. Defendant identified Dr. Daniel Backlas as a testifying expert on February 24, 2006 and provided a report at that time. Dr. Backlas is to testify on the following:

   a. That he reviewed the MRI's of Rogelio Rodriguez from Rio Grande Valley Imaging Center and McAllen MRI Center;

   b. That there is no evidence of disc herniation, fracture, dislocation, edema or hemorrhage.

  c. That there is no evidence of trauma.

  d. That disc bulges are always secondary to degenerative changes, and are never related to trauma.

  e. That annular tears are part of the degenerative process.

  f. That there is no evidence of any abnormality that could be related to the accident of 1/16/03.

  g. Dr. Backlas' report is attached hereto as Exhibit "A".

  h. Dr. Backlas failed to list any scientific treatises that support the opinions set out in his report.

4. The defendant's deadline for listing experts was on February 3, 2006, see attached court order, Exhibit "B".

### C. Argument and Authorities

5. The court should exclude the testimony of defendant's expert because the expert was not timely listed, is not qualified and the testimony is not reliable.

6. A court must exclude the opinion testimony of an expert witness whose testimony is not "scientific, technical, or other specialized knowledge." See Tex.R.Evid. 702. An expert cannot proffer an opinion based on a discipline that lacks reliability. The subject about which defendant intends to offer the expert's testimony does not qualify as "scientific, technical, or other specialized knowledge."

7. A court must exclude the opinion testimony of an expert if it is not reliable. The court should exclude the opinion testimony of Dr. Daniel Backlas for the following reason:

   a. The expert based the opinion on a technique that relies upon subjective interpretation.

   b. The expert's opinion has not been subjected to peer review. *American W. Airlines v. Tope,* 935 S.W. 2d 908, 919 (Tex.app.-El Paso 1996, no writ)

   c. The expert's opinion is not consistent with the generally accepted methods used for gathering the relevant scientific evidence in the expert's discipline.

   d. The expert's opinion has been generated solely for this litigation and, thus, should be excluded.

   e. The expert, who proposes to offer non-scientific opinion evidence, did not base his opinions on the rules governing the expert's own discipline.

   f. The expert's opinion is not based on sufficient facts or data, as required by Texas Rules of Evidence 702 and 703.

   g. The opinions of Dr. Backlas, specifically the opinion that disc bulges are not caused by trauma is based on flawed reasoning and methodology, (see *Merrell Dow Pharms. V. Havner,* 953 S.W.2d 706, 714 (Tex. 1997)

   h. The opinions of Dr. Backlas that trauma cannot cause disc bulges has not been subjected to peer review. *American W. Airlines v. Tope,* 935 S.W.2d 908, 919 (Tex. App.-El Paso 1996, no writ)

   I. The theory espoused by Dr. Backlas has not been generally accepted as valid by the relevant scientific community, *Neal v. Dow Agrosciences, l.l.c.,* 74 S.W.3d 468, 473-74 (Tex.App.-Dallas 2002, no pet.)

8. A court must exclude the opinion testimony of an expert of it probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needless presentation of cumulative evidence. Tex. R.Evid. 403.

9. A court must exclude the opinion testimony of an expert if the opinion is based on unreliable foundation evidence. *Merrell Dow Pharms., Inc. V. Havner*, 953 S.W.2d 706, 714 (Tex. 1997).

10. Dr. Daniel Backlas has failed to provide any scientific treatises or other peer reviewed articles that substantiate his opinions.

### D. Prayer

11. For these reasons, plaintiffs ask the court to exclude the testimony of defendant's expert, Dr. Daniel Backlas.

RESPECTFULLY SUBMITTED,

LAW FIRM OF RANDALL P. CRANE
201 S. SAM HOUSTON
SAN BENITO, TEXAS 78586
(956) 399-2496

BY: _____
RANDALL P. CRANE
STATE BAR #05006900
ATTORNEY FOR PLAINTIFFS
ROGELIO RODRIGUEZ AND
ELIZABETH RODRIGUEZ

## CERTIFICATE OF CONFERENCE

I certify that a reasonable effort was made to resolve the dispute without the necessity of court intervention, and the effort failed.

Date: March 9, 2006.

                                                 RANDALL P. CRANE
                                                 State Bar #05006900
                                                 Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Plaintiff's Motion to Exclude Defendant's Expert, Dr. Daniel Backlas, has been forwarded to the attorneys of record for the Defendants as follows:

Dunn, Weathered, Coffey,
Rivera, Kasperitis & Rodriguez, P.C.
Attorneys At Law
611 S. Upper Broadway
Corpus Christi, Texas 78401

(Certified Mail, Return Receipt Requested #7004 0550 0001 3134 9905)

SIGNED THIS THE     9th  DAY OF  MARCH, 2006.

                                                RANDALL P. CRANE
                                                 STATE BAR #05006900
                                                 ATTORNEY FOR PLAINTIFFS
                                                 ROGELIO RODRIGUEZ AND
                                                 ELIZABETH RODRIGUEZ