UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 3 2006

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

## DEFENDANT JAMES A. LARSON'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT
## WITH BRIEF IN SUPPORT OF MOTION

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES James A. Larson, Defendant in the above styled and numbered cause, and submits his Motion for Partial Summary Judgment with Brief in Support of Motion, respectfully showing as follows:

### I. STATEMENT OF THE CASE

Plaintiff Rogelio Rodriguez has brought this suit against Defendant James A. Larson arising out of injuries he alleges he sustained in an automobile accident which occurred in Cameron County, Texas, on or about January 16, 2003. Plaintiff has alleged, in his live pleadings, "severe and disabling" injuries as a result of the incident made the basis of this suit. Plaintiff originally filed his lawsuit in state court. Defendant filed his notice of removal based on diversity of jurisdiction on or about August 12, 2004. Defendant continues to deny the allegations made by Plaintiff and seeks summary judgment on the damages issues as set forth herein.

## II. MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(b), Defendant moves this Court to grant summary judgment in his favor, as there remain no genuine issues of material fact for trial on the issue of future damages as outlined below. In support of his motion, Defendant attaches the following as summary judgment evidence:

EXHIBIT 1:   Excerpts of Oral Deposition of Jorge Tijmes, M.D., taken June 21, 2005;

EXHIBIT 2:   Excerpts of Oral Deposition of Plaintiff Rogelio Rodriguez, taken August 25, 2005;

EXHIBIT 3:   Excerpts of Medical Records from Rio Grande Valley Imaging & Diagnostic Center;

EXHIBIT 4:   Medical Records from McAllen MRI Center;

EXHIBIT 5:   Excerpts of Medical Records from Jorge Tijmes, M.D.;

EXHIBIT 6:   Plaintiff's Response to Written Interrogatories.

## III. STATEMENT OF FACTS

A. Plaintiff is a resident of Cameron County, Texas, who was driving an 18-wheel tractor trailer when involved in the incident made the basis of this suit, on or about January 16, 2003. *Plaintiff's Original Petition*.

B. Plaintiff alleges in his complaint that the accident on January 16, 2003, has caused him severe and disabling injuries. *Plaintiff's Original Petition* (¶ 5, p 2).

C. Defendant James A. Larson is a resident of the state of Michigan. *Defendant's Notice of Removal*. Defendant was driving a Dodge Ram pickup truck when the accident occurred.

D. Plaintiff's treating physician, Dr. Jorge Tijmes, who has been designated as a testifying expert in this case, has testified that Plaintiff does not require surgery for the injuries he has suffered in this auto accident. EXHIBIT 1, p. 57.

E. Plaintiff has testified that no doctor has advised him that he will require surgery as a result of the injuries suffered in the auto accident made the basis of this suit. EXHIBIT 2, p. 37. Plaintiff did not state that he has been advised of the necessity for surgical intervention for his back in his interrogatory responses. EXHIBIT 6, response no.11 and no. 17. The interrogatory responses have not been supplemented to date.

F. Plaintiff's treating physician, Dr. Tijmes, acknowledged that Plaintiff had significant degenerative changes in his spinal column which preceded this auto accident on January 16, 2003. EXHIBIT 1, p. 38-39; An MRI study conducted in October of 2003 shows that only these degenerative changes (and no traumatic changes) remained existent after the accident. EXHIBIT 3.

G. Plaintiff acknowledges that on or about August 23, 2004, he injured his back at work. Plaintiff further acknowledges that the injuries to his back permanently increased his pain. EXHIBIT 2, p. 41-44.

H. Plaintiff's medical records establish that he had no annular tears or significantly bulging discs in his back prior to his on-the-job injury in August of 2004. EXHIBIT 3.

I. Plaintiff's medical records, specifically an MRI taken in October of 2004, after the August 23, 2004 injury, illustrate increased bulging of the lumbar discs, as well as a tear of the annulus at L3-L4. EXHIBIT 4.

## IV. ISSUES

A. Does a material issue of fact remain regarding the necessity of future surgery to address the alleged injuries suffered by Plaintiff in the auto accident of January 16, 2003, in light of Plaintiff's treating physician's testimony to the contrary?

B. Does a genuine issue of material fact remain regarding the compensability of any alleged damages after August 2004, in light of Plaintiff's on-the-job accident which purportedly exacerbated Plaintiff's condition?

## V. **BRIEF IN SUPPORT**

### A. **Summary Judgment Standard.**

1. Rule 56(c) provides that summary judgment shall be rendered where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party; if the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Id.*; *Anderson v. Creighton*, 477 U.S. 242, 247-48 (1986). A non-movant's conclusory allegations, speculation, or unsubstantiated assertions are inadequate to demonstrate a genuine dispute over a material fact. *Grimes v. Texas Dept. of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996).

2. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, they need not negate the essential elements of the non-movant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A summary judgment movant who will not bear the burden of proof at trial may meet its initial burden of establishing that there is no genuine issue of material fact merely by pointing out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1986); *Transamerica Ins. Co. v. Avenall*, 66 F.3d 715, 718-719 (5th Cir. 1995).

3. Once the moving party has carried that burden, however, the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *Exxon Corp. v. Baton Rouge Oil*, 77 F.3d 850, 853 (5th Cir. 1996); *Stults*, 76 F.3d at 656. The party opposing a motion supported by evidence cannot discharge its burden by alleging mere legal conclusions; instead, it must present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Non-movants are required to identify the specific evidence in the record and to articulate the precise manner in which that evidence supports their claim. *Stults*, 76 F.3d at 656; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied sub nom, Forsyth v. Vines*, 513 U.S. 871 (1994). The Court cannot assume, in the absence of any proof, that the nonmoving party could or would prove the necessary facts. *McCallum Highlands v. Washington Capital DUS, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995); and *Little v. Liquid Air Corp.*, 37 F.3d at 107.

### B. Plaintiff has provided no evidence that surgical intervention will be required to remedy any injuries caused by the incident made the basis of this suit.

1. Defendant has generally denied the allegations of both liability and damages made by Plaintiff. Further, Defendant specifically contends, as an affirmative defense, that Plaintiff suffers from the effects of pre-existing conditions, as well as the effects of injuries suffered in subsequent occurrences. *Defendant's Second Amended Original Answer*. The pre-existing condition of arthritic and other degenerative changes in the spine has been documented not only by the MRI studies (see EXHIBIT 3) but by Plaintiff's treating physician. EXHIBIT 1, p. 38-39; EXHIBIT 5. No evidence exists to show that surgery has been recommended to Plaintiff to repair these degenerative conditions.

2. Plaintiff has sought recovery for "severe and disabling injuries." Apparently, he seeks, as an element of future damages, the cost of surgery in the future to repair damage done to his lumbar spine as a result of the auto accident forming the basis of this suit. However, none of the evidence generated by Plaintiff in this case supports the submission of an element of damages based on a future surgical procedure. Specifically, Plaintiff, when asked about the possibility of future surgery in his deposition, acknowledged that no doctor had advised him that he was a candidate for future surgery. EXHIBIT 2, p. 37. Plaintiff's as yet unsupplemented interrogatory responses do not reflect the necessity of a future surgical procedure to remedy any defects in his spine caused by the incident made the basis of this suit. EXHIBIT 6, response to interrogatory no. 11 and no. 17.

3. Plaintiff's treating physician, Dr. Jorge Tijmes, is designated as a testifying expert witness by Plaintiff's counsel. Dr. Tijmes, in his deposition testimony, specifically states that Plaintiff is not a candidate for surgical intervention to remedy the alleged defects in his spinal column. EXHIBIT 2, p.57. Further, Dr. Tijmes, in his written narratives chronicling Plaintiff's condition, does not reference surgical intervention as a possible element of future damages for Plaintiff's treatment. Dr. Tijmes also acknowledged that, in April of 2003, Plaintiff, after recovering from a broken rib sustained in the accident, had an impairment rating of zero. EXHIBIT 1, p. 48-49. In his final report dated February 24, 2004, after several consultations with Plaintiff, Dr. Tijmes does not mention surgical intervention as an element to be considered in the future treatment of Plaintiff for his alleged injuries. EXHIBIT 5.

4. Plaintiff has produced no evidence that the injury he alleges to have suffered in the auto accident with Defendant will necessitate surgical intervention in the future. In fact, the evidence produced by Plaintiff in his deposition, in his interrogatory responses, and by Plaintiff's primary

treating physician in his deposition and narrative report, indicates the contrary. No surgical intervention should be required to treat Plaintiff's injuries which he alleges resulted from the auto accident of January 16, 2003, made the basis of this suit.

5. The element of future damages in this case should not include any damages for future surgical intervention. To present such evidence to the jury when, throughout the discovery period, no such evidence (and, in fact, only evidence to the contrary) has been presented, would serve only to unnecessarily prolong the trial, and confuse the jurors as to the nature and extent of Plaintiff's compensable injuries. Summary judgment is appropriate to limit the elements of damages to be presented to the jury to include only those elements which have been proven. Where, as here, no evidence exists to support Plaintiff's proposed element of damages, and in fact, the evidence produced by Plaintiff proves that an element of damages does not exist, summary judgment is particularly appropriate.

### C. Plaintiff's claim for future damages should also be limited due to the subsequent injury he suffered.

1. Plaintiff acknowledges that he suffered a work-related injury, on or about August 23, 2004, while lifting some metal tubing. EXHIBIT 2, p. 41-44. Plaintiff also acknowledges that the injuries he suffered in this lifting accident greatly increased the symptoms he felt in his back. Unfortunately, the increased symptoms never resolved after he injured his back in August of 2004. EXHIBIT 2, p. 43-44.

2. After the auto accident made the basis of this suit, Plaintiff underwent significant diagnostic testing. Specifically relevant to this inquiry are the MRI results for studies in the lumbar spine. EXHIBIT 3 contains an MRI study taken on October 8, 2003. This study shows no evidence of spinal injury at L1- L2 or L2- L3 levels. At L3-L4 there was a 1 mm protrusion. At L-4, L-5 there

is a 1 to 2 mm protrusion, which is indicative of "disc edema." Finally, at L5-S1, the radiologist noted a 1mm protrusion as well. There also existed other elements of arthritic change in the spine. The radiologist notes, in number 7 in his "Impression" section of the report, that "[t]here is no acute fracture or unstable injury." EXHIBIT 3. Dr. Tijmes acknowledged that these changes in the spine are degenerative in nature and not based on trauma. EXHIBIT 1, pp. 38-39, 54-57. Dr. Tijmes concluded, apparently based on these findings, that surgery is not warranted. EXHIBIT 1, p.57; EXHIBIT 5.

  3. EXHIBIT 4 to this motion is an MRI study obtained on October 2, 2004 as a result of the on-the-job injury Plaintiff suffered in August of 2004. Plaintiff acknowledges suffering this injury, although he could not remember the exact date. He recalls that this injury increased the amount of pain in his back. EXHIBIT 2, pp. 41-44. At page 3 of the records contained in Exhibit 4, the doctor noted (in a hand-written notation) that the injury occurred on August 23, 2004, "while lifting." This is consistent with Plaintiff's recounting of an injury suffered while lifting some metal tubing while at work. EXHIBIT 2, pp. 41-44. In October of 2004, the radiologist noted a central disc protrusion of 3 mm at L3-L4. The doctor also noted degenerative changes at this level, as well. The doctor noted, at L4-L5, a 4 to 4.5 mm central disc protrusion which is likely "an early herniation." Finally, at L5-S1, the doctor noted a 3 mm central disc bulge, but no herniation.

  4. The MRI results in the October 2004 study appear to show marked changes in the condition of Plaintiff's spine since the time of the earlier MRI study. In fact, the radiologist noted that at L4-L5 he saw signs of "early herniation." At the time of the October 2004 study, nearly twenty-two months had elapsed since the auto accident. No evidence of herniated discs or of any significant damage to the spine, besides arthritic changes, existed before the lifting accident in

August of 2004. However, the October 2004 study occurred less than two months after the lifting accident. There being no evidence of herniation in the earlier studies, the unavoidable factual conclusion is that, if Plaintiff has, in fact, suffered a herniated disc, it occurred as a result of the on-the-job accident of August 23, 2004, and not as a result of the auto accident in January of 2003.

5. Defendant has proved the elements of the affirmative defense that Plaintiff's future damages, if any, result from the ill effects of a subsequent injury. Consequently, Plaintiff's damages which can reasonably be attributed to the accident made the basis of this suit must lie between the date of the accident, January 16, 2003, and the date of the subsequent on-the-job injury, August 23, 2004. The reasonable damages to be considered by the jury should only include medical treatment, pain and suffering, or other consequential damages occurring within that time frame.

6. To the extent that Plaintiff Elizabeth Rodriguez is entitled to recover any damages for her loss of consortium, as alleged in her petition, these damages should be similarly limited in scope. A spouse's claim for loss of services remains a derivative claim, linked to the claim of the injured party. To the extent that Plaintiff Rogelio Rodriguez's claim is limited in scope to the time period between January 16, 2003 and August 23, 2004, Plaintiff Elizabeth Rodriguez's claim should be similarly limited.

## VI. CONCLUSION

Plaintiff seeks to recover damages for future medical care, including possible surgery for herniated discs in his spine. However, the medical evidence, along with the testimonial evidence, illustrates, in a clear and convincing fashion, that Plaintiff suffered no herniated discs in this accident. The October 8, 2003 MRI study illustrates quite clearly that Plaintiff's spine showed only degenerative changes, with no evidence of traumatic injury. After the intervening and superseding

incident on August 23, 2004, Plaintiff suffered increased pain. The October 2, 2004 MRI study showed marked changes, including what the reading radiologist characterized as an "early herniation" at L4-L5. No prior diagnostic testing showed any objective damage to the spine. The future medical issues of which Plaintiff complains were caused by the subsequent injury on August 23, 2004. Therefore, summary judgment on the issue of future damages is warranted, and should be granted by this Court.

### VII. REQUEST FOR ORAL HEARING

Pursuant to Local Rule 7.5 Defendant hereby requests oral submission of this motion.

### PRAYER

WHEREFORE, Defendant James A. Larson requests that the Court grant his motion for partial summary judgment, dismissing Plaintiffs' claims for future damages, including, but not limited to any claims for damages resulting from any surgical intervention that Plaintiff may allege. Defendant further prays for all other and further relief to which he may show himself entitled.

Respectfully submitted,

DUNN, WEATHERED, COFFEY, RIVERA,
KASPERITIS & RODRIGUEZ, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594 [FAX 883-1599]

BY _____
Patrick R. Kasperitis
SBN 11105270; FED ID 12594

COUNSEL FOR DEFENDANT
JAMES ARTHUR LARSON

CERTIFICATE OF SERVICE

This is to certify that on the __13__ day of March 2006, this document was served on counsel of record as indicated below pursuant to Federal Rules of Civil Procedure.

_____
Patrick R. Kasperitis

**VIA CM/RRR 7005 1820 0001 4400 0925**
Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, Texas 78586