United States District Court
Southern District of Texas
FILED

MAR 2 2 2006

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ | § § § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| JAMES ARTHUR LARSON | § § | |

### DEFENDANT'S PORTION OF JOINT PRETRIAL ORDER

Defendant, as of this date, has received no submission of a joint pretrial order from Plaintiff's counsel. To comply with the Court's deadline for submission of a Joint Pre-Trial Order, Defendant hereby submits the following information. Defendant has served this upon Plaintiff's counsel as required by Rule 5.

1.  APPEARANCE OF COUNSEL

    Plaintiffs are represented by the following:

    > Randall P. Crane [SBN 05006900; FED ID _____]
    > LAW FIRM OF RANDALL P. CRANE
    > 201 S. Sam Houston
    > San Benito, Texas 78586
    > (956) 399-2496 [FAX 399-7398]

    Defendant is represented by the following:

    > Patrick R. Kasperitis [SBN 11105270; FED ID 12594]
    > Frank Weathered [SBN 20998600; FED ID 2441]
    > DUNN, WEATHERED, COFFEY, RIVERA,
    > KASPERITIS & RODRIGUEZ, P.C.
    > 611 South Upper Broadway
    > Corpus Christi, Texas 78401
    > (361) 883-1594 [FAX 883-1599]

2. STATEMENT OF THE CASE

This is a personal injury case resulting from an automobile accident which occurred on or about Thursday, January 16, 2003, at approximately 4:00 PM. Plaintiff Rogelio Rodriguez was driving an 18-wheeled tractor/trailer vehicle on BUS US 77, just south of San Benito. Defendant James Larson was driving a 1992 Dodge Ram 2500 pick-up on the same roadway. Both vehicles were southbound. Plaintiff was in the left lane. Plaintiff's vehicle struck Defendant's vehicle on the driver's side, while overtaking it. Plaintiff claims that the negligence of Defendant was the proximate cause of this incident and the resulting damage to Plaintiff. Plaintiff is joined in this lawsuit by his wife, Elizabeth Rodriguez, who is claiming loss of consortium, past and future. Defendant denies that any negligence by Defendant was a proximate cause of the incident in question. Defendant also denies that Plaintiffs, Rogelio Rodriguez and Elizabeth Rodriguez, sustained any injury as a result of the incident in question.

3. JURISDICTION

This court is proper in this case because there is complete diversity between the parties. 28 U.S.C. § 1332(a). Plaintiffs are citizens of Texas. Defendant is a citizen of the state of Michigan. The amount in controversy, according to Plaintiff's pleadings, exceeds $75,000.

4. MOTIONS

Plaintiff's pending motions:

1. Motion to Compel Discovery Responses;
2. Motion to Exclude Expert Witness;
3. Special Exceptions.

Defendant's pending motions:

1. Motion for Partial Summary Judgment;

2. Motion to Extend Time to Conduct Discovery.

5. CONTENTIONS OF THE PARTIES

Plaintiff Rogelio Rodriguez contends that the sole proximate cause of the accident was Defendant's swerving in front of him. He further contends that he suffered severe and disabling injuries in the accident. He contends that he will suffer injuries into the future which may result in surgery. Plaintiff Elizabeth Rodriguez claims that she has suffered loss of companionship and loss of household services as a result of her husband's disabling injuries.

Defendant generally denies that his negligence was the sole proximate cause of the collision. Defendant further contests and disputes the nature and extent of the Plaintiffs alleged damages and injuries as a result of the subject accident. Defendant further contends that Plaintiff Rogelio Rodriguez did not suffer any permanently disabling injuries in this accident. He suffered from pre-existing degenerative conditions in his spine which were unrelated to this incident. Further, Plaintiff Rogelio Rodriguez was subsequently injured in a work-related accident on or about August 23, 2004 which was the sole proximate cause of any severe and disabling injuries which may result in surgery in the future. Therefore, Plaintiff's claim for damages is limited to any damages incurred between January 16, 2003 and August 23, 2004. Further, Plaintiff Elizabeth Rodriguez's claims for loss of consortium are similarly limited as derivative claims of her husband's claims.

6. ADMISSIONS OF FACT

   A. DEFENDANT'S REQUESTED ADMISSIONS OF FACT

   1. Plaintiff and Defendant were involved in an auto collision on or about January 16, 2003.

  2. Both Plaintiff and Defendant were injured in the accident.

  3. Plaintiff Rogelio Rodriguez received an impairment rating of 0% in April of 2003 for his injuries sustained in this accident.

  4. Plaintiff Rogelio Rodriguez suffered a work-related injury on August 23, 2004.

7. CONTESTED ISSUES OF FACT

  B. DEFENDANT'S LIST OF CONTESTED ISSUES OF FACT

  1. Defendant would show that Plaintiff's injuries, if any, were proximately caused and/or solely caused by his own contributory negligence.

  2. Further, Defendant would show that the doctrine of comparative negligence applies in this case such that any recovery by Plaintiff should be reduced by the percentage of Plaintiff's own negligence proximately causing or contributing to his injuries, if any.

  3. Further, Defendant contends that Plaintiff's injuries were, in part, the result of a pre-existing condition.

  4. Defendant contends that Plaintiff complains of conditions that did not result from the accident made the basis of this suit, therefore he is entitled to no recovery for such conditions.

8. AGREED PROPOSITIONS OF LAW

  Texas substantive law applies to the issues in this case.

9. CONTESTED PROPOSITIONS OF LAW

  Defendant is presently unaware of any contested issues of law.

10. EXHIBITS – two copies of the Defendant's exhibit list are attached.

  A. Attached is Defendant's proposed list of exhibits.

B. Defendant has not been provided with Plaintiff's proposed list of exhibits. Consequently, Defendant has not identified it's objections to Plaintiff's proposed exhibits. Defendant does not concede the authenticity of Plaintiff's proposed exhibits, if any.

C. Defendant will, within reason, make its other objections to admissibility of Plaintiff's exhibits at least three business days before trial; the Court will be notified in writing of disputes, with copies of the disputed exhibit and authority.

D. Defendant will, prior to trial, mark his exhibits to include the date and case number on each.

E. At the trial, Defendant will offer its exhibits for receipt and filing at the outset of the trial.

11. <u>WITNESSES</u> – Defendant's Witness List is attached.

If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to the Court and opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

12. <u>SETTLEMENT</u>

Mediation has occurred in this case. The parties have indicated a willingness to continue to negotiate. Up to this point, all settlement efforts have been exhausted. As of the filing of this motion, it does not appear that this case can be settled and it will have to be tried.

13. <u>TRIAL</u>

A. Trial will take approximately three days.

B. Defendant James Larson resides in Michigan and is 72 years of age. He was severely injured in this accident and travel is somewhat difficult for him. He resides in Cameron County from January to April each year. However, he will be leaving for his permanent residence in Michigan in April. His wife will be scheduled for a knee transplant surgery upon his return. He will serve as the

sole caretaker of his wife as she convalesces. It would be a burden, financially, physically, and for his wife, for Mr. Larson to appear in person for trial in May 2006.

    C.    Defendant's designated rebuttal expert witness, Dr. Daniel Backlas, cannot appear live at trial during the week of May 4, 2006. Defendant has requested leave of Court to depose Dr. Backlas in anticipation of Plaintiff's attempts to introduce evidence of surgical intervention which Plaintiff's counsel may contend will be reasonable and necessary in the future. The Court has quashed the previously noticed deposition of Dr. Backlas. Defendant re-urges his motion for leave to depose Dr. Backlas in anticipation of his rebuttal testimony being necessitated by testimony that may occur at trial.

14. **ADDITIONAL ATTACHMENTS**

    1.    Attached is Defendant's proposed jury charge.

    2.    Attached is Defendant's Motion in Limine.

Date: _____

                                          Felix Recio
                               United States Magistrate Judge

Approved:

Date: 3/21/06

Patrick R. Kasperitis
SBN 11105270; FED ID 12594
Frank Weathered
SBN 20998600; FED ID 2441
DUNN, WEATHERED, COFFEY, RIVERA,
KASPERITIS & RODRIGUEZ, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594 [FAX 883-1599]

ATTORNEY-IN-CHARGE, DEFENDANT

CERTIFICATE OF SERVICE

This is to certify that on the 21st day of March 2006, this document was served on counsel of record as indicated below pursuant to Federal Rules of Civil Procedure.

                                          Patrick R. Kasperitis

**VIA CM/RRR 7005 1820 0001 4400 0932**
Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, Texas 78586