UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND<br>ELIZABETH RODRIGUEZ | §<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| JAMES ARTHUR LARSON | §<br>§<br>§ | |

### DEFENDANT'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

James Arthur Larson, Defendant in the above-styled and numbered cause, moves this Honorable Court to require that all parties herein, their witnesses, and attorneys, without first approaching the Bench, out of the presence and hearing of the Jury, and explaining the theory of admissibility of the matter referred to, to not mention, allude to, interrogate, or in any way apprise the Jury by either insinuation, innuendo, or other means, either during voir dire examination, making of opening or closing statements, examination of witnesses, making of objections or argument to objections, making of any motions during trial, or any other matters before the Jury, the following evidentiary matters, to-wit:

1.   The existence of any insurance coverage for James Arthur Larson.

        _____ GRANTED        _____ DENIED


2.   Any reference to the net worth of James Arthur Larson or Auto-Owners Insurance.

        _____ GRANTED        _____ DENIED


3.   Any reference to the size of Auto-Owners Insurance or reference to the number of subsidiary corporations under Auto-Owners Insurance.

        _____ GRANTED        _____ DENIED

4. Any opinion testimony that involves new opinions by experts who have failed to timely supplement pursuant to the Federal Rules of Civil Procedure. Specifically, no physician has given an opinion that, based upon reasonable medical probability, Plaintiff will require surgery to repair any injury suffered in the incident made the basis of this suit. Therefore, no evidence of this sort should be presented to or hinted at in the presence of the jury.

    _____ GRANTED        _____ DENIED

5. That Defendant has failed to call any particular witness who would be available equally to all parties herein through the subpoena process, unless it has been first established outside the presence of the Jury that such witness is or was felt to be absolutely necessary, could easily be made an employee of Plaintiff, who is legally available, and who was clearly in a position to obtain material information on a point in issue.

    _____ GRANTED        _____ DENIED

6. That there will probably be testimony of certain facts by witnesses who are not later called to testify at trial.

    _____ GRANTED        _____ DENIED

7. That counsel should be instructed not to make demands or requests before Jury for privileged matters found or believed to be contained in Defendant's files, which would include statements and any of the privileged documents, or make any other discovery requests of Defendant or Defendant's counsel during the course of this trial and in the presence of the Jury, since the only purpose for such requests would be to harass and embarrass Defendant before the Jury and further instruct counsel that such requests, if made, will be made outside the presence and hearing of the Jury, or at a time when the Jury is not present in the courtroom.

    _____ GRANTED        _____ DENIED

10. That any lay or expert witness be excluded from testimony at trial if unnamed by the deadline imposed by the Court or by the Federal Rules of Civil Procedure.

    _____ GRANTED        _____ DENIED

11. The fact that Defendant filed this Motion in Limine and any reference to the Court's ruling upon it or any reference to Defendant having moved to prohibit proof or that the Court has excluded proof of any matter under the authority of Budrick v. York Oil Co., 364 S.W.2d 766 (Tex. Civ. App.–San Antonio 1963, writ ref'd n.r.e.).

_____ GRANTED        _____ DENIED

12. Any reference to or remarks concerning the size of the law firms representing any of the parties, the expense of hiring said law firms or any other reference of similar import.

_____ GRANTED        _____ DENIED

13. Any reference to or statements concerning any settlement offer made or not made by Defendant, any settlement demand made or not made by Plaintiff, and any settlement negotiations, or lack thereof, between the parties.

_____ GRANTED        _____ DENIED

14. Any reference as to whether any panel member has any connection with the insurance industry.

_____ GRANTED        _____ DENIED

15. From reading into evidence any portions of a deposition constituting hearsay evidence or opinions for which no predicate has been established.

_____ GRANTED        _____ DENIED

16. Any reference to any damages suffered or alleged to have been suffered by Plaintiffs after August 23, 2004. Plaintiff suffered a work-related injury on that date which caused injuries to Plaintiff's spine that were wholly unrelated to the injuries suffered in the auto accident made the basis of this suit. Any mention of damages alleged to have occurred or that may or might occur after that date is speculative and irrelevant.

_____ GRANTED        _____ DENIED

Defendant alleges that each of said evidentiary matters is wholly immaterial and irrelevant to any of the ultimate questions of fact in this cause, or, in the alternative, is so potentially

misleading, confusing, or prejudicial to this Defendant as to outweigh any probative value of such evidence, and that there is no basis of law for admission of any such evidence, and that introduction of any such matters before the Jury would likely result in an unfair trial for Defendant.

WHEREFORE, PREMISES CONSIDERED, Defendant James Arthur Larson prays that its Motion in Limine be granted and that counsel be instructed and through such counsel the parties and witnesses who may be in and around the courtroom at any stage of this proceeding be refrained from mentioning or in any way placing before this Jury or injecting into this lawsuit any of the matters herein described without first approaching the Bench and obtaining a ruling from the Court.

Respectfully submitted,

DUNN, WEATHERED, COFFEY,
RIVERA, KASPERITIS & RODRIGUEZ, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594 [FAX 883-1599]

BY _____
Patrick R. Kasperitis
SBN 11105270; FED ID 12594
Frank Weathered
SBN 20998600; FED ID 2441

COUNSEL FOR DEFENDANT
JAMES ARTHUR LARSON

## CERTIFICATE OF SERVICE

This is to certify that on the 21st day of March 2006, this document was served on counsel of record as indicated below pursuant to Federal Rules of Civil Procedure.

_____
Patrick R. Kasperitis

**VIA CM/RRR 7005 1820 0001 4400 0932**
Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, Texas 78586