United States District Court
Southern District of Texas
FILED

MAR 2 2 2006

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ | § § § § § § | CIVIL ACTION NO. B-04-137 |
| VS. | | (JURY DEMANDED) |
| JAMES ARTHUR LARSON | | |

## JOINT PRETRIAL ORDER

COMES NOW, Plaintiffs, ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ and Defendant JAMES ARTHUR LARSON and file this their Joint Pretrial Order.

### 1. APPEARANCE OF COUNSEL

A. Plaintiffs: Represented by Randall P. Crane
Law Office of Randall P. Crane
201 South Sam Houston
San Benito, Texas 78586
(956) 399-2496

B. Defendant: Represented by Patrick R. Kasperitis
Dunn, Weathered, Coffey, Rivera, Kasperitis & Rodriguez, P.C.
611 S. Upper Broadway
Corpus Christi, Tx. 78401
(512) 884-2800

## 2. STATEMENT OF THE CASE

A.  PLAINTIFF'S STATEMENT OF THE CASE

This is a personal injury case resulting from an automobile collision which, occurred on. or about Thursday, January 16, 2003, at approximately 4:11 PM. Plaintiff Rogelio Rodriguez was driving an 18-wheeler tractor/trailer vehicle on BUS US 77, just south of San Benito. Defendant James Larson was driving a 1992 Dodge Ram 2500 pick-up on the same roadway. Both vehicles were southbound. Plaintiff was in the left lane. Defendant was in the right lane. Defendant allegedly made an unsafe lane change and collided with Plaintiff's vehicle. Plaintiff claims that the negligence of Defendant was the proximate cause of this incident and the resulting injuries to Plaintiff. Plaintiff is joined in this lawsuit by his wife; Elizabeth Rodriguez who is claiming loss of consortium, past and future.

As the result of the collision in question, plaintiff Rogelio Rodriguez sustained severe injuries to his neck, right shoulder, right rib fracture, chest, lower back, and body in general, together with soft tissue injuries, mental pain and suffering. More specifically, there are lower back disc protrusions at several levels and disc edema together with disc protrusions to the cervical area. If any of these conditions existed prior to the occurrence, then the occurrence aggravated those conditions.

B.  DEFENDANTS' STATEMENT OF THE CASE

Defendant denies that any negligence by Defendant was a proximate cause of the incident in question. The Defendant also denies that Plaintiffs, Rogelio Rodriguez and Elizabeth Rodriguez, sustained any injuries as a result of the incident in question. Defendant alleges that the injuries claimed by plaintiff are the result of degenerative changes as opposed to trauma and that surgery is not called for. Defendant further alleges that plaintiff's negligence contributed to the occurrence.

## 3. JURISDICTION

This Court has jurisdiction over this subject matter and the parties under Title 28 U.S.C. § 1332 and Title 28 U.S.C. § 1441. This action was removed to this Court pursuant to said provisions, as it is a civil action wherein the matter in controversy exceeds the sum of SEVENTY FIVE THOUSAND AND NO/100 ($75,000 00), exclusive of interest and costs, and is genuinely between citizens of different states. There are no jurisdictional questions raised by either parties.

## 4. MOTIONS

A. PLAINTIFF:
Motion To Exclude Defendant's Expert, Dr. Backlas.
Motion To Compel Defendant to Respond to Interrogatories & Production

B. DEFENDANTS:
Motion For Partial Summary Judgment which the court has ruled will be carried along with the trial of the case.

## 5. CONTENTIONS OF THE PARTIES

A. PLAINTIFF'S CONTENTIONS:

Plaintiff contends defendant James Arthur Larson was negligent in the following respect:
a) Failing to keep a proper lookout as a person using ordinary care would have done;
b) Failing to apply the vehicles brakes in a timely fashion as a person using ordinary care would have done;
c) Failing to swerve either to the left or to the right to avoid the complained of collision;

Plaintiff would further show that Defendant JAMES ARTHUR LARSON, was negligent per se in the following regards:
d) Driving in a reckless manner in violation of V.T.C.A., Transportation Code §545.401(a).
e) Driving at an excessive rate of speed in violation of V.T.C.A., Transportation Code §545.351(a); §545.351(b)(1); §545.351(b)(2);
f) Failing to drive in a single lane in violation of VTCA, Transportation Code §545.060.
g) Failing to use turn signals in violation of VTCA, Transportation Code §545.104.
h) Failing to drive on the right side of the roadway in violation of VTCA, Transportation Code §545.051.

B. DEFENDANTS' CONTENTIONS:
Defendant contends that plaintiff may have contributed to the accident by:
a) Failing to keep a proper lookout for traffic in front of him;
b) Failing to control his speed;
c) Failing to timely apply his brakes;
d) Failing to take proper evasive actions.

## 9. CONTESTED PROPOSITION OF LAW

1)     Whether the facts of this case evidence "negligence" on the part of the Defendant.

2)     Whether the facts of the case evidence "proximate cause" on the part of the Defendant.

3)     Whether Defendant was negligent as a matter of law.

## 10. EXHIBITS

A.     Plaintiffs' list of exhibits expected to be offered is attached as Exhibit "A" and is marked pursuant to Local Rule 10(D). All medical reports proven up. MRI's, employment records, x-rays and pictures of vehicles.

B.     Defendants' list of exhibits expected to be offered is attached as Exhibit "B" and is marked pursuant to Local Rule 10(D:).

## 11. WITNESSES, FACT WITNESSES, AND EXPERTS

A.     Plaintiff's witness list is attached as Exhibit "C".

B.     Defendants' witness list is attached as Exhibit "D".

C.     "If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses."

## 12 SETTLEMENT

A mediation was held but no settlement was reached.

## 13. TRIAL

A.     The trial is expected to last 2-3 days.

B.     There may be logistical problems in obtaining the presence of physicians who will require notice of when they will be called to testify in order not to conflict with their schedule to practice.

## 14. ATTACHMENTS

**VOIR DIRE QUESTIONS**
A.   Plaintiffs' proposed list of questions for the Court to ask prospective jurors on voir dire examination is attached hereto as Exhibit "E".

B.   Defendants' proposed list of questions for the Court to ask prospective jurors on voir dire examination is attached hereto as Exhibit "F".

**PROPOSED JURY INSTRUCTIONS**
A.   Plaintiff's proposed Jury Instruction is attached hereto as Exhibit "G".

B.   Defendants' proposed Jury Instruction is attached hereto as Exhibit" H".

DATE:_____

_____
UNITED STATES DISTRICT JUDGE

**APPROVED:**
Date: 3/22/06

_____
RANDALL P. CRANE , Attorney-in-Charge
Plaintiff

Date:_____

_____
PATRICK KASPERITIS, Attorney-in-Charge
Defendant