IN THE UNITED, STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ROGELIO RODRIGUEZ AND** | § | |
| **ELIZABETH RODRIGUEZ** | § | **CIVIL ACTION NO. B-04-137** |
| | § | |
| **VS.** | § | |
| | § | **(JURY DEMANDED)** |
| **JAMES ARTHUR LARSON** | § | |

**-oOo-**

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

MEMBERS OF THE JURY:

---

**PLAINTIFF'S PROPOSED CHARGE NO. ONE**

---

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

[After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.] [You have heard the closing arguments of the attorneys.] Statements and arguments of the attorneys are not evidence and are not instructions of law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.



[You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another. You may consider such evidence only for the specific limited purposes for which it was admitted. (Specific limiting instructions may be repeated as appropriate)].

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence, the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field- he is called an expert witness-is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of th witness, including any bias you may infer form evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such



testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as] exhibits which the Court has admitted into evidence. If you recess during your deliberations, follow all the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at ay time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

---

**ORDER ON PLAINTIFF'S PROPOSED CHARGE NO. ONE**

---

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the Court's Instructions to the Jury that Plaintiffs Proposed Charge No. One as presented to the Court for inclusion in the Instructions to the Jury and the same was:

______________ included in the Court's Instructions.
______________ refused
______________ modified and, as modified, included in the Court's Instructions
______________ withdrawn by Plaintiffs and not included in the Court's Instructions

DONE at Brownsville, Texas, the _______ day of ________________, 2006.

______________________________
United States Magistrate Judge



---

## PLAINTIFF'S PROPOSED CHARGE NO. TWO

---

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person or ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

Source: State Bar of Texas, Texas Pattern Jury Charges PJC 2.1 (2003).

---

## ORDER ON PLAINTIFF'S PROPOSED CHARGE NO. TWO

---

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the Court's Instructions to the Jury that Plaintiffs Proposed Charge No. Two as presented to the Court for inclusion in the Instructions to the Jury and the same was:

_____________ included in the Court's Instructions.
_____________ refused
_____________ modified and, as modified, included in the Court's Instructions
_____________ withdrawn by Plaintiffs and not included in the Court's Instructions

DONE at Brownsville, Texas, the _______ day of __________________, 2006.

______________________________
United States Magistrate Judge

EXHIBIT
6 pg 4

## PLAINTIFF'S PROPOSED CHARGE NO. THREE

"Proximate Cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Source: State Bar of Texas, Texas Pattern Jury Charges PJC 2.4 (2003).

## ORDER ON PLAINTIFF'S PROPOSED CHARGE NO. THREE

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the Court's Instructions to the Jury that Plaintiffs Proposed Charge No. Three as presented to the Court for inclusion in the Instructions to the Jury and the same was:

____________ included in the Court's Instructions.
____________ refused
____________ modified and, as modified, included in the Court's Instructions
____________ withdrawn by Plaintiffs and not included in the Court's Instructions

DONE at Brownsville, Texas, the _______ day of __________________, 2006.

____________________________
United States Magistrate Judge

EXHIBIT
6 pg 5

**PLAINTIFF'S PROPOSED CHARGE NO. FOUR**

Did the negligence, if any, of those named below proximately cause the occurrence or injury in question?

Answer "Yes" or "No".

James Arthur Larson ____________

Rogelio Rodriguez ____________

Source: State Bar of Texas, Texas Pattern Jury Charges PJC 4.1 (2003).

**ORDER ON PLAINTIFF'S PROPOSED CHARGE NO. FOUR**

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the Court's Instructions to the Jury that Plaintiffs Proposed Charge No. One as presented to the Court for inclusion in the Instructions to the Jury and the same was:

____________ included in the Court's Instructions.
____________ refused
____________ modified and, as modified, included in the Court's Instructions
____________ withdrawn by Plaintiffs and not included in the Court's Instructions

DONE at Brownsville, Texas, the _______ day of __________________, 2006.

______________________________
United States Magistrate Judge

EXHIBIT
6 pg 6

If you have answered "Yes" to Question 4 for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The negligence attributable to any one named below is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

---

**PLAINTIFF'S PROPOSED CHARGE NO. FIVE**

---

What percentage of the negligence that caused the occurrence do you find to be attributable to each of those listed below and found by you, in your answer to Question 4, to have been negligent?

a. James Arthur Larson ________________ %

b. Rogelio Rodriguez ________________ %

Total ______100______ %

Source: State Bar of Texas, Texas Pattern Jury Charges PJC 4.3 (2003).

---

**ORDER ON PLAINTIFF'S PROPOSED CHARGE NO. FIVE**

---

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the Court's Instructions to the Jury that Plaintiffs Proposed Charge No. One as presented to the Court for inclusion in the Instructions to the Jury and the same was:

______________ included in the Court's Instructions.

______________ refused

______________ modified and, as modified, included in the Court's Instructions

______________ withdrawn by Plaintiffs and not included in the Court's Instructions

DONE at Brownsville, Texas, the _______ day of ___________________, 2006.

______________________________
United States Magistrate Judge



---

## PLAINTIFF'S PROPOSED CHARGE NO. SIX

---

What sum of money, if paid now in cash, would fairly and reasonably compensate Rogelio Rodriguez for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Rogelio Rodriguez.

a. Physical pain and mental anguish sustained in the past.

Answer: _______________

b. Physical pain and mental anguish that, in reasonable probability, Rogelio Rodriguez will sustain in the future.

Answer: _______________

c. Loss of earning capacity sustained in the past.

Answer: _______________

d. Loss of earning capacity that, in reasonable probability, Rogelio Rodriguez will sustain in the future.

Answer: _______________

e. Disfigurement sustained in the past.

Answer: _______________

f. Disfigurement that, in reasonable probability, Rogelio Rodriguez will sustain in the future.

Answer: _______________

g. Physical impairment sustained in the past.

Answer: _______________

h. Physical impairment that, in reasonable probability, Rogelio Rodriguez will sustain in the future.

Answer: _______________



I. Medical care expenses incurred in the past.

Answer: _______________

j. Medical care expenses that, in reasonable probability, Rogelio Rodriguez will incur in the future.

Answer: _______________

Source: State Bar of Texas, Texas Pattern Jury Charges PJC 8.2 (2003).

---

**ORDER ON PLAINTIFF'S PROPOSED CHARGE NO. SIX**

---

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the Court's Instructions to the Jury that Plaintiffs Proposed Charge No. One as presented to the Court for inclusion in the Instructions to the Jury and the same was:

_______________ included in the Court's Instructions.

_______________ refused

_______________ modified and, as modified, included in the Court's Instructions

_______________ withdrawn by Plaintiffs and not included in the Court's Instructions

DONE at Brownsville, Texas, the _______ day of ____________________, 2006.

______________________________

United States Magistrate Judge



**PLAINTIFF'S PROPOSED CHARGE NO. SEVEN**

What sum of money, if paid now in cash, would fairly and reasonably compensate Elizabeth Rodriguez for injuries, if any, to her husband , Rogelio Rodriguez, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Rogelio Rodriguez.

a. Loss of household services sustained in the past.

"Household services" means the performance of household and domestic duties by a spouse to the marriage.

Answer: _______________

b. Loss of household services that, in reasonable probability, Elizabeth Rodriguez will sustain in the future.

Answer: _______________

c. Loss of consortium sustained in the past.

"Consortium" means the mutual right of the husband and wife to that affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love, and felicity necessary to a successful marriage.

Answer: _______________

d. Loss of consortium that, in reasonable probability, Elizabeth Rodriguez will sustain in the future.

Answer: _______________

Source: State Bar of Texas, Texas Pattern Jury Charges PJC 8.3 (2003).



**ORDER ON PLAINTIFF'S PROPOSED CHARGE NO. SEVEN**

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the Court's Instructions to the Jury that Plaintiffs Proposed Charge No. One as presented to the Court for inclusion in the Instructions to the Jury and the same was:

_______________ included in the Court's Instructions.

_______________ refused

_______________ modified and, as modified, included in the Court's Instructions

_______________ withdrawn by Plaintiffs and not included in the Court's Instructions

DONE at Brownsville, Texas, the _______ day of ___________________, 2006.

___________________________________

United States Magistrate Judge

EXHIBIT
G pg 11