IN THE UNITED, STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ | § § § | CIVIL ACTION NO. B-04-137 |
| VS. | § § § | (JURY DEMANDED) |
| JAMES ARTHUR LARSON | § | |

## PLAINTIFF'S PROPOSED MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

Before the voir dire examination of the jury panel, and out of the presence and hearing of the jury panel, plaintiffs, **ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ**, make this motion in limine. Plaintiffs seeks to exclude matters that are incompetent, irrelevant, or prejudicial to the material issues in this case. If defendant, **JAMES ARTHUR LARSON**, injects these matters into the trial of this case through a party, an attorney, or a witness, it will cause irreparable harm to plaintiff's case, which no jury instruction could cure. If any of these matters are brought to the attention of the jury, directly or indirectly, plaintiff would be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, plaintiff urges this motion in limine.

Plaintiff asks the court to instruct defendant and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the court's permission outside the presence and hearing of the jury, and to instruct defendant and all counsel to warn and caution each of their witnesses to follow the same instructions.

1.     Any evidence defendant did not produce in discovery. Defendant should not be permitted to present any witness Defendant did not name in his/its/their interrogatories, requests for production or requests for disclosure or any evidence he/it/they failed to produce in response to any discovery.. *See, e.g., Gee v. Liberty Mutual Fire Ins. Co.*, 765 S.W.2d 394, 395 (Tex. 1989).

   **AGREED:**   YES   NO

2.     Any testimony or argument suggesting plaintiffs, through their attorney, asserted claims of privilege during discovery. Claims of privilege are not admissible as evidence. *See* Tex. R. Evid. 513(a), (b).

   **AGREED:**   YES   NO

3. Any testimony by defendant's expert concerning their discussions with another expert. *See* Tex. R. Evid. 801, 802; *Birchfield v. Texarkana Memorial Hosp.*, 747 S.W.2d 361, 365 (Tex. 1987).

   **AGREED:**        YES        NO

4. Any mention Plaintiffs have had prior accidents or traffic citations unrelated to the collision forming the basis of this case. Even though evidence of a habit may be admissible to prove a party's conduct on a particular occasion conformed with the habit or routine practice, see Tex.R.Civ.Evid. 406, evidence of past conduct that does not rise to the level of habit is not admissible. See *Magro v. Ragsdale Bros., Inc.* 721 S.W. 2d 832, 834 (Tex. 1986); Tex.R.Civ. Evid.608(b).

   **AGREED:**        YES        NO

5. Any attempt to elicit testimony from plaintiffs about communications with their lawyer. Such communications are privileged. Tex. R. Evid. 503.

   **AGREED:**        YES        NO

6. Any comment by defendant's attorney that informs the jury of the effect of its answers to the questions in the charge. *See Magic Chef, Inc. v. Sibley*, 546 S.W.2d 851, 857 (Tex. App.-San Antonio 1977, writ ref'd n.r.e.).

   **AGREED:**        YES        NO

7. Any mention plaintiffs have not filed income tax returns. *See Wilkins v. Royal Indem. Co.*, 592 S.W.2d 64, 66-67 (Tex. App.-Tyler 1979, no writ).

   **AGREED:**        YES        NO

8. Any mention of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify, in any manner, in this case. *General Motors Corp. Vs. Bryant,* 582 S.W. 2d 521, 527 (Tex. Civ. App.-Houston [1st Dist.] 1979, writ ref'd n.r.e.).

   **AGREED:**        YES        NO

9. Any attempt in the presence of the jury to seek or request plaintiffs' attorney to produce documents, to stipulate to any fact, or to make any agreement.

   **AGREED:**        YES        NO

10. Before the court rules on the law applicable to this case, any statement of the law other than regarding the burden of proof and the basic legal definitions counsel believe to be applicable.

**AGREED:**      YES      NO

11. Any testimony or argument suggesting plaintiffs' attorney has a contingency fee in the suit. *See Azar Nut Co. v. Caille*, 720 S.W.2d 685, 688 (Tex. App.-El Paso 1986), *aff'd*, 734 S.W.2d 667 (Tex. 1987).

**AGREED:**      YES      NO

12. Any mention plaintiffs received benefits under the provisions of their uninsured policy. *See Allen v. Avery*, 537 S.W.2d 789, 791 (Tex. App.-Texarkana 1976, no writ).

**AGREED:**      YES      NO

13. Any mention plaintiffs received retirement benefits. *See Azar Nut Co. v. Caille*, 720 S.W.2d 685, 688 (Tex. App.-El Paso 1986), *aff'd*, 734 S.W.2d 667 (Tex. 1987).

**AGREED:**      YES      NO

14. Any mention plaintiff received unemployment benefits. *See Century Papers, Inc. v. Perrino*, 551 S.W.2d 507, 511 (Tex. App.-Texarkana 1977, writ ref'd n.r.e.).

**AGREED:**      YES      NO

15. Any mention plaintiff received social security disability payments. *See Traders & General Ins. Co. v. Reed*, 376 S.W.2d 591, 593 (Tex. App.-Corpus Christi 1964, writ ref'd n.r.e.).

**AGREED:**      YES      NO

16. Any mention plaintiff received veteran's benefits. *See Montandon v. Colehour*, 469 S.W.2d 222, 229-30 (Tex. App.-Fort Worth 1971, no writ).

**AGREED:**      YES      NO

17. Any mention plaintiff received free medical care. *See City of Fort Worth v. Barlow*, 313 S.W.2d 906, 911 (Tex. App.-Fort Worth 1958, writ ref'd n.r.e.).

**AGREED:**      YES      NO

18. Any mention defendant paid any medical expenses of plaintiff. *See* Tex. R. Evid. 408, 409.

    **AGREED:**          YES          NO

19. Any mention plaintiff received contributions from family, friends, or their employer.

    **AGREED:**          YES          NO

20. Any mention plaintiff received benefits from sick leave or vacation time.

    **AGREED:**          YES          NO

21. Any mention plaintiff's recovery will not be subject to taxation. *See Turner v. General Motors Corp.*, 584 S.W.2d 844, 853 (Tex. 1979).

    **AGREED:**          YES          NO

22. Any testimony or argument suggesting plaintiff should have pursued or did not pursue any remedy or remedies authorized by the Texas Workers' Compensation Act.

    **AGREED:**          YES          NO

23. Any mention plaintiff filed other workers' compensation claims. *See St. Paul Fire & Marine Ins. Co. v. Murphree*, 357 S.W.2d 744, 748 (Tex. 1962).

    **AGREED:**          YES          NO

24. Any other reference to collateral sources, including group medical insurance benefits.

    **AGREED:**          YES          NO

25. Any mention the parties engaged in settlement negotiations. *See* Tex. R. Evid. 408; *Birchfield v. Texarkana Mem. Hosp.*, 747 S.W.2d 361, 365 (Tex. 1987).

    **AGREED:**          YES          NO

26. Any mention plaintiffs are or were involved in other suits. *See Birchfield v. Texarkana Mem. Hosp.*, 747 S.W.2d 361, 365 (Tex. 1987).

    **AGREED:**          YES          NO

27. Any mention of plaintiff's involvement in other lawsuits or claims as a result of prior or subsequent unrelated incidents, for the reason that the same could only be introduced for the purposes of prejudice, and at the same time would be extremely harmful and prejudicial to this Plaintiff. Evidence of another claim to show plaintiff is a professional litigant is improper. *See Employers Casualty Co. v. Peterson*, 609 S.W.2d 579, 585 (Tex. App.-Dallas 1980, no writ).

   **AGREED:**         YES         NO

28. Any mention an insurance company owns a portion of plaintiff's claim.

   **AGREED:**         YES         NO

29. Any testimony or evidence about injuries plaintiff suffered before the injuries received in this suit.

   **AGREED:**         YES         NO

30. Any attempt to elicit testimony or introduce records from plaintiff's physician and/or psychologist concerning plaintiff's mental or emotional health. Such communications are privileged because plaintiff's mental and emotional health does not relate in a significant way to her claim. Tex. R. Evid. 509, 510; *R.K. v. Ramirez*, 887 S.W.2d 836, 842 (Tex. 1994).

   **AGREED:**         YES         NO

31. That Defendants refrain from using business records accompanied by affidavit which have not been properly filed with the court at least fourteen (14) days prior to the date of trial as provided in Rule 902(10)(a) of the Texas Rules of Evidence.

   **AGREED:**         YES         NO

32. That this motion has been filed, or any ruling by Court in response to this Motion, suggesting or inferring to the Jury that the Plaintiff has moved to prohibit proof or that the Court has excluded proof of any particular matter. *Burdick vs. York Oil Company*, 364 S.W. 2d 766 (Tex. Civ. App., San Antonio 1963, writ ref'd n.r.e.).

   **AGREED:**         YES         NO

33. The filing date of any of Plaintiff's pleadings.

   **AGREED:**         YES         NO

34. The contents of any of Plaintiff's superseded or abandoned pleadings.

   **AGREED:**       YES              NO

35. That Defendants their attorneys or witnesses not make any statements or give any testimony based on the findings or opinions of other experts who have not been listed as experts in response to Plaintiff's Interrogatories and/or Request For Disclosure and provided to Plaintiff's attorney at least 30 days before trial. *Gee vs. Liberty Mutual Fire Ins. Co.*, 765 S.W. 2d 394, 395 (Tex. 1989).

   **AGREED:**       YES              NO

36. That no expert be allowed to testify unless the documentation relied upon by that expert in formulating his or her opinions has been provided to Plaintiff a reasonable time prior to trial.

   **AGREED:**       YES              NO

37. That no report of Defendant's experts be allowed to be introduced as evidence unless the author of the report and the report to be admitted were listed in response to Plaintiff's interrogatories and provided to Plaintiff's attorney at least 30 days before trial or before the deadline for designation of Defendants experts and reports.

   **AGREED:**       YES              NO

38. That Defendants refrain from having or attempting to elicit testimony from doctors who have neither treated or examined the Plaintiff concerning the injuries related to the accident in question.

   **AGREED:**       YES              NO

39. That Plaintiff has had operations or treatments for other medical conditions and illnesses not the subject of this suit. Plaintiff says that Defendant should not be allowed to prove other operations or illnesses unless it can be shown that these prior conditions and illnesses are in someway casually related to the claim made in this case. Plaintiff says that to allow this evidence to come before the jury would be to allow impeachment of Plaintiff's case on a collateral matter and same is not admissible in evidence. *Christy vs. Brewers*, 374, S.W. 2d 908, 913 (Tex. Civ. App.-Austin, 1964, writ ref'd n.r.e.); *Line vs. Travelers Ins. Co.*, 395 S.W. 2d 682 (Tex.Civ. App.-Texarkana 1965, writ ref'd n.r.e.); *Pervis vs. Johnson*, 430 S.W. 2d 226, 331 Tex. Civ. App.-San Antonio, no writ); 1 McCormick & Ray, *Texas Law of Evidence*, 682; *Bituminous Casualty Corporation vs. Martin*, 478 S.W. 2d 206.

   **AGREED:**       YES              NO

**40.**  To state to the jury that Randall P. Crane is a Plaintiff's attorney and/or is routinely retained to represent Plaintiffs for personal injuries.

**AGREED:**  YES  NO

**41.**  That Defendants not be allowed to call expert witnesses unless it is first shown that the expert has expertise about a matter not commonly understood by laymen. Such "expert" would only serve to favorably establish a fact question to be decided by the Jury, and his "expertise" would be highly prejudicial and at the same time have no probative value.

**AGREED:**  YES  NO

**42.**  Should the Defendants wish to introduce any photographs, diagrams, graphs, charts, recordings or motion picture films into evidence, that the same be tendered to Court and opposing counsel, outside the presence of the jury, and shown or exhibited to determine its relevance and suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender into evidence by the Defendant.

**AGREED:**  YES  NO

**43.**  Defendant will not mention or in any way allude to the fact that Plaintiffs have or may have a criminal record unless it is shown that the crime was a felony or involved oral turpitude and that it has been less than ten (10) years since the date of conviction or release from incarceration all as provided in the Texas Rules of Civil Evidence §609.

**AGREED:**  YES  NO

## PRAYER

For these reasons, plaintiffs ask the court to instruct defendant and his witnesses and counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the court outside the presence and hearing of the jury, and further instruct defendants and all counsel to warn and caution each of their witnesses to follow the same instructions.

RESPECTFULLY SUBMITTED,

RANDALL P. CRANE
201 S. SAM HOUSTON
SAN BENITO, TEXAS 78586
(956) 399-2496

BY: _____
RANDALL P. CRANE
STATE BAR #05006900
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I, RANDALL P. CRANE, do hereby certify on this <u>22nd</u> day of <u>March</u>, 2006, the above and foregoing document has been hand delivered to the following counsel of record:

Dunn, Weathered, Coffey, Rivera,
Kaspertis & Rodriguez, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401

_____
RANDALL P. CRANE