ORDER

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ, Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. B-04-137 (636(c)) |
| JAMES ARTHUR LARSON, Defendant. | § § § | |

## ORDER GRANTING MOTION TO QUASH DEPOSITION
## OF DR. DANIEL BACKLAS

Before the Court is a motion to quash the deposition of Dr. Daniel Backlas, Defendant's expert, filed by Plaintiffs Rogelio Rodriguez and Elizabeth Rodriguez. In Plaintiffs' motion, Plaintiffs request the Court to consider the following: 1) that the discovery deadline given on the scheduling order is March 3, 2006 and Defendant scheduled his expert deposition beyond this deadline on March 21, 2006; and, 2) that Defendant's designation of expert deadline was on February 3, 2006 and Defendant failed to meet this deadline when the expert's report was provided on February 28, 2006.

This Court is granting the motion to quash the deposition of Dr. Daniel Backlas because the report was not complete and was filed beyond the date of discovery. Under Rule 26(a)(2), parties are required to disclose the identity of all persons that may be used at trial in presenting evidence. Fed. R.Civ.P. 26(a)(2)(A). However, the trial court has discretion to strike any expert designation. In doing so, the court weighs four factors in its determination to exclude expert designations: 1) the explanation given for witness's failure to be identified; 2) the pertinence of the testimony; 3) the

potential prejudice if the testimony were to be allowed; and 4) the availability of a continuance in order to cure such prejudice. *Perry Hamburger v. State Farm Mutual Automobile Insurance Co.*, 361 F. 3d 875, 883 (5th Cir. 2004). Weighing each factor, this Court has determined that the importance of Dr. Backlas' testimony is not outweighed by Defendant's failure to meet the discovery deadlines. Defendant had sufficient time to inform this Court of its intention to use Dr. Backlas as an expert witness and failed to do so. It is, therefore, ORDERED, ADJUDGED, and DECREED that Plaintiff's motion to quash (Doc. No. 41) is hereby GRANTED.

DONE at Brownsville, Texas this 29th day of March 2006.

_____
Felix Recio
United States Magistrate Judge