UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 5 2006

Michael N. Milby
Clerk of Court

| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | CIVIL ACTION NO. B-04-137 |
| V. | § | JURY DEMANDED |
| | § | |
| JAMES ARTHUR LARSON | § | |

# JOINT PRETRIAL ORDER

COME NOW Plaintiffs Rogelio Rodriguez and Elizabeth Rodriguez and Defendant James Arthur Larson, and file this their Joint Pretrial Order.

1. **APPEARANCE OF COUNSEL**

    A. *Plaintiffs are represented by the following:*

    Randall P. Crane [SBN 05006900]
    LAW FIRM OF RANDALL P. CRANE
    201 S. Sam Houston
    San Benito, Texas 78586
    (956) 399-2496 [FAX 399-7398]

    B. *Defendant is represented by the following:*

    Patrick R. Kasperitis [SBN 11105270; FED ID 12594]
    Frank Weathered [SBN 20998600; FED ID 2441]
    DUNN, WEATHERED, COFFEY, RIVERA,
    KASPERITIS & RODRIGUEZ, P.C.
    611 South Upper Broadway
    Corpus Christi, Texas 78401
    (361) 883-1594 [FAX 883-1599]

2.  STATEMENT OF THE CASE

This is a personal injury case resulting from an automobile accident which occurred on or about Thursday, January 16, 2003, at approximately 4:11 PM. Plaintiff Rogelio Rodriguez was driving an 18-wheeler tractor/trailer vehicle on BUS US 77, just south of San Benito. Defendant James Larson was driving a 1992 Dodge Ram 2500 pick-up on the same roadway. Both vehicles were southbound. Plaintiff was in the left lane. Defendant was in the right lane.

A.  Plaintiffs' Statement of the Case:

Plaintiff alleges that Defendant made an unsafe lane change and collided with Plaintiff's vehicle. Plaintiff claims that the negligence of Defendant was the proximate cause of this incident and the resulting injuries to Plaintiff. Plaintiff is joined in this lawsuit by his wife, Elizabeth Rodriguez, who is claiming loss of consortium, past and future.

As a result of the collision in question, Plaintiff Rogelio Rodriguez sustained severe injuries to his neck, right shoulder, right rib fracture, chest, lower back, and body in general, together with soft tissue injuries, mental pain and suffering. More specifically, there are lower back disc protrusions at several levels and disc edema together with disc protrusions to the cervical area. If any of these conditions existed prior to the occurrence, then the occurrence aggravated those conditions.

B.  Defendant's Statement of the Case:

Plaintiff's vehicle struck Defendant's vehicle on the driver's side, while overtaking it. Defendant denies that any negligence by Defendant was a proximate cause of the incident in question. Defendant also denies that Plaintiffs, Rogelio Rodriguez and Elizabeth

Rodriguez, sustained any injuries as a result of the incident in question. Defendant alleges that the injuries claimed by Plaintiff Rogelio Rodriguez are the result of degenerative changes as opposed to trauma and that surgery is not called for. Defendant further alleges that Plaintiff's negligence contributed to the occurrence.

3.   JURISDICTION

This Court has jurisdiction over this subject matter and the parties under Title 28 U.S.C. § 1332 and Title 28 U.S.C. § 1441. This action was removed to this Court pursuant to said provisions, as it is a civil action wherein the matter in controversy exceeds the sum of SEVENTY FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00), exclusive of interest and costs, and is genuinely between citizens of different states. There are no jurisdictional questions raised by either party.

4.   MOTIONS

    A.   Plaintiff's pending motions:

        (1)   Motion to Compel Defendant to Respond to Interrogatories & Production;

        (2)   Motion to Exclude Expert Witness (Dr. Backlas); and

        (3)   Special Exceptions.

    B.   Defendant's pending motions:

        (1)   Motion for Partial Summary Judgment, which the Court has ruled will be carried along with the trial; and

        (2)   Motion to Extend Time to Conduct Discovery.

5. <u>CONTENTIONS OF THE PARTIES</u>

   A. <u>Plaintiffs' Contentions</u>: Plaintiffs contend Defendant James Arthur Larson was negligent in the following respects:

   (1) Failing to keep a proper lookout as a person using ordinary care would have done;

   (2) Failing to apply the vehicle's brakes in a timely fashion as a person using ordinary care would have done; and

   (3) Failing to swerve either to the left or to the right to avoid the complained of collision;

   Plaintiffs would further show that Defendant James Arthur Larson was negligent per se in the following regards:

   (4) Driving in a reckless manner in violation of V.T.C.A., Transportation Code § 545.401(a).

   (5) Driving at an excessive rate of speed in violation of V.T.C.A., Transportation Code § 545.351(a); § 545.351(b)(1); § 545.351(b)(2);

   (6) Failing to drive in a single lane in violation of V.T.C.A., Transportation Code § 545.060;

   (7) Failing to use turn signals in violation of V.T.C.A., Transportation Code § 545.104; and

   (8) Failing to drive on the right side of the roadway in violation of V.T.C.A., Transportation Code § 545.051.

   B. <u>Defendant's Contentions</u>: Defendant generally denies that his negligence, if any, was the sole proximate cause of the collision. Defendant further contests and disputes the nature and extent of the Plaintiffs alleged damages and injuries as a result of the subject accident. Defendant further contends that Plaintiff Rogelio Rodriguez did not suffer any

permanently disabling injuries in this accident. He suffered from pre-existing degenerative conditions in his spine which were unrelated to this incident. Plaintiff Rogelio Rodriguez received an impairment rating of 0% in April of 2003 for his injuries sustained in this accident. Further, Plaintiff Rogelio Rodriguez was subsequently injured in a work-related accident on or about August 23, 2004 which was the sole proximate cause of any severe and disabling injuries which may result in surgery in the future. Therefore, Plaintiff's claim for damages is limited to any damages incurred between January 16, 2003 and August 23, 2004. Further, Plaintiff Elizabeth Rodriguez's claims for loss of consortium are similarly limited as derivative claims of her husband's claims.

Defendant further contends that Plaintiff was negligent in the following respects:

(1) Failing to keep a proper lookout for traffic in front of him;

(2) Failing to control his speed;

(3) Failing to timely apply his brakes; and

(4) Failing to take proper evasive actions.

6. ADMISSIONS OF FACT

A. Plaintiffs' Admissions of Fact: Plaintiffs have made no admissions of fact adverse to their claim.

B. Defendant's Admissions of Fact:

(1) Plaintiff and Defendant were involved in an auto collision on or about January 16, 2003.

(2) Defendant was the owner of the vehicle which he was driving at the time of the collision with Plaintiff.

(3) Both Plaintiff and Defendant were injured in the accident.

7. CONTESTED ISSUES OF FACT

   A. Plaintiffs' Contested Issues of Fact:

   (1) That Defendant's negligence was the proximate cause of Plaintiffs' injuries.

   (2) Whether the facts of this case evidence "negligence" on the part of the Defendant.

   (3) Whether the facts of the case evidence "proximate cause" on the part of the Defendant.

   B. Defendant's Contested Issues of Fact:

   (1) Defendant would show that Plaintiff's injuries, if any, were proximately caused and/or solely caused by his own contributory negligence.

   (2) Defendant would show that the doctrine of comparative negligence applies in this case such that any recovery by Plaintiff should be reduced by the percentage of Plaintiff's own negligence proximately causing or contributing to his injuries, if any.

   (3) Defendant contends that Plaintiff's injuries were, in part, the result of a pre-existing condition.

   (4) Defendant contends that Plaintiff complains of conditions that did not result from the accident made the basis of this suit, therefore he is entitled to no recovery for such conditions.

8. AGREED PROPOSITIONS OF LAW

Texas substantive law applies to the issues in this case. The statutory and common law of the State of Texas controls the disposition of this matter.

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

[Texas PJC 2.1, 2003 ed.]

"Negligence," when used with respect to the conduct of Rogelio Rodriguez, means failure to use a high degree of care, that is, failing to do that which a very cautious, competent, and prudent person would have done under the same or similar circumstances or doing that which a very cautious, competent, and prudent person would not have done under the same or similar circumstances.

"High degree of care" means that degree of care that would have been used by a very cautious, competent, and prudent person under the same or similar circumstances.

[Texas PJC 2.2, 2003 ed.]

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

[Texas PJC 2.4, 2003 ed.]

9.  CONTESTED PROPOSITIONS OF LAW

   A.  Plaintiffs' Contested Propositions of Law: Whether Defendant was negligent as a matter of law.

   B.  Defendant's Contested Propositions of Law:

      (1) Whether Defendant is negligent as a matter of law.

      (2) Whether Plaintiff may recover damages for unrelated injuries as a matter of law.

      (3) Whether Plaintiff Elizabeth Rodriguez's derivative claims may exceed those of Plaintiff Rogelio Rodriguez.

10. <u>EXHIBITS</u>

    A.   Two copies of Plaintiffs' list of exhibits expected to be offered is attached as **EXHIBIT A** and marked pursuant to USDC/SDTX Local Rules (2000), Appendix B, Rule 10(D)

    B.   Two copies of Defendant's list of exhibits expected to be offered is attached as **EXHIBIT B** and marked pursuant to USDC/SDTX Local Rules (2000), Appendix B, Rule 10(D).

11. <u>WITNESSES</u>

    A.   Plaintiffs' Witness List is attached as **EXHIBIT C**.

    B.   Defendant's Witness List is attached as **EXHIBIT D**.

    C.   If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

12. <u>SETTLEMENT</u>

    Mediation has occurred in this case. The parties have indicated a willingness to continue to negotiate. Up to this point, all settlement efforts have been exhausted. As of the filing of this motion, it does not appear that this case can be settled and it will have to be tried.

13. <u>TRIAL</u>

    A.   Trial is expected to take approximately three days.

    B.   Defendant James Larson resides in Michigan and is 72 years of age. He was severely injured in this accident and travel is somewhat difficult for him. He resides in

Cameron County from January to April each year. However, he will be leaving for his permanent residence in Michigan in April. His wife will be scheduled for a knee transplant surgery upon his return. He will serve as the sole caretaker of his wife as she convalesces. It would be a burden, financially, physically, and for his wife, for Mr. Larson to appear in person for trial in May 2006.

    C.    Defendant's designated rebuttal expert witness, Dr. Daniel Backlas, cannot appear live at trial during the week of May 4, 2006. Defendant has requested leave of Court to depose Dr. Backlas in anticipation of Plaintiff's attempts to introduce evidence of surgical intervention which Plaintiff's counsel may contend will be reasonable and necessary in the future. The Court has quashed the previously noticed deposition of Dr. Backlas. Defendant re-urges his motion for leave to depose Dr. Backlas in anticipation of his rebuttal testimony being necessitated by testimony that may occur at trial.

    D.    There may be logistical problems in obtaining the presence of physicians who will require notice of when they will be called to testify in order not to conflict with their schedule to practice.

14. **ATTACHMENTS**

    A.    Voir Dire Questions:

    (1)    Plaintiffs' proposed list of questions for the Court to ask prospective jurors on voir dire examination is attached hereto as **EXHIBIT E**.

    (2)    Defendant's proposed list of questions for the Court to ask prospective jurors on voir dire examination is attached hereto as **EXHIBIT F**.

B.  Proposed Charge:

   (1) Plaintiffs' proposed jury instructions are attached hereto as **EXHIBIT G**.

   (2) Defendant's proposed jury instructions are attached hereto as **EXHIBIT H**.

C.  Motion in Limine:

   (1) Plaintiffs' Motion in Limine is attached hereto as **EXHIBIT I**.

   (2) Defendant's Motion in Limine is attached hereto as **EXHIBIT J**.

Date: _____

_____
Felix Recio, United States Magistrate Judge

Approved:

Date: 4/5/06

_____
Randall P. Crane, Attorney-in-Charge
Plaintiff

Date: 3/30/06

_____
Patrick R. Kasperitis, Attorney-in-Charge
Defendant