UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROGELIO RODRIGUEZ AND        §
ELIZABETH RODRIGUEZ          §
                             §
V.                           §          CIVIL ACTION NO. B-04-137
                             §
JAMES ARTHUR LARSON          §

## GENERAL INSTRUCTIONS FOR CHARGE

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you



need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.



EXHIBIT

H-2

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

In conducting your deliberations use the following definitions and instructions:



EXHIBIT

H-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

## NEGLIGENCE AND ORDINARY CARE
### [Tx PJC 2.1]

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

---

THE AFOREMENTIONED INSTRUCTION/DEFINITION/QUESTION WAS TENDERED TO THE COURT PRIOR TO SUBMISSION OF THE CHARGE TO THE JURY AND, IN THAT REGARD, IT IS HEREBY [GRANTED] [REFUSED].



_____
JUDGE PRESIDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

## HIGH DEGREE OF CARE
[Tx PJC 2.2]

"Negligence," when used with respect to the conduct of Rogelio Rodriguez, means failure to use a high degree of care, that is, failing to do that which a very cautious, competent, and prudent person would have done under the same or similar circumstances or doing that which a very cautious, competent, and prudent person would not have done under the same or similar circumstances.

"High degree of care" means that degree of care that would have been used by a very cautious, competent, and prudent person under the same or similar circumstances.

---

THE AFOREMENTIONED INSTRUCTION/DEFINITION/QUESTION WAS TENDERED TO THE COURT PRIOR TO SUBMISSION OF THE CHARGE TO THE JURY AND, IN THAT REGARD, IT IS HEREBY [GRANTED] [REFUSED].



EXHIBIT
H-5

_____
JUDGE PRESIDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

### PROXIMATE CAUSE
[Tx PJC 2.4]

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

---

THE AFOREMENTIONED INSTRUCTION/DEFINITION/QUESTION WAS TENDERED TO THE COURT PRIOR TO SUBMISSION OF THE CHARGE TO THE JURY AND, IN THAT REGARD, IT IS HEREBY [GRANTED] [REFUSED].



EXHIBIT
H-6

_____
JUDGE PRESIDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROGELIO RODRIGUEZ AND          §
ELIZABETH RODRIGUEZ            §
                              §
V.                            §          CIVIL ACTION NO. B-04-137
                              §
JAMES ARTHUR LARSON           §

## SOLE PROXIMATE CAUSE
[Tx PJC 3.2]

There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an occurrence, then no act or omission of any other person could have been a proximate cause.

---

THE AFOREMENTIONED INSTRUCTION/DEFINITION/QUESTION WAS TENDERED TO THE COURT PRIOR TO SUBMISSION OF THE CHARGE TO THE JURY AND, IN THAT REGARD, IT IS HEREBY [GRANTED] [REFUSED].



_____
JUDGE PRESIDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

## DEFENDANT'S REQUESTED INSTRUCTION
[15.1 CONSIDER DAMAGES ONLY IF NECESSARY]

   If the plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

---

THE AFOREMENTIONED INSTRUCTION/DEFINITION/QUESTION WAS TENDERED TO THE COURT PRIOR TO SUBMISSION OF THE CHARGE TO THE JURY AND, IN THAT REGARD, IT IS HEREBY [GRANTED] [REFUSED].



EXHIBIT
H-8

_____
JUDGE PRESIDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROGELIO RODRIGUEZ AND          §
ELIZABETH RODRIGUEZ            §
                              §
V.                            §          CIVIL ACTION NO. B-04-137
                              §
JAMES ARTHUR LARSON           §

### DEFENDANT'S REQUESTED INSTRUCTION
[15.2 COMPENSATORY DAMAGES]

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered. [Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury. If the plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of the defendant's conduct.]

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. [Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.] You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

THE AFOREMENTIONED INSTRUCTION/DEFINITION/QUESTION WAS TENDERED TO THE COURT PRIOR TO SUBMISSION OF THE CHARGE TO THE JURY AND, IN THAT REGARD, IT IS HEREBY [GRANTED] [REFUSED].



EXHIBIT

H-9

_____
JUDGE PRESIDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

## DEFENDANT'S REQUESTED INSTRUCTION
[15.3 CALCULATION OF PAST DAMAGES ONLY]

If you find for the plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he suffered between January 16, 2003 and August 23, 2004, only.

---

THE AFOREMENTIONED INSTRUCTION/DEFINITION/QUESTION WAS TENDERED TO THE COURT PRIOR TO SUBMISSION OF THE CHARGE TO THE JURY AND, IN THAT REGARD, IT IS HEREBY [GRANTED] [REFUSED].



EXHIBIT
H-10

_____
JUDGE PRESIDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROGELIO RODRIGUEZ AND §
ELIZABETH RODRIGUEZ §
§
V. §                    CIVIL ACTION NO. B-04-137
§
JAMES ARTHUR LARSON §

## DEFENDANTS' REQUESTED INSTRUCTION
[TEXAS PJC 80.9]

Do not include any amount for any condition resulting from the failure, if any, of Rogelio Rodriguez to have acted as a person of ordinary prudence would have done under the same or similar circumstances in caring for and treating his injuries, if any, that resulted from the occurrence in question.

THE AFOREMENTIONED INSTRUCTION/DEFINITION/QUESTION WAS TENDERED TO THE COURT PRIOR TO SUBMISSION OF THE CHARGE TO THE JURY AND, IN THAT REGARD, IT IS HEREBY [GRANTED] [REFUSED].



_____
JUDGE PRESIDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

## DEFENDANTS' REQUESTED INSTRUCTION
[Tx PJC 80-8]

Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the occurrence in question.

THE AFOREMENTIONED INSTRUCTION/DEFINITION/QUESTION WAS TENDERED TO THE COURT PRIOR TO SUBMISSION OF THE CHARGE TO THE JURY AND, IN THAT REGARD, IT IS HEREBY [GRANTED] [REFUSED].



_____
JUDGE PRESIDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

## **DEFENDANTS' REQUESTED INSTRUCTION**
[Tx PJC 80-7]

Do not include any amount for any condition *not resulting from* the occurrence in question.

---

THE AFOREMENTIONED INSTRUCTION/DEFINITION/QUESTION WAS TENDERED TO THE COURT PRIOR TO SUBMISSION OF THE CHARGE TO THE JURY AND, IN THAT REGARD, IT IS HEREBY [GRANTED] [REFUSED].



EXHIBIT
H-13

_____
JUDGE PRESIDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

## DEFENDANTS' REQUESTED QUESTION
[TEXAS PJC 4.1]

QUESTION _____. Did the negligence, if any, of those named below proximately cause the occurrence or injury in question?

Answer "Yes" or "No" for each of the following:

a.    Rogelio Rodriguez    _____

b.    James A. Larson    _____

---

THE AFOREMENTIONED INSTRUCTION/DEFINITION/QUESTION WAS TENDERED TO THE COURT PRIOR TO SUBMISSION OF THE CHARGE TO THE JURY AND, IN THAT REGARD, IT IS HEREBY [GRANTED] [REFUSED].



_____
JUDGE PRESIDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

## DEFENDANTS' REQUESTED INSTRUCTION / QUESTION
[TEXAS PJC 71.11]

If you have answered "Yes" to Question[s] _____ [*the liability question(s)*] for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

The percentages you find must total 100%. The percentages must be expressed in whole numbers. The percentage of causation attributable to a person or product is not necessarily measured by the number of acts, omissions, or product defects found. The percentage attributable to *a person* need not be the same percentage attributed to *that person* in answering another question.

QUESTION _____. For each person or product found by you to have caused the occurrence or injury, find the percentage caused by—

| | | | |
|---|---|---|---|
| a. | Rogelio Rodriguez. | _____ | % |
| b. | James A. Larson | _____ | % |
| | | TOTAL    ____100____ | % |

THE AFOREMENTIONED INSTRUCTION/DEFINITION/QUESTION WAS TENDERED TO THE COURT PRIOR TO SUBMISSION OF THE CHARGE TO THE JURY AND, IN THAT REGARD, IT IS HEREBY [GRANTED] [REFUSED].

EXHIBIT
tabbies
H-15

_____
JUDGE PRESIDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

### DEFENDANT'S REQUESTED INSTRUCTION
[15.4 INJURY/PAIN AND SUFFERING AND/OR MENTAL ANGUISH]

You may award damages for any bodily injury that the plaintiff sustained and any pain and suffering and/or mental anguish that the plaintiff experienced in the past between January 16, 2003 and August 23, 2004 as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

What amount do you award, if any, to compensate Plaintiff for any pain and suffering or mental anguish he experienced in the past between January 16, 2003 and August 23, 2004?

ANSWER: $_____

---

THE AFOREMENTIONED INSTRUCTION/DEFINITION/QUESTION WAS TENDERED TO THE COURT PRIOR TO SUBMISSION OF THE CHARGE TO THE JURY AND, IN THAT REGARD, IT IS HEREBY [GRANTED] [REFUSED].



EXHIBIT
H-16

_____
JUDGE PRESIDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

## DEFENDANT'S REQUESTED INSTRUCTION
### [15.6 MEDICAL EXPENSES FOR PLAINTIFF ROGELIO RODRIGUEZ ONLY]

The reasonable expense of hospitalization and medical care and treatment that the plaintiff required between January 16, 2003 and August 23, 2004 because of his injuries which were caused by the defendant's wrongful conduct.


ANSWER: $_____


_____

THE AFOREMENTIONED INSTRUCTION/DEFINITION/QUESTION WAS TENDERED TO THE COURT PRIOR TO SUBMISSION OF THE CHARGE TO THE JURY AND, IN THAT REGARD, IT IS HEREBY [GRANTED] [REFUSED].



EXHIBIT

H-17

_____
JUDGE PRESIDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

## DEFENDANTS' REQUESTED QUESTION / INSTRUCTION
[TEXAS PJC 80.2]

QUESTION _____. What sum of money, if paid now in cash, would fairly and reasonably compensate Rogelio Rodriguez for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

a.      Physical pain and mental anguish.

b.      Medical care in the past

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Rogelio Rodriguez.

Answer in dollars and cents for damages, if any, that were sustained in the past.

Answer $_____

_____

THE AFOREMENTIONED INSTRUCTION/DEFINITION/QUESTION WAS TENDERED TO THE COURT PRIOR TO SUBMISSION OF THE CHARGE TO THE JURY AND, IN THAT REGARD, IT IS HEREBY [GRANTED] [REFUSED].

**EXHIBIT**
tabbies **H-18**

_____
JUDGE PRESIDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

## DEFENDANT'S REQUESTED INSTRUCTION
[15.8 SPOUSE'S LOSS OF CONSORTIUM AND SERVICES]

Any past loss of her spouse's services, comfort, society and attention that the plaintiff has suffered because of her spouse's injury.


ANSWER: $_____


THE AFOREMENTIONED INSTRUCTION/DEFINITION/QUESTION WAS TENDERED TO THE COURT PRIOR TO SUBMISSION OF THE CHARGE TO THE JURY AND, IN THAT REGARD, IT IS HEREBY [GRANTED] [REFUSED].



_____
JUDGE PRESIDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

## DEFENDANTS' REQUESTED QUESTION
### [Tx PJC 8.3]

What sum of money, if paid now in cash, would fairly and reasonably compensate Elizabeth Rodriguez for injuries, if any, to her husband, Rogelio Rodriguez, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Rogelio Rodriguez.

a.  Loss of household services sustained in the past, only. "Household services" means the performance of household and domestic duties by a spouse to the marriage.

Answer: $_____

b.  Loss of consortium sustained in the past, only. "Consortium" means the mutual right of the husband and wife to that affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love, and felicity necessary to a successful marriage.

Answer: $_____

---

THE AFOREMENTIONED INSTRUCTION/DEFINITION/QUESTION WAS TENDERED TO THE COURT PRIOR TO SUBMISSION OF THE CHARGE TO THE JURY AND, IN THAT REGARD, IT IS HEREBY [GRANTED] [REFUSED].



_____
JUDGE PRESIDING