United States District Court
Southern District of Texas
FILED

APR 1 7 2006

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROGELIO RODRIGUEZ AND §
ELIZABETH RODRIGUEZ §
§
V. § CIVIL ACTION NO. B-04-137
§
JAMES ARTHUR LARSON §

## DEFENDANT'S MOTION FOR LEAVE TO FILE
## AMENDED SUPPLEMENTAL DESIGNATION OF EXPERT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant James Arthur Larson, and files this Motion for Leave to File

Amended Supplemental Designation of Expert, in support thereof showing this Court as follows:

### PROCEDURAL HISTORY

1. Defendant's initial Designation of Experts was filed on March 23, 2005, at which time

Defendant did not designate any expert witnesses.

2. Defendant's First Amended Designation of Experts was filed on August 4, 2005. Again,

Defendant did not designate any expert witnesses. Defendant did, however, designate Dr. Daniel

Backlas as a "prospective witness who may be used for rebuttal testimony at the time of trial

regarding his opinions and findings from his review of Plaintiff's MRI films and in rebuttal to the

deposition testimony given by Dr. Tijmes." Dr. Backlas' curriculum vitae was attached. However,

at the time this document was filed, Dr. Backlas had not been retained by Defendant, had not

reviewed Plaintiff's MRI films, and had not prepared a report for Defendant.

3. Defendant's Second Supplemental Rule 26(a) Disclosures to Plaintiffs was served on or

about February 24, 2006. See **EXHIBIT A.** Pursuant to these disclosures, Defendant produced to

-1-

Plaintiffs a copy of the report prepared by Dr. Backlas, dated February 22, 2006, and a copy of Dr. Backlas' curriculum vitae. Also on or about February 24, 2006, Defendant filed his Supplemental Designation of Expert, naming Dr. Daniel Backlas as a testifying expert witness. Defendant's counsel inadvertently omitted Dr. Backlas' curriculum vitae and report from the filing made with the Court. However, the curriculum vitae and report were served upon Plaintiff's counsel, by mail, on February 24, 2006, prior to the discovery deadline.

4.   On or about March 24, 2006, Plaintiffs filed their first supplemental responses to written interrogatories. *See* **EXHIBIT B**. In response to Interrogatory 17, Plaintiffs identify, for the first time in discovery responses, the amount of future medical expenses they allege will be required to treat Plaintiff Rogelio Rodriguez for the injuries he contends were caused by the incident made the basis of this suit. On or about March 27, 2006, Plaintiffs filed their supplemental disclosures pursuant to Rule 26. *See* **EXHIBIT C**. The supplemental disclosures shed no further light on the alleged medical expenses or treatments that Plaintiff contends will be necessitated by the incident made the basis of this suit.

### ARGUMENT AND AUTHORITIES

5.   Rule 26(a)(2)(C) requires Defendant to supply pertinent information about rebuttal experts within 30 days of the disclosure of matters by Plaintiff on the subject matter on which the rebuttal expert witness will testify. Plaintiff's disclosure of future medical expenses which he will attempt to assert to the jury was made three weeks after the discovery deadline. The disclosure is incomplete and does not give Defendant fair notice of the nature and extent of the treatment which Plaintiff alleges will be necessary. Nevertheless, the Court has discretion to extend discovery deadlines, and expert deadlines attendant thereto, upon a showing of substantial justification.

6. Since the information was not timely provided in either the initial discovery responses and disclosures, nor in the supplements, any offer of evidence pertaining to future medical bills are excluded pursuant to Rule 37( c)(1). See 1993 Comment and 2000 Comment to Rule 37. Defendant has filed a motion for summary judgment seeking the dismissal of Plaintiffs' causes of action for future damages due to lack of evidence.

7. If, however, Plaintiffs properly seek leave of court to present such evidence, Defendant will be prejudiced in a way that a continuance alone cannot remedy. Defendant has previously designated its rebuttal expert witness, Dr. Daniel Backlas. However, Plaintiffs' counsel, after receiving the expert's report and agreeing to a date for the deposition, moved to quash Dr. Backlas' deposition as outside the deadline set forth in the Scheduling Order. To ameliorate the prejudice that Defendant will suffer, should the court permit the late disclosure of evidence on the elements of future damages, Defendant requests permission to file the accompanying Amended Supplemental Designation of Expert, which includes copies of Dr. Backlas' qualifications, Dr. Backlas' report, and Dr. Backlas' billing, which were inadvertently omitted from Defendant's Supplemental Designation of Expert. If Plaintiffs seek, and are granted, leave of court to supplement their responses, substantial justification will exist for Defendant's supplementation.

8. If, however, Plaintiffs do not seek leave of court to use such evidence, or if such leave is denied by the court, Defendant's use of this rebuttal expert witness will be unnecessary at trial.

## PRAYER

Defendant respectfully prays that this Motion for Leave to File Amended Supplemental Designation of Expert be in all things granted and that leave be granted for the accompanying

Defendant's Amended Supplemental Designation of Expert, along with exhibits attached thereto,

be accepted for filing in the above matter.

Respectfully submitted,

DUNN, WEATHERED, COFFEY, RIVERA,
KASPERITIS & RODRIGUEZ, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594 [FAX 883-1599]

BY _____
Patrick R. Kasperitis
SBN 11105270; FED ID 12594
Frank Weathered
SBN 20998600; FED ID 2441

COUNSEL FOR DEFENDANT
JAMES ARTHUR LARSON

CERTIFICATE OF SERVICE

This is to certify that on the ___11___ day of April 2006, this document was served on counsel of
record as indicated below pursuant to Texas Rules of Civil Procedure.

_____
Patrick R. Kasperitis

**VIA CM/RRR 7005 1820 0001 4400 0956**
Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, Texas 78586