United States District Court
Southern District of Texas
FILED

APR 2 5 2006

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ | § § § |
| V. | §  B04CV137 |
| JAMES ARTHUR LARSON | § § § |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ, Plaintiffs in the above styled and numbered cause and submit their Response to Defendant's Motion for Partial Summary Judgment, and respectfully shows as follows:

### I. Statement of the Case

Basically correct, however, Defendant is not entitled to a partial summary judgment.

### II. Response to Motion For Partial Summary Judgment

Plaintiff would show unto the Court that genuine issues of material fact remain to be answered on those issues on which Defendant moves this court for a partial summary judgment.

Exhibit 1:   Excerpts of Oral Deposition of Dr. Jorge Tijmes taken on June 21, 2005;

Exhibit 2:   Plaintiff Rogelio Rodriguez's Affidavit;

Exhibit 3:   Medical Reports of Dr. D.S. Gill dated October 27, 2005 & July 7, 2005;

Exhibit 4:   Plaintiff's First Supplemental Objections and Answers to Defendant's First Set of Interrogatories.

Exhibit 5:   Plaintiff's Stowers letter attached to Affidavit of Chris Crockett in support of Notice of Removal.

Exhibit 6:   Excerpts from Rogelio Rodriguez's deposition taken on August 25, 2005.

Exhibit 7:   MRI/Lumbar Spine dated October 8, 2003.

### III. Statement of Facts

A.   Agreed

B.   Agreed

C.   Agreed

D.   Plaintiff's treating doctor who has seen the Plaintiff Rogelio Rodriguez most frequently and most recently has stated in his narrative report dated October 27, 2005 that Plaintiff does require surgery for the injuries he has suffered as a result of the accident in question. Exhibit 3.

E.   Plaintiff Rogelio Rodriguez's deposition was taken prior to such time as his treating doctor, D.S. Gill made the determination that the accident in question had caused such extensive damage as to require surgery. Exhibit 2. However, during Plaintiff's deposition he stated "They've said that it's not to the extent that I need surgery, but that in the future it -it might". See Exhibit 6, Page 37, lines 17 thru 22. Plaintiff in his First Supplemental Objections and Answers to Defendant's First Set of Interrogatories, contrary to what defendant alleges, stated in answer to Interrogatory No. 17 as follows: "Future medical expenses are estimated at approximately $50,000.00." See Exhibit 4. Future Medical expenses include the cost of surgical intervention.
Future medical needs are also described in Exhibit 5.

F.   Although it is true that Dr. Jorge Tijmes agreed that the radiologist found degenerative changes as is claimed by defendant, he found many other injuries that he related to the trauma of the auto accident. Specifically, Dr. Tijmes related disc injuries to the auto accident. See Exhibit 1, page 16, line 19 thru page 17, line 8.

G.   Although defendant is correct that Plaintiff Rogelio Rodriguez sustained an on the job injury, there is no proof that this was anything other than an aggravation of the pre-existing injury sustained in the auto accident of January 16, 2003.

H.   Defendant is incorrect in his statement that Plaintiff's medical records failed to show "significant bulging discs" in his back since those records showed significant protrusions. See Exhibit 1, page 15 line 17 thru page 16, line 12.
See also Exhibit 7 dated October 8, 2003.

I.   Defendant's statement is correct in so far as it admits that a previously injured disc is more susceptible to injury than one that was not previously weakened.

## IV. Brief in Response

A.  **Summary Judgment Standard.**

Plaintiff agrees with the standard for summary judgment setout by Defendant in paragraphs one (1) thru three (3) of Defendant's Motion For Partial Summary Judgment.

B.  **Plaintiff has provided proof that surgical intervention will be required to remedy the injuries caused by the incident made the basis of this suit.**

1) Specifically, the report of Dr. D.S. Gill dated October 27, 2005 states: "The patients symptoms are more severe and is definitely going to require surgery for his lumbar spine." See Exhibit 3.

2) Contrary to statements of Defendant in his Motion for Partial Summary Judgment, Plaintiff supplemented his answer to interrogatory No. 17 on March 24, 2006 to read as follows: "Future medical expenses are estimated at approximately $50,000.00." This was done to include amounts required to cover surgical intervention. Defendant did not ask specifically in any interrogatory whether or not a doctor had suggested the need for back surgery.

3) Defendant's statement that Dr. Tijmes "does not mention surgical intervention as an element to be considered in the future treatment of plaintiff for his alleged injuries" is disingenuous. See Exhibit 1, page 22 lines 17 thru 22. The doctor says, in effect, that surgery cannot be ruled out.

4) Defendant's statements are contrary to the evidence since Dr. Tijmes did not rule out surgery, See Exhibit 1, page 22 lines 17 thru 22 and Dr. D.S. Gill said specifically that Mr. Rodriguez would require surgery. See Exhibit 3.

5)   Plaintiff has provided evidence of the need for future surgery. See Exhibit 3.

C.   **Plaintiff's claim for future damages is strictly a fact question and cannot be limited as a matter of law.**

1)   The automobile accident made the basis of this suit made Plaintiff susceptible to future injuries such as he sustained on August 23, 2004. A jury must decide the issue as to how much each injury contributed to Plaintiff's present condition.

2)   The degenerative changes found in Plaintiff's lower back can be exacerbated by trauma.

3)   How much various injuries contributed to Plaintiff's current condition is a question of fact to be decided by a jury and not a question of law to be decided by summary judgment.

4)   How much various injuries contributed to Plaintiff's current condition is a question of fact to be decided by a jury and not a question of law to be decided by summary judgment.

5)   How much various injuries contributed to Plaintiff's current condition is a question of fact to be decided by a jury and not a question of law to be decided by summary judgment.

6)   How much various injuries contributed to Plaintiff's current condition is a question of fact to be decided by a jury and not a question of law to be decided by summary judgment.

## V. Conclusion

Whether or not Plaintiff is entitled to recover future damages and the extent to which those damages should be limited are questions of fact to be decided by a jury and are not questions of law to be determined by summary judgment.

## Prayer

Wherefore, Plaintiffs Rogelio Rodriguez and Elizabeth Rodriguez request that the Court deny Defendant's Motion For Partial Summary Judgment and for such other and further relief as to which they may show themselves entitled.

RESPECTFULLY SUBMITTED,

LAW FIRM OF RANDALL P. CRANE
201 S. SAM HOUSTON
SAN BENITO, TEXAS 78586
(956) 399-2407
(956) 399-7398 Fax

BY: _____
RANDALL P. CRANE
STATE BAR #05006900

ATTORNEY FOR PLAINTIFFS
ROGELIO RODRIGUEZ &
ELIZABETH RODRIGUEZ

## CERTIFICATE OF SERVICE

This is to certify that on this the ___25th___ day of April, 2006, Plaintiff's Response to Defendant's Motion for Partial Summary Judgment was served on defendant's attorney of record as indicated below pursuant to Federal Rules of Civil Procedure.

Patrick R. Kasperitis
DUNN, WEATHERED, COFFEY, RIVERA,
KASPERITIS & RODRIGUEZ, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594

Certified Mail, Return Receipt Requested #7004 0550 0001 3134 5419

RANDALL P. CRANE
STATE BAR #05006900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROGELIO RODRIGUEZ §
AND ELIZABETH RODRIGUEZ §
  §
V. §
  §
JAMES ARTHUR LARSON §

## AFFIDAVIT OF RANDALL P. CRANE

STATE OF TEXAS )
 :
COUNTY OF CAMERON )

On this day, RANDALL P. CRANE, appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said:

1. "My name is Randall P. Crane. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. The exhibits attached to Plaintiff's Response to Defendant's Motion For Partial Summary Judgment are true and correct copies of the originals.

3. Affiant is the attorney for plaintiffs herein and has procured all of the documents attached hereto as exhibits.

_____
RANDALL P. CRANE

SWORN TO and SUBSCRIBED before me by Randall P. Crane on ___April 25___, 2006.

_____
Notary Public in and for
the State of Texas



Notary's Name: Diana G. Garza
Commision Expires: 05/03/2009