# DUNN, WEATHERED, COFFEY, RIVERA, KASPERITIS & RODRIGUEZ, P.C.

ATTORNEYS AT LAW
611 S. UPPER BROADWAY
CORPUS CHRISTI, TX 78401

RECEIVED AUG 13 2004

TEL (361) 883-1594
FAX (361) 883-1599

DAVID J. DUNN
FRANK WEATHERED*
*BOARD CERTIFIED CIVIL APPELLATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

LAWRENCE COFFEY
AUGUSTIN RIVERA, JR.
PATRICK R. KASPERITIS
RALPH RODRIGUEZ

August 12, 2004

**Via Federal Express**
Mr. Michael Milby, Clerk
UNITED STATES DISTRICT COURT
Federal Building
600 E. Harrison St., No. 202
Brownsville, Texas 78520-7149

    Re:    Civial Action No. _____; *Rogelio Rodriguez and Elizabeth Rodriguez v. James Arthur Larson*, United States District Court, Southern District of Texas, Brownsville Division

Dear Mr. Milby:

Enclosed for filing in the above-referenced matter please find the original and one copy of Defendant's Notice of Removal; List of Counsel; Notice of Filing of Affidavits in Support of Jurisdiction; and Index of Matters Being Filed.

Also enclosed is our check in the amount of $150.00 in payment of the filing fee.

Please acknowledge receipt and filing of the aforementioned by marking the enclosed document cover copies with your file stamp and returning to the person delivering this letter.

By copy hereof, the enclosed is being served on counsel of record as indicated.

Thank you for your attention and assistance to this matter.

Very truly yours,

Frank Weathered

FW/cb
w/enclosures
#23.007



PLAINTIFF'S EXHIBIT B

Mr. Michael Milby, Clerk
UNITED STATES DISTRICT COURT
August 12, 2004
Page 2

cc:     **Via Federal Express**
        Mr. Randall P. Crane
        **LAW FIRM OF RANDALL P. CRANE**
        201 S. Sam Houston
        San Benito, Texas 78586

        **Via Federal Express**
        Ms. Aurora De La Garza, District Clerk
        **CAMERON COUNTY COURTHOUSE**
        974 E. Harrison Street
        Brownsville, Texas 78520

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND<br>ELIZABETH RODRIGUEZ | § § § § | |
| V. | § § | CIVIL ACTION NO. _____ |
| JAMES ARTHUR LARSON | § § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant James Arthur Larson respectfully submits this notice of removal of this action from the 357th District Court of Cameron County, Texas, on the following grounds:

1. This notice of removal is filed pursuant to 28 U.S.C §§ 1332(a), 1441 and 1446.

2. On June 7, 2004, the Plaintiffs sued Defendant in Cause No. 2004-06-002961-E, in the 357th District Court of Cameron County, Texas. The suit is a personal injury suit arising out of a vehicular accident in Cameron County.

3. Defendant James Arthur Larson was served with notice of the suit on July 15, 2004. The Defendant has timely filed this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

4. No other process, pleadings or papers have been received by the Defendant from the Plaintiffs. On August 9th, Defendant filed his original answer in state court.

5. Pursuant to 28 U.S.C. § 1441(a) and 1446(a), the United States District Court for the Southern District of Texas, Brownsville Division, is the federal district court for the district and division embracing the place where the state court suit is pending.

6. Removal is proper in this case because there is complete diversity between the parties. 28 U.S.C. § 1332(a). Plaintiffs are citizens of the State of Texas. Defendant is not a citizen of the State of Texas. Instead, Defendant is a citizen of the State of Michigan. *See* Affidavit of James Arthur Larson (attached to Defendant's Notice of Filing of Affidavits in Support of Jurisdiction as Exhibit A).

7. The amount in controversy as to Plaintiff Rogelio Rodriguez exceeds $75,000, excluding interest, costs, and attorney's fees. While the plaintiffs' original petition does not specify the amount in controversy or damages sought by Rogelio Rodriguez, the affidavits and documents attached to defendant's notice of filing of affidavits in support of jurisdiction establish by a preponderance of the evidence that the amount in controversy as to Rogelio Rodriguez is in excess of $75,000.

8 In deciding whether the amount in controversy requirement is met when determining this Court's jurisdiction over an action removed from state court, it is the removing defendant's burden to show by a preponderance of the evidence that the action involves more than $75,000. A removing defendant may support federal jurisdiction by establishing the facts in controversy in the removal petition or an accompanying affidavit to show that the amount in controversy is met. *Felton v. Greyhound Lines, Inc.* 324 Fd. 3rd 771, 773-74 (5th Cir. 2003).

9. As demonstrated by the affidavit of Chris Crockett, on May 7, 2004, just prior to filing suit, Plaintiff Rogelio Rodriguez's counsel, Randall P. Crane, sent to GAB Robins North America, Inc., which was adjusting the claim for Defendant's liability insurance carrier, a "STOWERS NOTICE – DEMAND FOR SETTLEMENT." *See* Affidavit of Chris Crockett (attached to Defendant's Notice of Filing of Affidavits in Support of Jurisdiction as Exhibit B). This

2

notice and demand for settlement asserted that Plaintiff Rogelio Rodriguez's total medical expenses to date as a result of the accident made the basis of the suit were $18,427.97. The notice and demand for settlement went on to assert that the total estimated future medical expenses for Plaintiff Rogelio Rodriguez will be $87,240.00. Taken together, these sums equal $105,667.97, far more than the $75,000 amount in controversy requirement for diversity jurisdiction.

10.   In addition, the notice and demand for settlement went on to formally request that Defendant's carrier tender its policy limits under the so-called Stowers Doctrine. As demonstrated by the affidavits and documents attached to defendant's notice of filing of affidavits in support of jurisdiction, the policy limits in this case are $300,000. *See* Affidavit of Chris Crockett (attached to Defendant's Notice of Filing of Affidavits in Support of Jurisdiction as Exhibit B). Again, this is far in excess of the $75,000 amount in controversy requirement to establish diversity jurisdiction.

11.   As established by the specific facts in controversy set forth in the Plaintiffs' original petition and herein; and the evidence in support, Defendant has established by a preponderance of the evidence that the claims brought by Rogelio Rodriguez in this case exceed the $75,000 amount in controversy requirement. Therefore, federal jurisdiction is proper in this case as to Plaintiff Rogelio Rodriguez.

12.   As to Plaintiff Elizabeth Rodriguez, it is unknown whether or not the $75,000 amount in controversy requirement is independently met. The Plaintiffs' original petition seeks on her behalf damages for loss of affection, solace, comfort, companionship, society, and assistance that she previously received from her spouse, as well as what she would have received from her spouse in the future. The petition is silent with respect to a specific amount in controversy and the

3

aforementioned May 7, 2004 notice and demand for settlement does not make reference to the claims of Elizabeth Rodriguez.

13. Nevertheless, this Court has supplemental jurisdiction over the claims of Elizabeth Rodriguez pursuant to 28 U.S.C. § 1367. Elizabeth Rodriguez's claims are closely related to, and form part of, the same case and controversy as Rogelio Rodriguez's claims. Under Texas law, Elizabeth Rodriguez's claims are purely derivative of the claims of her husband, Rogelio Rodriguez, and do not even constitute a separate "bodily injury." *McGovern v. Williams*, 741 S.W.2d 373, 374 (Tex. 1987). Accordingly, the Court has supplemental jurisdiction over Elizabeth Rodriguez's claims and there is no requirement that Defendant establish that her claims independently meet the $75,000 amount in controversy requirement. *George v. Fields*, 2002 WL 31086079 *2 (E.D. La. 2002)(not designated for publication). *See Carey v. E.I. du Pont de Nemours & Co.*, 209 F. Supp. 2nd 641, 645-49 (N.D. La. 2002).

14. Pursuant to 28 U.S.C. § 1446(d), the Plaintiffs are being provided with written notice of the filing of this notice of removal.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being filed with the Clerk of the 357th District Court of Cameron County, Texas.

16. In accordance with Rule 81 of the Local Rules of the United States District Court, Southern District of Texas, attached hereto are the following documents:

    a. All executed process in this case;

    b. All pleadings asserting causes of actions and all answers to such pleadings, including the Plaintiffs' Original Petition and Defendant's Original Answer;

4

    c.    Clerk's Entries from Cause No. 2004-06-002961-E, styled *Rogelio Rodriguez and Elizabeth Rodriguez v. James Arthur Larson*, pending in the 357th District Court of Cameron County, Texas;

    d.    An Index of Matters Being Filed with this Notice of Removal; and,

    E.    A List of Counsel of Record, including addresses, telephone numbers and parties represented.

WHEREFORE, Defendant removes the above-captioned matter from the 357th District Court of Cameron County, Texas to this Court.

Respectfully submitted,

By: _____
Frank Weathered; Attorney-in-Charge
State Bar No. 20998600; Fed. ID 2441
Patrick Kasperitis
State Bar No. 11105270; Fed ID 12594

ATTORNEYS FOR JAMES ARTHUR LARSON

OF COUNSEL:
DUNN, WEATHERED, COFFEY, RIVERA,
KASPERITIS & RODRIGUEZ, P.C.
611 S. Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594
~~(361) 883-1599 (Telecopy)~~

5

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the \_12th\_ day of August, 2004, served a true and correct copy of the above and foregoing instrument to the listed attorneys of record as indicated below.

**Via Federal Express**
Mr. Randall P. Crane
**LAW FIRM OF RANDALL P. CRANE**
201 S. Sam Houston
San Benito, Texas 78586

ATTORNEY FOR PLAINTIFF

_____
Frank Weathered

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND<br>ELIZABETH RODRIGUEZ | §<br>§<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. _____ |
| | §<br>§ | |
| JAMES ARTHUR LARSON | § | |

**AFFIDAVIT OF CHRIS CROCKETT IN SUPPORT OF NOTICE OF REMOVAL**

Before me, the undersigned authority, personally appeared Chris Crockett, who being by me duly sworn, deposed as follows:

My name is Chris Crockett, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated, all of which facts are true and correct based upon my personal knowledge:

I am claims manager in the Escanaba, Michigan branch claim office of Auto-Owners Insurance, one of whose companies is the automobile liability insurance carrier for James Arthur Larson during the policy period between December 4, 2002 and June 4, 2003. As claims manager, I am generally familiar with the claim made against Mr. Larson by Rogelio Rodriguez in connection with a vehicular collision that occurred on January 16, 2003 in Cameron County, Texas.

Attached hereto as Exhibit 1 is a true and correct copy from the carrier's file of a May 7, 2004 "Stowers Notice – Demand for Settlement," which was originally sent by attorney Randall P. Crane to the attention of Mr. Simon Rocha with GAB Robins North American, Inc.(GAB) in Harlingen, Texas. GAB, is an independent adjusting firm that was retained by Auto-Owners Insurance to assist in adjusting Mr. Rodriguez's claim against Mr. Larson.



EXHIBIT
B

Attached hereto as Exhibit 2, is a page from Mr. Larson's insurance policy, indicating that the residual combined limits of liability are $300,000 per occurrence.

Further Affiant sayeth not.

*/s/ Chris Crockett*
CHRIS CROCKETT

STATE OF MICHIGAN §
COUNTY OF Delta §
§

SWORN TO AND SUBSCRIBED BEFORE ME, by the said Chris Crockett, on this the 9 day of August, 2004, to certify which witness my hand and seal of office.

*/s/ George W. Milkovich*
Notary Public, State of Michigan

GEORGE W. MILKOVICH
Notary Public, Delta Co., MI
My Comm. Expires May 7, 2006

2

# RANDALL P. CRANE
**Attorney At Law**
201 S. Sam Houston
San Benito, Texas 78586

Board Certified Personal Injury Trial Law
Texas Board of Legal Specialization

Phone (956) 399-2496
Fax   (956) 399-7398

May 7, 2004

GAB Robins North America, Inc.
632 Ed Carey Drive, Suite 700
Harlingen, Texas 78550-7965

Re:
GAB File: 34718-44928
Policy #: 34718-44928
Your Insured: James Arthur Larson
Our Client: Rogelio Rodriguez
Date of Injury: 01/16/03

## STOWERS NOTICE- DEMAND FOR SETTLEMENT

Dear Mr. Rocha:

As you know, I represent Rogelio Rodriguez in regard to personal injuries sustained as the result of an automobile collision which occurred on January 16, 2003.  Rogelio Rodriguez was traveling approximately 55 miles per hour when he was suddenly and unexpectedly struck by a vehicle driven by your insured, James Arthur Larson.

As a result of this collision, Rogelio Rodriguez was taken to the hospital (Valley Baptist Medical Center) where he was treated for injuries to his chest, fracture to the right rib, neck, and his body in general. Enclosed as Exhibit "1" , is a copy of the hospital record from Valley Baptist Medical Center pertaining to Rogelio Rodriguez.

Thereafter, Rogelio Rodriguez saw Dr. Abraham Cano because he continued to have pain to his right shoulder, ribs, head contusion and body in general. Mr. Rodriguez was given medication and was prescribed physical therapy. His therapy continued for fourteen (14) visits. Dr. Cano's records are attached hereto as Exhibit "2".

Mr. Rodriguez did not, however, recover from all his injuries and thereafter sought treatment with Dr. D.S. Gill for his neck, upper back, lower back, chest, right shoulder and body in general.  Due to Mr. Rodriguez's continued back problems, Dr. Gill ordered an MRI of the lumbar spine which was done at Rio Grande Valley Imaging on October 8, 2003. The MRI report is attached hereto as Exhibit "3". Dr. Gill's medical records are attached hereto as Exhibit "4". Dr. Gill states in his final report that the injuries sustained by Mr. Rodriguez are the proximate result of the motor vehicle


EXHIBIT 1

accident of January 16, 2003 and that he continues to complain of pain to his neck, back, as well as myofascitis with myofascial trigger point tenderness in his trapezius, rhomboids and lumbar paravertebral muscles of the lumbar spine bilaterally. His pain is aggravated by prolonged standing, walking, bending and lifting activities. Dr. Gill further states that Mr. Rodriguez would benefit from medical care, intramyofascial injection therapy, myofascial release, phonophoresis and may benefit from lumbar and cervical epidural steroid injections. If conservative treatments fail, Mr. Rodriguez may become a surgical candidate.

Because of the serious nature of Mr. Rodriguez's injuries he sought the opinion of an orthopedic surgeon, Dr. Jorge Tijmes. Dr. Tijmes request an MRI of the cervical spine which was done on November 13, 2003, a copy of which is attached hereto as Exhibit "5". Dr. Tijmes saw Mr. Rodriguez on two separate occasions for neck pain, low back pain and right shoulder pain. Dr. Tijmes states in his report that Mr. Rodriguez's injuries are secondary to the motor vehicle accident. He also states that the MRI of the cervical spine revealed varying disc protrusions and effacement and the plan would be to continue with medication and that Mr. Rodriguez would benefit from treatment at a pain clinic. Dr. Tijmes records are attached hereto as Exhibit "6".

Mr. Rodriguez decided to seek treatment locally so he wouldn't have to travel to McAllen and therefore saw Dr. Herman Keillor (orthopedic surgeon). Dr. Keillor recommended that Mr. Rodriguez be seen by a neurologist and feels there is a problem with the L4-5 level which has a two-millimeter broad based disk protrusion that effaces the fat along with a straightening of the lumbar spine. There is also disk bulging at C3-4 through C6-7 with disk protrusion and effacement of the central CSF. Specifically there is a two-millimeter disk broad based protrusion at the C3-4 with no nerve root compression, there is also a one-millimeter protrusion at the C4-5 and at the C5-6 there is a 1.5 millimeter protrusion with severe effacement of the cord. Mr. Rodriguez also complained of numbness and tingling of his arm. Dr. Keillor's records are attached hereto as Exhibit "7".

**Medical Specials:**
Below is an outline of the medical specials incurred to date by Rogelio Rodriguez, which are attached as Exhibit "8":

| | |
|---|---|
| Valley Baptist Medical Center | $3,124.60 |
| Dr. Abraham Cano | $2,279.00 |
| Dr. D.S. Gill (Foccus Medicine Center) | $2,765.00 |
| OIS Rehabilitation Center | $4,362.00 |
| McAllen MRI | $1,850.00 |
| Rio Grande Valley Imaging | $1,400.00 |
| Dr. Eric Bennos | $ 300.00 |
| Dr. Jorge Tijmes | $1,550.00 |
| Dr. Herman Keillor | $ 797.37 |
| **TOTAL MEDICAL** | **$18,427.97** |

**Future Medical:**
Based on the reports from Dr. Gill, which is attached hereto as Exhibit "4", Mr. Rodriguez will require future medical as follows:

| | |
|---|---|
| Myofascial release and phonophoresis 3 times a week for 4-6 weeks for 2-3 years | $4,000.00-$6,000.00 or $6,000.00-$9,000.00 |
| Medical care and intramyofascial injection therapy | $1,500.00-$1,800.00 per year 2-3 yrs = $3,000.00-3,600.00 |
| Cervical Epidural steroid injections | $3,900.00 |
| Lumbar epidural steroid injections | $3,900.00 |
| Lumbar laminectomy & fusion | $31,240.00 |
| Cervical Diskectomy & Interbody Fusion | $35,600.00 |
| **Total Estimated Future Medical** | **$87,240.00** |

It seems highly probable that when Mr. Rodriguez sees a neurologist, that doctor will recommend surgical intervention which will increase future medical.

Liability in this case is not seriously in question and it seems highly probable that a jury in Cameron County, Texas, will return a verdict in favor of the ROGELIO RODRIGUEZ in excess of your insured's policy limits.

Therefore, pursuant to the Stowers Doctrine, we hereby offer to settle this case on behalf of our client, ROGELIO RODRIGUEZ for your insured's policy limits.

Please provide the dec sheet to confirm the amount of the policy limits. This offer will be held open until May 31, 2004.

In return for payment of policy limits, ROGELIO RODRIGUEZ will execute a full and final release against your insured, JAMES ARTHUR LARSON, and his insuror, releasing them from any future liability and taking full responsibility for payment of any and all outstanding medical liens

This is a classic case for application of the Stowers Doctrine in the event your client fails or refuses to accept this opportunity to settle this case within the policy limits. The five requisites of the Stowers case will clearly be present in the event of such refusal:

1) A clear case of liability on the part of the insured;
2) Complete control of the case by the carrier;
3) A demand within the policy limits;
4) A negligent refusal by the insurance carrier to settle within the policy limits; and
5) A verdict in excess of the policy limits.

Please consider this letter a formal request for you to **tender your policy limits under the Stowers Doctrine as that case is applied by Texas jurisprudence.**

Settlement negotiations would greatly be enhanced if you would furnish this office with the declaration page outlining the coverage available to your insured. Although this claim is not yet in litigation, **Pursuant to TRCP 192.1(b), I ask that you furnish this office with a copy of the declaration page.** Keep in mind that a party should not be forced to unnecessarily file litigation to discover matters which are discoverable in the first place. Failure to comply with this request is acting in bad faith.

Sincerely,

RANDALL P. CRANE

RPC:
Enclosures
(CERTIFIED MAIL, RETURN RECEIPT REQUESTED #7002 0860 0001 1952 8939)