


UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF TEXAS  
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ | § § § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| JAMES ARTHUR LARSON | § § | |

**DEFENDANT'S OBJECTIONS TO
PLAINTIFFS' PROPOSED TRIAL EXHIBITS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES James Arthur Larson, Defendant in the above-entitled and numbered cause, and, pursuant to LR46, files his objections to Plaintiffs' Proposed Trial Exhibits, in support thereof showing this Court as follows:

### INTRODUCTION

1. The Court granted the parties' Agreed Motion for Leave to File Joint Pretrial Order After Deadline, and accepted the Joint Pretrial Order for filing on April 6, 2006. Attached thereto, as EXHIBIT A-1, is Plaintiffs' Exhibit List. A true and correct copy of EXHIBIT A-1 is attached to this filing, for the Court's convenience.

2. Plaintiffs' Exhibit List includes, in paragraph b), a listing of documentary medical bills which Plaintiff expresses an intent to use as deposition exhibits. The documents purport to reflect the medical charges of the following medical providers:

    a) Dr. Jorge J. Tijmes (Southern Bone & Joint Center Associates)
    b) Dr. Abram Cano
    c) Dr. Herman Keillor (Harlingen Bone & Joint Clinic, P.A.)
    d) Dr. D. S. Gill (Foccus Medicine Center)
    e) Dr. D. S. Gill (OIS Rehab Center)
    f) McAllen MRI Center

  g) Rio Grande Valley Imaging Center
  h) Valley Baptist Medical Center
  I) Dr. Eric Bennos
  j) EMCare Har Emerg Physicians, PA

As required by LR 46, true and correct copies of the proposed exhibits are included with this filing for the Court's consideration.

## GENERAL STATEMENT OF OBJECTIONS

3. Defendant objects to each of the medical bills listed in Plaintiff's Exhibit List, paragraph b), to the extent that an improper foundation has been laid for the admission of these medical bills into evidence before the jury. Additionally, the evidence has not been fully and properly disclosed in Plaintiffs' responses to interrogatories, or in Plaintiff's Rule 26 Disclosures. Further, pursuant to TEX. CIV. PRAC. & REM. CODE §41.0105, a party may not recover medical or healthcare expenses above the amount actually paid or incurred by or on behalf of the claimant. Plaintiff has produced no evidence that the bills contained in EXHIBIT A were actually paid, or remain due and owing by Plaintiff or by anyone on his behalf. Consequently, such bills are not recoverable and should not be presented to the jury.

## STANDARD OF REVIEW

4. In a case based on diversity jurisdiction, Federal Courts apply federal standards of review to assess the sufficiency or insufficiency of the evidence, but in doing so, refer to state law for the kind of evidence that must be produced to support a verdict. *See* Hamburger v. State Farm Mutual Automobile Ins. Co., 361 F.3d 875, 884 (5th Cir. 2004). Under Texas law, an injured party who receives medical treatment may recover only those reasonable medical expenses necessarily incurred because of the injury suffered in the occurrence involved in the litigation. *See* Texarkana Memorial

Hospital v. Murdock, 946 S.W.2d 836, 839-40 (Tex. 1997). Furthermore, affidavits or testimony provided by medical providers or custodians of medical records affidavits proving the "reasonableness and necessity" of medical expenses does not address issues of causation. *See* Sloan v Molandes, 32 S.W.3d 745, 752 (Tex. App.—Beaumont 2000, no pet.), and Barrajas v. VIA Metropolitan Transit Authority, 945 S.W.2d 207, 208 (Tex. App.—San Antonio 1997, no pet.). Consequently, for the evidence referenced by Plaintiffs' counsel to be admissible before the jury under Texas law, the evidence must show that the medical bills represent the reasonable charges for services in that geographical region, and were necessary to treat Plaintiff for injuries that were incurred in the incident made the basis of this suit. The affidavit and documentary evidence propounded by Plaintiffs' counsel cannot satisfy all of these requirements.

## SPECIFIC OBJECTIONS

5. Plaintiff has listed the medical providers from whom he desires to present documentary evidence. Defendant specifically objects to these records as follows:

a) **Dr. Jorge J. Tijmes (Southern Bone & Joint Center Associates)**. The deposition questions propounded to Dr. Tijmes do not address the issue of causation. Specifically, Dr. Tijmes does not testify in his deposition on written questions that the charges that were incurred resulted from the incident made the basis of this suit on January 16, 2003. Instead, the questions merely address the issues of whether the charges are reasonable and necessary at that geographical location and at that time. Furthermore, the records do not address how much of the amount was actually paid or remains due and owing under Chapter 41.0105 of the Texas Civil Practice & Remedies Code. It merely states the total amount of charges. However, Plaintiff's interrogatory answers illustrate plainly that this accident was the result of an on-the-job injury which was compensated under the

workers' compensation scheme of the state of Texas. The Workers' Compensation Act, found in the Texas Labor Code, fixes the amount of payment due for services required. Tex. Labor Code Ann. §413.011. Further, the Code prohibits a medical provider from attempting to collect additional sums directly from the employees. *Id.* §413.042. *See also*, Daughters of Charity Hosp. v. Linnstedter, 151 S.W.3d 667, 668 (Tex. App.—Waco 2004, writ granted). Plaintiff has provided no evidence of the amount actually paid or which remains due and owing. Therefore, the amount contained in Dr. Tijmes' affidavit does not represent the amount of medical charges which are recoverable. As such, the charges contained in those medical bills are not relevant to issues that will properly be placed before the jury. *See* FED. R. EVID. 402. Further, the introduction of this evidence, even if relevant, would confuse the jury as to the proper amount of medical bills which are actually recoverable and would waste the jury's time on medical bills which are not recoverable. Therefore, these medical bills should be excluded pursuant to FED. R. EVID. 403.

    b) **Dr. Abram Cano.** The deposition questions propounded to Dr. Cano do not address the issue of causation. Specifically, Dr. Cano does not testify in his deposition on written questions that the charges that were incurred resulted from the incident made the basis of this suit on January 16, 2003. Instead, the questions merely address the issues of whether the charges are reasonable and necessary at that geographical location and at that time. Furthermore, the records do not address how much of the amount was actually paid or remains due and owing under Chapter 41.0105 of the Texas Civil Practice & Remedies Code. It merely states the total amount of charges. However, Plaintiff's interrogatory answers illustrate plainly that this accident was the result of an on-the-job injury which was compensated under the workers' compensation scheme of the state of Texas. The Workers' Compensation Act, found in the Texas Labor Code, fixes the amount of payment due for services

required. Tex. Labor Code Ann. §413.011. Further, the Code prohibits a medical provider from attempting to collect additional sums directly from the employees. *Id.* §413.042. *See also*, Daughters of Charity Hosp. v. Linnstedter, 151 S.W.3d 667, 668 (Tex. App.—Waco 2004, writ granted). Plaintiff has provided no evidence of the amount actually paid or which remains due and owing. Therefore, the amount contained in Dr. Cano's affidavit does not represent the amount of medical charges which are recoverable. As such, the charges contained in those medical bills are not relevant to issues that will properly be placed before the jury. *See* FED. R. EVID. 402. Further, the introduction of this evidence, even if relevant, would confuse the jury as to the proper amount of medical bills which are actually recoverable and would waste the jury's time on medical bills which are not recoverable. Therefore, these medical bills should be excluded pursuant to FED. R. EVID. 403.

    c) **Dr. Herman Keillor (Harlingen Bone & Joint Clinic, P.A.** The deposition questions propounded to Dr. Keillor do not address the issue of causation. Specifically, Dr. Keillor does not testify in his deposition on written questions that the charges that were incurred resulted from the incident made the basis of this suit on January 16, 2003. Instead, the questions merely address the issues of whether the charges are reasonable and necessary at that geographical location and at that time. Furthermore, the records do not address how much of the amount was actually paid or remains due and owing under Chapter 41.0105 of the Texas Civil Practice & Remedies Code. It merely states the total amount of charges. However, Plaintiff's interrogatory answers illustrate plainly that this accident was the result of an on-the-job injury which was compensated under the workers' compensation scheme of the state of Texas. The Workers' Compensation Act, found in the Texas Labor Code, fixes the amount of payment due for services required. Tex. Labor Code Ann. §413.011. Further, the Code prohibits a medical provider from attempting to collect additional sums directly

from the employees. *Id.* §413.042. *See also*, <u>Daughters of Charity Hosp. v. Linnstedter</u>, 151 S.W.3d 667, 668 (Tex. App.—Waco 2004, writ granted). Plaintiff has provided no evidence of the amount actually paid or which remains due and owing. Therefore, the amount contained in Dr. Keillor's affidavit does not represent the amount of medical charges which are recoverable. As such, the charges contained in those medical bills are not relevant to issues that will properly be placed before the jury. *See* FED. R. EVID. 402. Further, the introduction of this evidence, even if relevant, would confuse the jury as to the proper amount of medical bills which are actually recoverable and would waste the jury's time on medical bills which are not recoverable. Therefore, these medical bills should be excluded pursuant to FED. R. EVID. 403.

    d) **Dr. D. S. Gill (Foccus Medicine Center).** The deposition questions propounded to Dr. Gill do not address the issue of causation. Specifically, Dr. Gill does not testify in his deposition on written questions that the charges that were incurred resulted from the incident made the basis of this suit on January 16, 2003. Instead, the questions merely address the issues of whether the charges are reasonable and necessary at that geographical location and at that time. Furthermore, the records do not address how much of the amount was actually paid or remains due and owing under Chapter 41.0105 of the Texas Civil Practice & Remedies Code. It merely states the total amount of charges. However, Plaintiff's interrogatory answers illustrate plainly that this accident was the result of an on-the-job injury which was compensated under the workers' compensation scheme of the state of Texas. The Workers' Compensation Act, found in the Texas Labor Code, fixes the amount of payment due for services required. Tex. Labor Code Ann. §413.011. Further, the Code prohibits a medical provider from attempting to collect additional sums directly from the employees. *Id.* §413.042. *See also*, <u>Daughters of Charity Hosp. v. Linnstedter</u>, 151 S.W.3d 667, 668 (Tex.

App.—Waco 2004, writ granted). Plaintiff has provided no evidence of the amount actually paid or which remains due and owing. Therefore, the amount contained in Dr. Gill's affidavit does not represent the amount of medical charges which are recoverable. As such, the charges contained in those medical bills are not relevant to issues that will properly be placed before the jury. *See* FED. R. EVID. 402. Further, the introduction of this evidence, even if relevant, would confuse the jury as to the proper amount of medical bills which are actually recoverable and would waste the jury's time on medical bills which are not recoverable. Therefore, these medical bills should be excluded pursuant to FED. R. EVID. 403.

e) **Dr. D. S. Gill (OIS Rehab Center).** The deposition questions propounded to Dr. Gill do not address the issue of causation. Specifically, Dr. Gill does not testify in his deposition on written questions that the charges that were incurred resulted from the incident made the basis of this suit on January 16, 2003. Instead, the questions merely address the issues of whether the charges are reasonable and necessary at that geographical location and at that time. Furthermore, the records do not address how much of the amount was actually paid or remains due and owing under Chapter 41.0105 of the Texas Civil Practice & Remedies Code. It merely states the total amount of charges. However, Plaintiff's interrogatory answers illustrate plainly that this accident was the result of an on-the-job injury which was compensated under the workers' compensation scheme of the state of Texas. The Workers' Compensation Act, found in the Texas Labor Code, fixes the amount of payment due for services required. Tex. Labor Code Ann. §413.011. Further, the Code prohibits a medical provider from attempting to collect additional sums directly from the employees. *Id.* §413.042. *See also,* Daughters of Charity Hosp. v. Linnstedter, 151 S.W.3d 667, 668 (Tex. App.—Waco 2004, writ granted). Plaintiff has provided no evidence of the amount actually paid or

which remains due and owing. Therefore, the amount contained in Dr. Gill's affidavit does not represent the amount of medical charges which are recoverable. As such, the charges contained in those medical bills are not relevant to issues that will properly be placed before the jury. *See* FED. R. EVID. 402. Further, the introduction of this evidence, even if relevant, would confuse the jury as to the proper amount of medical bills which are actually recoverable and would waste the jury's time on medical bills which are not recoverable. Therefore, these medical bills should be excluded pursuant to FED. R. EVID. 403.

    f) **McAllen MRI Center.** The deposition questions propounded to the custodian of records for McAllen MRI Center do not address the issue of causation. Specifically, the custodian of records for McAllen MRI Center does not testify in his/her deposition on written questions that the charges that were incurred resulted from the incident made the basis of this suit on January 16, 2003. Instead, the questions merely address the issues of whether the charges are reasonable and necessary at that geographical location and at that time. Furthermore, the records do not address how much of the amount was actually paid or remains due and owing under Chapter 41.0105 of the Texas Civil Practice & Remedies Code. It merely states the total amount of charges. However, Plaintiff's interrogatory answers illustrate plainly that this accident was the result of an on-the-job injury which was compensated under the workers' compensation scheme of the state of Texas. The Workers' Compensation Act, found in the Texas Labor Code, fixes the amount of payment due for services required. Tex. Labor Code Ann. §413.011. Further, the Code prohibits a medical provider from attempting to collect additional sums directly from the employees. *Id.* §413.042. *See also,* Daughters of Charity Hosp. v. Linnstedter, 151 S.W.3d 667, 668 (Tex. App.—Waco 2004, writ granted). Plaintiff has provided no evidence of the amount actually paid or which remains due and owing.

Therefore, the amount contained in the custodian's affidavit does not represent the amount of medical charges which are recoverable. As such, the charges contained in those medical bills are not relevant to issues that will properly be placed before the jury. *See* FED. R. EVID. 402. Further, the introduction of this evidence, even if relevant, would confuse the jury as to the proper amount of medical bills which are actually recoverable and would waste the jury's time on medical bills which are not recoverable. Therefore, these medical bills should be excluded pursuant to FED. R. EVID. 403. Furthermore, the records obtained from McAllen MRI Center contain no deposition testimony regarding the reasonableness or necessity of the charges contained therein. Consequently, these records do not satisfy the simple requirement of Civ. Prac. & Rem. Code §18.001 et seq.

    g) **Rio Grande Valley Imaging Center.** The records obtained from Rio Grande Valley Imaging Center contain no deposition testimony regarding the reasonableness or necessity of the charges contained therein. The records were not timely filed. They were filed on April 19, 2006, less than the thirty (30) days required by §18.001(d). Consequently, these records do not satisfy the simple requirement of Civ. Prac. & Rem. Code §18.001 et seq. The deposition questions propounded to the custodian of records for Rio Grande Valley Imaging Center do not address the issue of causation. Specifically, the custodian of records for Rio Grande Valley Imaging Center does not testify in his/her deposition on written questions that the charges that were incurred resulted from the incident made the basis of this suit on January 16, 2003. Instead, the questions merely address the issues of whether the charges are reasonable and necessary at that geographical location and at that time. Furthermore, the records do not address how much of the amount was actually paid or remains due and owing under Chapter 41.0105 of the Texas Civil Practice & Remedies Code. It merely states the total amount of charges. However, Plaintiff's interrogatory answers illustrate

plainly that this accident was the result of an on-the-job injury which was compensated under the workers' compensation scheme of the state of Texas. The Workers' Compensation Act, found in the Texas Labor Code, fixes the amount of payment due for services required. Tex. Labor Code Ann. §413.011. Further, the Code prohibits a medical provider from attempting to collect additional sums directly from the employees. *Id.* §413.042. *See also*, Daughters of Charity Hosp. v. Linnstedter, 151 S.W.3d 667, 668 (Tex. App.—Waco 2004, writ granted). Plaintiff has provided no evidence of the amount actually paid or which remains due and owing. Therefore, the amount contained in the custodian's affidavit does not represent the amount of medical charges which are recoverable. As such, the charges contained in those medical bills are not relevant to issues that will properly be placed before the jury. *See* FED. R. EVID. 402. Further, the introduction of this evidence, even if relevant, would confuse the jury as to the proper amount of medical bills which are actually recoverable and would waste the jury's time on medical bills which are not recoverable. Therefore, these medical bills should be excluded pursuant to FED. R. EVID. 403. Plaintiff attempts to cure the defects in the foundation for presenting this evidence to the jury by filing his Notice of Declaration with attached affidavit of the custodian of records for Rio Grande Valley Imaging Center on April 19, 2006. However, Plaintiff filed these records approximately two weeks prior to the pre-trial conference and jury selection in this case. This was more than six weeks after the expiration of the discovery deadline. Consequently, Defendant could not take any depositions or conduct any discovery to rebut the authenticity or admissibility of the information contained within the affidavits. Federal Rules of Evidence 902(11) requires a party intending to offer records into evidence to provide written notice of that intention sufficiently in advance of their offer into evidence to provide the adverse party with a fair opportunity to challenge them. Defendant has not had a fair opportunity

to challenge these records and, therefore, the records are not admissible for this reason, as well. Further, the hearsay exception under which Plaintiff seeks to introduce this evidence is found in Rule 803(6). This requires compliance with FED. R. EVID. 902(11), including the fair notice provisions contained therein, to satisfy the hearsay exception. Defendant, therefore, further objects to custodian's medical affidavit and medical bills as inadmissible hearsay.

h) **Valley Baptist Medical Center.** The deposition questions propounded to the custodian of records for Valley Baptist Medical Center do not address the issue of causation. Specifically, the custodian of records for Valley Baptist Medical Center does not testify in his/her deposition on written questions that the charges that were incurred resulted from the incident made the basis of this suit on January 16, 2003. Instead, the questions merely address the issues of whether the charges are reasonable and necessary at that geographical location and at that time. Furthermore, the records do not address how much of the amount was actually paid or remains due and owing under Chapter 41.0105 of the Texas Civil Practice & Remedies Code. It merely states the total amount of charges. However, Plaintiff's interrogatory answers illustrate plainly that this accident was the result of an on-the-job injury which was compensated under the workers' compensation scheme of the state of Texas. The Workers' Compensation Act, found in the Texas Labor Code, fixes the amount of payment due for services required. Tex. Labor Code Ann. §413.011. Further, the Code prohibits a medical provider from attempting to collect additional sums directly from the employees. *Id.* §413.042. *See also,* Daughters of Charity Hosp. v. Linnstedter, 151 S.W.3d 667, 668 (Tex. App.—Waco 2004, writ granted). Plaintiff has provided no evidence of the amount actually paid or which remains due and owing. Therefore, the amount contained in the custodian's affidavit does not represent the amount of medical charges which are recoverable. As such, the charges contained

in those medical bills are not relevant to issues that will properly be placed before the jury. *See* FED. R. EVID. 402. Further, the introduction of this evidence, even if relevant, would confuse the jury as to the proper amount of medical bills which are actually recoverable and would waste the jury's time on medical bills which are not recoverable. Therefore, these medical bills should be excluded pursuant to FED. R. EVID. 403. Furthermore, the records obtained from Valley Baptist Medical Center contain no deposition testimony regarding the reasonableness or necessity of the charges contained therein. Consequently, these records do not satisfy the simple requirement of Civ. Prac. & Rem. Code §18.001 et seq.

  I) **Dr. Eric Bennos.** The records obtained from Dr. Bennos contain no deposition testimony regarding the reasonableness or necessity of the charges contained therein. The records were not timely filed. They were filed on April 19, 2006, less than the thirty (30) days required by §18.001(d). Consequently, these records do not satisfy the simple requirement of Civ. Prac. & Rem. Code §18.001 et seq. The deposition questions propounded to Dr. Bennos do not address the issue of causation. Specifically, Dr. Bennos does not testify in his deposition on written questions that the charges that were incurred resulted from the incident made the basis of this suit on January 16, 2003. Instead, the questions merely address the issues of whether the charges are reasonable and necessary at that geographical location and at that time. Furthermore, the records do not address how much of the amount was actually paid or remains due and owing under Chapter 41.0105 of the Texas Civil Practice & Remedies Code. It merely states the total amount of charges. However, Plaintiff's interrogatory answers illustrate plainly that this accident was the result of an on-the-job injury which was compensated under the workers' compensation scheme of the state of Texas. The Workers' Compensation Act, found in the Texas Labor Code, fixes the amount of payment due for services

required. Tex. Labor Code Ann. §413.011. Further, the Code prohibits a medical provider from attempting to collect additional sums directly from the employees. *Id.* §413.042. *See also*, Daughters of Charity Hosp. v. Linnstedter, 151 S.W.3d 667, 668 (Tex. App.—Waco 2004, writ granted). Plaintiff has provided no evidence of the amount actually paid or which remains due and owing. Therefore, the amount contained in Dr. Bennos' affidavit does not represent the amount of medical charges which are recoverable. As such, the charges contained in those medical bills are not relevant to issues that will properly be placed before the jury. *See* FED. R. EVID. 402. Further, the introduction of this evidence, even if relevant, would confuse the jury as to the proper amount of medical bills which are actually recoverable and would waste the jury's time on medical bills which are not recoverable. Therefore, these medical bills should be excluded pursuant to FED. R. EVID. 403. Plaintiff attempts to cure the defects in the foundation for presenting this evidence to the jury by filing his Notice of Declaration with attached affidavit of Dr. Bennos on April 19, 2006. However, Plaintiff filed these records approximately two weeks prior to the pre-trial conference and jury selection in this case. This was more than six weeks after the expiration of the discovery deadline. Consequently, Defendant could not take any depositions or conduct any discovery to rebut the authenticity or admissibility of the information contained within the affidavits. Federal Rules of Evidence 902(11) requires a party intending to offer records into evidence to provide written notice of that intention sufficiently in advance of their offer into evidence to provide the adverse party with a fair opportunity to challenge them. Defendant has not had a fair opportunity to challenge these records and, therefore, the records are not admissible for this reason, as well. Further, the hearsay exception under which Plaintiff seeks to introduce this evidence is found in Rule 803(6). This requires compliance with FED. R. EVID. 902(11), including the fair notice provisions contained

therein, to satisfy the hearsay exception. Defendant, therefore, further objects to custodian's medical affidavit and medical bills as inadmissible hearsay.

j) **EMCare Har Emerg Physicians, PA.** The deposition questions propounded to the custodian of records for EMCare Har Emerg Physicians, PA, do not address the issue of causation. Specifically, the custodian of records for EMCare Har Emerg Physicians, PA, does not testify in his/her deposition on written questions that the charges that were incurred resulted from the incident made the basis of this suit on January 16, 2003. Instead, the questions merely address the issues of whether the charges are reasonable and necessary at that geographical location and at that time. Furthermore, the records do not address how much of the amount was actually paid or remains due and owing under Chapter 41.0105 of the Texas Civil Practice & Remedies Code. It merely states the total amount of charges. However, Plaintiff's interrogatory answers illustrate plainly that this accident was the result of an on-the-job injury which was compensated under the workers' compensation scheme of the state of Texas. The Workers' Compensation Act, found in the Texas Labor Code, fixes the amount of payment due for services required. Tex. Labor Code Ann. §413.011. Further, the Code prohibits a medical provider from attempting to collect additional sums directly from the employees. *Id.* §413.042. *See also*, Daughters of Charity Hosp. v. Linnstedter, 151 S.W.3d 667, 668 (Tex. App.—Waco 2004, writ granted). Plaintiff has provided no evidence of the amount actually paid or which remains due and owing. Therefore, the amount contained in the custodian's affidavit does not represent the amount of medical charges which are recoverable. As such, the charges contained in those medical bills are not relevant to issues that will properly be placed before the jury. *See* FED. R. EVID. 402. Further, the introduction of this evidence, even if relevant, would confuse the jury as to the proper amount of medical bills which are actually recoverable and would

waste the jury's time on medical bills which are not recoverable. Therefore, these medical bills should be excluded pursuant to FED. R. EVID. 403. Furthermore, the records obtained from EMCare Har Emerg Physicians, PA, contain no deposition testimony regarding the reasonableness or necessity of the charges contained therein. Consequently, these records do not satisfy the simple requirement of Civ. Prac. & Rem. Code §18.001 et seq.

## PRAYER

WHEREFORE, Defendant requests that the Court, after consideration of the objections contained herein, grant each of the objections and exclude the documentary evidence from admission before the jury for any purposes. Defendant seeks all other and further relief to which he may show himself entitled.

Respectfully submitted,

DUNN, WEATHERED, COFFEY, RIVERA,
KASPERITIS & RODRIGUEZ, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594 [FAX 883-1599]

BY _____
Patrick R. Kasperitis
SBN 11105270

COUNSEL FOR DEFENDANT

CERTIFICATE OF SERVICE

This is to certify that on the 27th day of April 2006, this document was served on counsel of record as indicated below pursuant to Texas Rules of Civil Procedure.

_____
Patrick R. Kasperitis

**VIA CM/RRR 7005 1820 0002 8532 7950**
Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, Texas 78586