## CPRC §41.0105. EVIDENCE RELATING TO AMOUNT OF ECONOMIC DAMAGES

In addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant.

History of CPRC §41.0105: Acts 2003, 78th Leg., ch. 204, §13.08, eff. Sept. 1, 2003.

## CPRC §41.011. EVIDENCE RELATING TO AMOUNT OF EXEMPLARY DAMAGES

(a) In determining the amount of exemplary damages, the trier of fact shall consider evidence, if any, relating to:

(1) the nature of the wrong;

(2) the character of the conduct involved;

(3) the degree of culpability of the wrongdoer;

(4) the situation and sensibilities of the parties concerned;

(5) the extent to which such conduct offends a public sense of justice and propriety; and

(6) the net worth of the defendant.

(b) Evidence that is relevant only to the amount of exemplary damages that may be awarded is not admissible during the first phase of a bifurcated trial.

History of CPRC §41.011: Acts 1995, 74th Leg., ch. 19, §1, eff. Sept. 1, 1995.
See also *O'Connor's Texas Rules*, "Motions for Severance & Separate Trials," ch. 5-H; *O'Connor's COA*, "Exemplary Damages," ch. 38-G.

*Alamo Nat'l Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex.1981). Because the elements listed in CPRC §41.011(a)(1)-(5) were first articulated in *Kraus*, they are often called the "*Kraus* factors."

*Baribeau v. Gustafson*, 107 S.W.3d 52, 62 (Tex. App.—San Antonio 2003, pet. denied). "The nature of the wrong refers to the injury or harm caused by the defendant's actions. [¶] [T]he situation and sensibilities of the parties ... is closely associated with the defendant's net worth, and weighs the profitability of the wrongful conduct and the size of the award necessary to punish and deter that conduct."

## CPRC §41.012. JURY INSTRUCTIONS

In a trial to a jury, the court shall instruct the jury with regard to Sections 41.001, 41.003, 41.010, and 41.011.

History of CPRC §41.012: Acts 1995, 74th Leg., ch. 19, §1, eff. Sept. 1, 1995.

See also *O'Connor's Texas Rules*, "Motions for Severance & Separate Trials," ch. 5-H; *O'Connor's COA*, "Exemplary Damages," ch. 38-G.

## CPRC §41.013. JUDICIAL REVIEW OF AWARD

(a) Except as provided for in Subsection (b), an appellate court that reviews the evidence with respect to a finding by a trier of fact concerning liability for exemplary damages or with respect to the amount of exemplary damages awarded shall state, in a written opinion, the court's reasons for upholding or disturbing the finding or award. The written opinion shall address the evidence or lack of evidence with specificity, as it relates to the liability for or amount of exemplary damages, in light of the requirements of this chapter.

(b) This section does not apply to the supreme court with respect to its consideration of an application for writ of error.

History of CPRC §41.013: Acts 1995, 74th Leg., ch. 19, §1, eff. Sept. 1, 1995.

*Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 925 (Tex.1998). "When conducting a factual sufficiency review of a punitive damages award amount, irrespective of whether the court of appeals ultimately affirms or reverses the award, the court must detail all relevant evidence in its opinion. [¶] The court of appeals misdefined factual sufficiency review of punitive damages awards as detailing 'the evidence *supportive of the punitive damage award under [Alamo Nat'l Bank v. Kraus*, 616 S.W.2d 908 (Tex.1981)]' and 'the evidence relating to why the evidence supports such award.' Nevertheless, the court of appeals recognized its duty to review 'the evidence supportive of an affirmative finding of gross negligence and apply such evidence, *along with any other evidence*, in determining whether or not the exemplary damages awarded [were] reasonable.'"

*Citizens Nat'l Bank v. Allen Rae Inv.*, 142 S.W.3d 459, 485-86 (Tex.App.—Fort Worth 2004, n.p.h.). "Even when an exemplary damages award is reasonable under governing state law, ... it may violate a party's substantive due process right to protection from 'grossly excessive' damages. To determine whether an award is 'grossly excessive,' a reviewing court considers '(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between actual and punitive damages; and (3) a comparison of the punitive damages awarded and other civil or criminal penalties that could be imposed for similar conduct.'"

except that a copy of the process must be mailed by certified mail.

(d) Service under this section is in addition to procedures provided by Rule 117a of the Texas Rules of Civil Procedure and has the same effect as personal service.

(e) Service of process on the secretary of state under this section must be accompanied by the fee provided by Section 405.031(a), Government Code, for the maintenance by the secretary of state of a record of the service of process.

History of CPRC §17.091: Acts 1985, 69th Leg., ch. 959, §1, eff. Sept. 1, 1985. Amended by Acts 1989, 71st Leg., ch. 384, §14, eff. Sept. 1, 1989; Acts 1991, 72nd Leg., 2nd C.S., ch. 6, §60, eff. Sept. 1, 1991; Acts 1995, 74th Leg., ch. 579, §1, eff. Jan. 1, 1996; Acts 1997, 75th Leg., ch. 948, §5, eff. Sept. 1, 1997; Acts 2001, 77th Leg., ch. 1430, §34, eff. Sept. 1, 2001; H.B. 2491, §28, 79th Leg., eff. Sept. 1, 2005.

See also *O'Connor's Texas Rules*, "Special Appearance – Challenging Personal Jurisdiction," ch. 3-B.

### CPRC §17.092. SERVICE ON NONRESIDENT UTILITY SUPPLIER

A nonresident individual or partnership that supplies gas, water, electricity, or other public utility service to a city, town, or village in this state may be served citation by serving the local agent, representative, superintendent, or person in charge of the nonresident's business.

History of CPRC §17.092: Acts 1985, 69th Leg., ch. 959, §1, eff. Sept. 1, 1985.

See also *O'Connor's Texas Rules*, "Special Appearance – Challenging Personal Jurisdiction," ch. 3-B.

### CPRC §17.093. SERVICE ON FOREIGN RAILWAY

In addition to other methods of service provided by law, process may be served on a foreign railway by serving:

(1) a train conductor who:

(A) handles trains for two or more railway corporations, at least one of which is the foreign corporation and at least one of which is a domestic corporation; and

(B) handles trains for the railway corporations over tracks that cross the state's boundary and on tracks of a domestic corporation within this state; or

(2) an agent who:

(A) has an office in this state; and

(B) sells tickets or makes contracts for the transportation of passengers or property over all or part of the line of the foreign railway.

History of CPRC §17.093: Acts 1985, 69th Leg., ch. 959, §1, eff. Sept. 1, 1985.

See also *O'Connor's Texas Rules*, "Special Appearance – Challenging Personal Jurisdiction," ch. 3-B.

## CHAPTER 18. EVIDENCE

**Subchapter A. Documentary Evidence**
§18.001   Affidavit concerning cost & necessity of services
§18.002   Form of affidavit

**Subchapter B. Presumptions**
§18.031   Foreign interest rate
§18.032   Traffic control device presumed to be lawful
§18.033   State land records

**Subchapter C. Admissibility**
§18.061   Communications of sympathy
§18.062   Certain information relating to identity theft

**Subchapter D. Certain Losses**
§18.091   Proof of certain losses; jury instruction

### SUBCHAPTER A. DOCUMENTARY EVIDENCE

### CPRC §18.001. AFFIDAVIT CONCERNING COST & NECESSITY OF SERVICES

(a) This section applies to civil actions only, but not to an action on a sworn account.

(b) Unless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

(c) The affidavit must:

(1) be taken before an officer with authority to administer oaths;

(2) be made by:

(A) the person who provided the service; or

(B) the person in charge of records showing the service provided and charge made; and

(3) include an itemized statement of the service and charge.

(d) The party offering the affidavit in evidence or the party's attorney must file the affidavit with the clerk of the court and serve a copy of the affidavit on each other party to the case at least 30 days before the day on which evidence is first presented at the trial of the case.

(e) A party intending to controvert a claim reflected by the affidavit must file a counteraffidavit with the clerk of the court and serve a copy of the counteraffidavit on each other party or the party's attorney of record:

(1) not l...

(A) 30 d... affidavit; and

(B) at le... dence is first...

(2) with... commencem...

(f) The... tice of the ba... trial to contr... davit and mu... administer o... by a person w... rience, traini... in contravent... tained in the...

History of CPI 1985. Amended by

See also TRE...

*Jackson* App.—Houst... may prove me... sary either b... mitting affid... also *Rodrigu* 532 (Tex.App.

*Turner v.* Dallas 2001 §18.001(c)(2 non-expert c... affidavit to g which the par... reflected by t... son qualifie... ters contain 18.001 places davits to dis... frustrates the insufficient... equivocal and

*City of El* App.—Austin not address th cost and nec... the affidavit tc reasonable o...

(1) not later than:

(A) 30 days after the day he receives a copy of the affidavit; and

(B) at least 14 days before the day on which evidence is first presented at the trial of the case; or

(2) with leave of the court, at any time before the commencement of evidence at trial.

(f) The counteraffidavit must give reasonable notice of the basis on which the party filing it intends at trial to controvert the claim reflected by the initial affidavit and must be taken before a person authorized to administer oaths. The counteraffidavit must be made by a person who is qualified, by knowledge, skill, experience, training, education, or other expertise, to testify in contravention of all or part of any of the matters contained in the initial affidavit.

History of CPRC §18.001: Acts 1985, 69th Leg., ch. 959, §1, eff. Sept. 1, 1985. Amended by Acts 1987, 70th Leg., ch. 167, §3.04(a), eff. Sept. 1, 1987.
See also TRE 902(10), Business Records Accompanied by Affidavit.

*Jackson v. Gutierrez*, 77 S.W.3d 898, 902 (Tex. App.—Houston [14th Dist.] 2002, no pet.). "A plaintiff may prove medical expenses are reasonable and necessary either by presenting expert testimony, or by submitting affidavits in compliance with §18.001…." *See also Rodriguez-Narrera v. Ridinger*, 19 S.W.3d 531, 532 (Tex.App.—Fort Worth 2000, no pet.).

*Turner v. Peril*, 50 S.W.3d 742, 747 (Tex.App.—Dallas 2001, pet. denied). "Significantly, while §18.001(c)(2)(B) permits charges to be proved by a non-expert custodian, §18.001(f) requires a counter affidavit to give reasonable notice of the basis on which the party filing it intends to controvert the claim reflected by the initial affidavit *and* be made by a person qualified to testify in contravention about matters contained in the initial affidavit. [S]ection 18.001 places a greater burden of proof on counteraffidavits to discourage their misuse in a manner that frustrates the intended savings. [¶] An affidavit … is insufficient unless its allegations are direct and unequivocal and perjury can be assigned to it."

*City of El Paso v. PUC*, 916 S.W.2d 515, 524 (Tex. App.—Austin 1995, writ dism'd). "Section 18.001 does not address the *admissibility* of an affidavit concerning cost and necessity of services but only the *sufficiency* of the affidavit to support a finding of fact that a charge was reasonable or a service was necessary. [¶] Section 18.001 makes no reference to requirements for admissibility of affidavits."

*Beauchamp v. Hambrick*, 901 S.W.2d 747, 749 (Tex.App.—Eastland 1995, no writ). CPRC "§18.001 is an evidentiary statute which accomplishes 3 things: (1) it allows for the admissibility, by affidavit, of evidence of the reasonableness and necessity of charges which would otherwise be inadmissible hearsay; (2) it permits the use of otherwise inadmissible hearsay to support findings of fact by the trier of fact; and (3) it provides for exclusion of evidence to the contrary, upon proper objection, in the absence of a properly-filed counteraffidavit. … The statute does not provide that the evidence is conclusive, nor does it address the issue of causation." *See also Sloan v. Molandes*, 32 S.W.3d 745, 752 (Tex.App.—Beaumont 2000, no pet.).

### CPRC §18.002. FORM OF AFFIDAVIT

(a) An affidavit concerning cost and necessity of services by the person who provided the service is sufficient if it follows the following form:

No. _____

| | | |
|---|---|---|
| John Doe | § | In the _____ |
| (Name of Plaintiff) | § | Court in & for |
| v. | § | _____ County, |
| John Roe | § | Texas |
| (Name of Defendant) | § | |

AFFIDAVIT

Before me, the undersigned authority, personally appeared _____ (NAME OF AFFIANT), who, being by me duly sworn, deposed as follows:

My name is _____ (NAME OF AFFIANT). I am of sound mind and capable of making this affidavit.

On _____ (DATE), I provided a service to _____ (NAME OF PERSON WHO RECEIVED SERVICE). An itemized statement of the service and the charge for the service is attached to this affidavit and is a part of this affidavit.

The service I provided was necessary and the amount that I charged for the service was reasonable at the time and place that the service was provided.

_____
Affiant

SWORN TO AND SUBSCRIBED before me on the ___ day of _____, 19___.