Westlaw.

151 S.W.3d 667

151 S.W.3d 667

(Cite as: 151 S.W.3d 667)

▷

**Briefs and Other Related Documents**

Court of Appeals of Texas,
Waco.
DAUGHTERS OF CHARITY HEALTH
SERVICES OF WACO, A Texas Corporation d/b/a
Providence Health Center, Appellant,
v.
Donald LINNSTAEDTER and Kenneth Bolen,
Appellees.
**No. 10-02-00326-CV.**

Oct. 27, 2004.
Rehearing Overruled Dec. 28, 2004.

**Background:** Workers' compensation claimants sued hospital for a declaratory judgment that the filing of the hospital liens violated the Property Code, seeking recovery of sums paid hospital by virtue of the liens. The 74th District Court, McLennan County, Alan M. Mayfield, J., entered judgment for claimants, and hospital appealed.

**Holding:** The Court of Appeals, Bill Vance, J., held that Labor Code fixed
the amount to which hospital was entitled for the services it rendered, and thus, hospital could not collect more from workers' compensation claimants, and hospital had no right to file hospital liens under the Property Code.
Affirmed.

Gray, C.J., filed dissenting opinion.

West Headnotes

**Health** ☞947
198Hk947 Most Cited Cases

**Health** ☞961

**Page 1**

198Hk961 Most Cited Cases

**Workers' Compensation** ☞991.5
413k991.5 Most Cited Cases
Labor Code fixed the amount to which hospital was entitled for the services it rendered, and thus, hospital could not collect more from workers' compensation claimants, and hospital had no right to file hospital liens under the Property Code. V.T.C.A., Property Code § 55.001-55.008; V.T.C.A., Labor Code § 413.011.
*667 Colin H. O'Neill, Andy McSwain, Melinda L. Reyna, Fulbright & Winniford, P.C., Waco, for appellant.

Rod S. Squires, Derek T. Gilliland, Williams, Squires & Wren, L.L.P., Waco, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

**OPINION**

BILL VANCE, Justice.

This appeal involves a question of first impression: Do the limits on amounts a health care provider can charge for services rendered to a workers' compensation claimant under the Labor Code preclude the provider from attempting to collect additional sums by filing a hospital lien under the Property Code?

Donald Linnstaedter and Kenneth Bolen (the Employees) were injured in their employer's vehicle while in the course of their work. Both were treated at Providence *668 Health Center. The driver of the other vehicle was John Paul Jones.

Providence filed a "hospital lien" for the balance it claims was owed for its services. *See* Tex. Prop.Code Ann. §§ 55.001-.008 (Vernon Supp.2004). Providence was then paid by the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

workers' compensation carrier the amounts due under the Labor Code for the services provided. *See* Act of May 22, 1993, 73d Leg., R.S., ch. 269, § 1, sec. 413.011, 1993 Tex. Gen. Laws 987, 1223-24 (current version at Tex. Lab.Code Ann. § 413.011 (Vernon Supp.2004)). The Code prohibits Providence from attempting to collect additional sums directly from the Employees. *See id.* § 413.042 (Vernon 1996). The relevant amounts are:

| Employee | Total Claimed | Amt. Hosp. Lien | Amt. Carrier Paid |
|---|---|---|---|
| Linnstaedter | $13,406.85 | $12,777.85 | $5,797.72 |
| Bolen | $ 9,297.40 | $ 8,889.00 | $3,939.82 |

The Employees sued Jones's Estate for their injuries. Following a settlement, Jones's insurer reimbursed the compensation carrier for amounts it had paid to Providence *and* paid Providence amounts necessary to discharge the hospital liens. The Employees then sued Providence for a declaratory judgment that the filing of the hospital liens violated the Property Code, seeking recovery of sums paid Providence by virtue of the liens. The case was submitted to the judge for decision on a joint motion based on an agreed statement of facts. The court entered judgment for the Employees.

On appeal, Providence says that the Legislature's intent in passing the hospital lien statute was to give hospitals a separate cause of action, so that accident victims will be treated and hospitals paid for their services. The Employees say that the Labor Code fixes the maximum that a hospital can charge for services to a compensation claimant and therefore, because the Employees could not be charged more than the compensation carrier paid, there were no debts owed by them to Providence that would support the filing of the liens.

We agree with the Employees. The Labor Code fixes the amount to which Providence was entitled for the services it rendered. It could not collect more from the Employees. Thus, it had no right to file hospital liens under the Property Code. *See Satsky v. United States,* 993 F.Supp. 1027, 1029

(S.D.Tex.1998) (prepaid health care plan between insurance company and hospital; a lien can only legally attach if there is an underlying debt secured by the lien); *see also Dorr v. Sacred Heart Hospital,* 228 Wis.2d 425, 597 N.W.2d 462, 468-70 (App.1999, pet.dism'd) (payment agreement between hospital and HMO; no debt by person receiving medical services, so lien precluded). [FN1]

> FN1. The Employees also call our attention to *Parnell v. Adventist Health System/West,* 131 Cal.Rptr.2d 148, 160 (Cal.Ct.App. 5th Dist. Feb. 25, 2003, pet.granted) ("[W]e conclude a hospital that has received full payment for services under the terms of its contract with a medical insurance provider is not entitled to file a lien to recover the difference between that payment and the hospital's 'usual and customary' charges for similar services."). We note, however, that the grant of review includes the notation "Opinion Superseded."

We affirm the judgment.

Chief Justice GRAY dissenting.

GRAY, Chief Justice, dissenting.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

151 S.W.3d 667

151 S.W.3d 667

**(Cite as: 151 S.W.3d 667)**

Appellees, Linnstaedter and Bolen, sued the estate of Jones, a third-party tortfeasor, and settled with it, for damages including "their reasonable and necessary medical expenses incurred in the past." Appellees now claim that they were not liable to Appellant, Providence Health Center, for past medical expenses, so that no valid hospital lien attached to settlement proceeds for those expenses. Cf. Act of May 26, 1983, 68th Leg., R.S., ch. 576, **\*669** § 1, sec. 55.002, 1983 Tex. Gen. Laws 3475, 3562 (amended 2003) (current version at Tex. Prop.Code Ann. § 55.002 (Vernon Supp.2004-2005)). For Appellees to receive a settlement in this way is a windfall to them, if not fraud by them. We should hold that Providence's hospital lien attached to the settlement proceeds, and reverse and render judgment for Providence. Because the majority does not do so, I respectfully dissent.

The majority goes astray from its first sentence, in referring to "the limits on amounts a health care provider can charge for services rendered to a workers' compensation claimant under the Labor Code." *See Daughters of Charity Health Servs. of Waco v. Linnstaedter,* 151 S.W.3d 667, No. 10-02-00326- CV (Tex.App.--Waco Oct. 27, 2004, no pet. h.) (mem.op.) (majority op.) ("slip op."). I find no authority for the proposition that the Texas Labor Code limits charges for emergency hospital care. The majority cites no authority except Appellees' statement and the majority's own belief:

> The Employees say that the Labor Code fixes the maximum that a hospital can charge for services to a compensation claimant and therefore, because the Employees could not be charged more than the compensation carrier paid, there were no debts owed by them to Providence that would support the filing of the liens.
>
> We agree with the Employees.

Op. at 668. The majority's only citation to the Labor Code is to former section 413.011.

*Id.* at 668. That statute provided:

> (a) The [Texas Workers' Compensation C]ommission by rule shall establish medical policies and guidelines relating to:
>
> (1) fees charged or paid for medical services for employees who suffer compensable injuries,

including guidelines relating to payment of fees for specific medical treatments or services;

> (2) use of medical services by employees who suffer compensable injuries; and
>
> (3) fees charged or paid for providing expert testimony relating to an issue under [the Texas Workers' Compensation Act].
>
> (b) Guidelines for medical services must be fair and reasonable and designed to ensure the quality of medical care and to achieve effective medical cost control. The guidelines may not provide for payment of a fee in excess of the fee charged for similar treatment of an injured individual of an equivalent standard of living and paid by that individual or by someone acting on that individual's behalf.
>
> (c) Medical policies adopted by the commission must be consistent with [Labor Code] Sections 413.013, 413.020, 413.052, and 413.053.
>
> (d) The commission by rule shall establish medical policies relating to necessary treatment for injuries. Medical policies shall be designed to ensure the quality of medical care and to achieve medical cost control.

Labor Code, 73d Leg., R.S., ch. 269, § 1, sec. 413.011, 1993 Tex. Gen. Laws 987, 1223-24 (amended 2001, 2003) (current version at Tex. Lab.Code Ann. § 413.011 (Vernon Supp.2004-2005)). Nowhere does that section set "the amounts due ... for the services provided." *Cf.* op. at 668. Pursuant to Section 413.011, the Workers' Compensation Commission promulgated a Medical Fee Guideline including Maximum Allowable Reimbursements ("MARs") in 1996. *Tex. Workers' Comp. Comm'n v. Patient Advocates,* 136 S.W.3d 643, 647, 652 (Tex.2004); see 28 Tex. Admin. Code **\*670** § 134.201(a) (2004); Tex. Workers' Comp. Comm'n, Medical Fee Guideline (1996).

> Rule 134.201 establishes guidelines for reimbursements made for medical treatments or services rendered by health care providers. When a MAR is established for a particular medical treatment or service, the amount of reimbursement payable to a health care provider is the lesser of the provider's usual fees and charges or the MAR established in the Medical Fee Guideline.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

151 S.W.3d 667                                                                    Page 4

151 S.W.3d 667

**(Cite as: 151 S.W.3d 667)**

Patient Advocates at 652 (citing 21 Tex. Reg. 2361, 2361 (1996) (adopting 28 Tex. Admin. Code § 134.201)). That is, the Medical Fee Guideline "set [s] maximums on the amounts insurance carriers can reimburse health care providers for specific medical procedures." Id. (citing Tex. Lab.Code § 413.011(b)). Under Rule 134.201, "items for which an MAR is not established shall be reimbursed at fair and reasonable rates." 21 Tex. Reg. at 2361. And the Guideline does not set MARs for "inpatient hospitalization." Id. Neither the statute, nor the rule or the guideline promulgated pursuant to the statute, limits a hospital's "usual fees and charges"; they limit only what a workers' compensation insurance carrier may pay for treatment of a workers' compensation claimant. Here, the agreed statement of facts stipulates that the "reasonable and necessary charges" for treating each Appellee was greater than the amount of the lien that attached for each Appellee's treatment.

Moreover, the cases cited by the majority as persuasive authority are not on point. See op. at 668 (citing *Satsky v. United States,* 993 F.Supp. 1027 (S.D.Tex.1998) (order); *Dorr v. Sacred Heart Hosp.,* 228 Wis.2d 425, 597 N.W.2d 462 (Wis.Ct.App.1999)). In both cases, the hospital agreed to accept less than the amount of its usual charges as payment in full. In Satsky, the private insurer had a "prepaid health care plan" contractual agreement with the hospital. *Satsky* at 1028. Under that agreement, the hospital "agreed 'to accept the compensation set forth in ... the Agreement as payment in full for all Hospital Services rendered to Members' " of the insurer's plan. *Id.* (quoting agreement). As the Supreme Court of Nebraska has noted in distinguishing Satsky, "[t]he hospital in Satsky had agreed to accept partial payment under the terms of an agreement with the insurance company and, therefore, had received all the payments to which it was entitled." *Alegent Health v. Am. Family Ins., Inc.,* 265 Neb. 312, 656 N.W.2d 906, 911 (Neb.2003). In *Dorr,* likewise, the private insurer contractually agreed with the hospital that the insurer's insureds would be admitted to the hospital for covered hospitalization. *Dorr,* 599 N.W.2d at

468. In exchange, the hospital agreed to bill the insurer at a reduced, flat, "per diem" rate, and the hospital "agreed to accept the per diem rates as full payment for the medical services rendered." *Id.* In the instant cause, to the contrary, the majority does not point to a contractual agreement that would render payment under the Commission's MARs payment in full.

This issue is not, as the majority states, "a question of first impression." *Cf.* op. at 668. The "reasonable and necessary charges" for emergency hospital care for Appellees exceeded the amounts reimbursed by the workers' compensation insurance carrier by some $13,000. Providence's hospital liens attached to the proceeds of Appellees' settlements with the estate of Jones, the third-party tortfeasor. See Act of May 26, 1983, 68th Leg., R.S., ch. 576, § 1, sec. 55.003(a)(3), 1983 Tex. Gen. Laws at 3562 (amended 2003) (current version at Tex. Prop.Code Ann. § 55.003(a)(3) (Vernon Supp.2004-2005)). To the extent that the lien for *671 those charges was unsatisfied, Jones's estate and his insurer owed the funds to Providence, not to Appellees. See McCollum v. Baylor Univ. Med. Ctr., 697 S.W.2d 22, 25 (Tex.App.--Dallas 1985, writ ref'd n.r.e.). Indeed, without the satisfaction of the hospital lien, no settlement would have been valid. Act of May 26, 1983, 68th Leg., R.S., ch. 576, § 1, sec. 55.007, 1983 Tex. Gen. Laws at 3564 (amended 2003) (current version at Tex. Prop.Code Ann. § 55.007 (Vernon Supp.2004-2005)).

Labor Code Section 417.002 governs recoveries in third-party actions. See Tex. Lab.Code Ann. § 417.002 (Vernon 1996). Subsection (a) provides, "The net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury." Id. (a). Subsection (b) provides, "Any amount recovered that exceeds the amount of the reimbursement required under Subsection (a) shall be treated as an advance against future benefits, including medical benefits, that the claimant is entitled to receive under" the Act. Id. (b). The "net amount recovered" does not include the claimant's attorney's fees or court costs. Tex. Workers' Comp.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

151 S.W.3d 667                                                                    Page 5

151 S.W.3d 667

(Cite as: 151 S.W.3d 667)

Ins. Fund v. Alcorta, 989 S.W.2d 849, 852 (Tex.App.--San Antonio 1999, no pet.) (citing Tex. Lab.Code Ann. § 417.003 (Vernon 1996)); Bridges v. Tex. A & M Univ. Sys., 790 S.W.2d 831, 833 (Tex.App.--Houston [14th Dist.] 1990, no writ). Likewise, "[r]easonable and necessary medical expenses incurred by the claimant on account of the injury must be deducted from the advance in the same manner as benefit payments." Robert L. LeBoeuf, Remedies Against Third Parties, in Texas Workers' Compensation Law: A GUIDE TO PRACTICE BEFORE COMMISSION & COURT 63-1, at § 63.06 (John C. Kilpatrick ed., May 2004) (citing Tex. Lab.Code § 417.002).

The purposes and structure of the Workers' Compensation Act support this conclusion. The purpose of the Act is "compensating injured workers and their dependents." *Patient Advocates,* 136 S.W.3d at 652. This conforms with the purpose of the hospital lien statute, which is "encouraging the prompt and adequate treatment of accident victims" by "provid[ing] hospitals an additional method of securing payment for medical services." *Bashara v. Baptist Mem. Hosp. Sys.,* 685 S.W.2d 307, 309 (Tex.1985). But the "workers' compensation act was not intended to provide double recoveries." *Foreman v. Sec. Ins. Co.,* 15 S.W.3d 214, 219 (Tex.App.--Texarkana 2000, no pet.). Though the Act strictly limits liens against workers' compensation income benefits and death benefits, it does not set such limits on liens against medical benefits. *See* Tex. Lab.Code Ann. § 408.203(a) (Vernon Supp.2004-2005). [FN1]

> FN1. Moreover, although not part of the law governing the instant cause, the Legislature has twice amended the Labor Code since the time of Appellees' treatment to draw distinctions among liens by hospitals on the one hand, and by physicians and emergency medical service providers on the other. In 2001, the Legislature amended the statute to provide for liens for physicians' charges for emergency hospital care services. *See* Tex. Prop.Code Ann . § 55.004(a), (c) (Vernon Supp.2004-2005). The hospital

lien may include the amount of charges for such services. *Id.* § 55.004(c). However, the hospital lien does not attach to such charges "for which the physician has accepted insurance benefits or payment under a private medical indemnity plan or program, *regardless of whether the benefits or payment equals the full amount of the physician's charges for those services." Id.* § 55.004(d)(2) (Vernon Supp.2004-2005) (emphasis added). In 2003, the Legislature created a lien for emergency medical service providers, including a similar limitation on the lien, limiting it to amounts beyond those paid by insurance or private programs. *See id.* § 55.002(c), 55.004(g)(2) (Vernon Supp.2004-2005). Yet the Legislature has not put such a limitation on general hospital liens.

*672 Accordingly, we should sustain Providence's issue, and reverse the trial court's judgment and render judgment that Providence take under its valid hospital liens. Because the majority does otherwise, I respectfully dissent.

151 S.W.3d 667

**Briefs and Other Related Documents (Back to top)**

• 10-02-00326-CV (Docket) (Nov. 21, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw Attached Printing Summary Report for KASPERITIS,PATRI 4762744**

Date/Time of Request:          Monday, April 17, 2006 16:23:00 Central
Client Identifier:             RODRIGUEZ V. LARSON
Database:                      TX-CS
Citation Text:                 151 S.W.3d 667
Lines:                         293
Documents:                     1
Images:                        0

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.