UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY - 1 2006

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND <br> ELIZABETH RODRIGUEZ | § <br> § <br> § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| JAMES ARTHUR LARSON | § <br> § | |

## DEFENDANT'S MOTION TO STRIKE
## PLAINTIFF'S LATE FILED DISCOVERY

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES Defendant James Larson and files this, his Motion to Strike Plaintiff's Late Filed Discovery. In support of this motion, Defendant would show the Court the following:

### INTRODUCTION

1. Plaintiffs are Rogelio Rodriguez and Elizabeth Rodriguez. Defendant is James Arthur Larson. Plaintiffs sued Defendant for personal injuries sustained as a result of an automobile collision which occurred on January 16, 2003. This case is set for Final Pre-Trial Conference on May 2, 2006 and for Jury Selection on May 4, 2006. The Court entered an Amended Rule 16 Scheduling Order which set the deadline for discovery as March 3, 2006 in anticipation of the trial setting. Defendant moves to strike certain amended and supplemental discovery responses made by Plaintiffs' counsel after the deadline for discovery.

### STATEMENT OF FACTS

2. Defendant filed his Motion for Partial Summary Judgment on March 13, 2006. In his motion, Defendant used Plaintiffs' timely served discovery responses and disclosures (those made before March 3, 2006) as summary judgment evidence, as permitted by FRCP 56. Specifically,

Defendant referenced interrogatories number 11 and 17 to show that Plaintiff had put no evidence forward of the reasonableness and necessity of future surgery to address injuries caused by the incident made the basis of this suit. Similarly, Defendant noted in the Motion for Summary Judgment that Plaintiffs had not supplemented their Rule 26 Disclosures to reflect the purported expert opinions concerning the necessity of future surgery.

3. Plaintiff's initial interrogatory responses were filed on November 30, 2004 [see EXHIBIT A]. Plaintiff supplemented his discovery responses on or about March 24, 2006, apparently in an attempt to rebut the summary judgment evidence presented by Defendant in his motion [see EXHIBIT B].

4. Plaintiffs' initial Rule 26(a)(1) Disclosures were filed on October 22, 2004 [see EXHIBIT C]. Plaintiffs filed their First Amended Disclosures on or about March 24, 2006, also in an attempt to rebut the summary judgment evidence presented by Defendant in his motion [see EXHIBIT D].

5. The deadline for completion of discovery was March 3, 2006 [see EXHIBIT E]. Plaintiffs have made no motion for leave to extend the discovery deadline to permit this late filed discovery. In fact, Plaintiffs have objected to an extension of the discovery deadline requested by Defendant to conduct a deposition after the discovery deadline. The hearing on Plaintiff's Motion to Quash that deposition occurred on March 20, 2006, which the Court granted, quashing a deposition noticed by Defendant for March 21, 2006.

6. Plaintiffs filed their Response to Defendant's Motion for Partial Summary Judgment on or about April 25, 2006. Plaintiff has attached his First Supplemental Objections and Answers to

Defendant's First Set of Interrogatories [EXHIBIT B to this motion] as Exhibit 4 to his Summary Judgment Response.

### C. ARGUMENT AND AUTHORITIES

7. The Court should exclude any evidence that was untimely supplemented in Plaintiffs' discovery responses for all purposes in this case. The supplemental discovery responses should not be considered as summary judgment evidence. Similarly, the untimely contentions regarding future medical treatment or other claims for future damages contained in the untimely supplemented discovery responses should be excluded from the trial, as well, and no testimony should be permitted to substantiate the issues that were not timely disclosed. Rule 37(c)(1) of the Federal Rules of Civil Procedure excludes evidence which is not properly supplemented "as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." The Comments to the 1993 Amendments make it clear that the exclusion is a "self-executing sanction without need for a motion under subdivision (a)(2)(A)." The Comments to the 2000 Amendments notes specifically that the exclusion applies to information that should have been supplemented to comply with Rule 26 (e)(2).

8. Rule 26(b) of the Federal Rules of Civil Procedure requires parties to supplement or correct discovery responses to include information thereafter acquired. Plaintiffs' initial Rule 26(a) Disclosures [EXHIBIT C] and First Amended Rule 26(a) and 26(a)(2) Disclosures [EXHIBIT D] include Disclosure B, entitled "Documents and Other Tangible Evidence." Subsection h) refers to "a computation of any category of damages claimed by Plaintiff." No such computation has been made. Similarly, Disclosure C, "Computation of Damages," contains Plaintiffs' acknowledgment that, "Plaintiffs have not yet computed all damages to date." Plaintiffs have not supplemented these disclosures to provide any evidence to Defendant whatsoever regarding the damages alleged. The

time for supplementation of disclosures and interrogatories has expired under the Court's scheduling order [see EXHIBIT E]. Consequently, pursuant to FRCP 26(b), Plaintiffs are restricted to presenting evidence of damages which were timely disclosed in the written discovery.

9. Plaintiffs have alleged in their Response to Defendant's Motion for Leave to File Amended Supplemental Designation of Expert that the exclusionary does not apply because they were not required to supplement their discovery responses. Plaintiffs argue that by disclosing estimates of the costs of certain surgical procedures in the medical records of Dr. D.S. Gill, that they have satisfied the requirements of Rule 26. However, Dr. Gill does not state in his narrative that the estimated costs are necessary to treat Plaintiff's injuries which were incurred in this incident. He establishes no causal nexus, which is a necessary element of a negligence claim. See Texarkana Memorial Hosp. v. Murdock 946 S.W.2d 836, 839-40 (Tex. 1997). Further, he includes cost for conservative treatment and procedures that have not been performed (phonophoresis, myfascial release, epidural injections) and were therefore not necessary, and surgical procedures that are not, nor have ever been recommended by any treating physician (cervical diskectomy and fusion). If Plaintiff's contention that he has satisfied Rule 26 by estimating the possible costs of unnecessary treatments prevails, Defendant will be left with no possibility of narrowing down the universe of potential treatment options. Defendant would be put to the unnecessary expense of defending each and every potential injury with expert rebuttal testimony. The intent of the Disclosure process, however, is the opposite of Plaintiff's position. See Comments to the 1983 Amendment to Rule 26.

10. Plaintiffs' initial response to interrogatory number 21 indicates that Plaintiffs have sustained $4,756.30 in damages [see EXHIBIT A]. Plaintiff Rogelio Rodriguez's supplemental response to interrogatories, which was filed on or about March 24, 2006, three weeks after the

mandated discovery deadline, also illustrates that Plaintiff has suffered $4,756.30 in damages [see EXHIBIT B]. Plaintiffs' disclosures make no computation of any damages whatsoever [see EXHIBITS C & D]. Consequently, Plaintiffs have provided no discovery responses which establish that Plaintiff Rogelio Rodriguez suffered economic damages in the incident made the basis of this suit. Further, Plaintiff has provided nothing in his timely filed discovery responses to indicate that, in reasonable medical probability, his injuries will cause him to have surgery on his lumbar spine.

11. Plaintiffs have provided no evidence of the calculation of future damages in any amount for any element of damages. Further, Plaintiffs have provided no computation of damages, in any amount, for any past medical damages besides the $4,756.30 alleged in response to interrogatory number 21.

## CONCLUSION

12. For these reasons, Defendant moves to strike the supplemental responses to interrogatories filed by Plaintiffs' counsel. Furthermore, Defendant seeks to enforce the provisions of Rules 26(e) and 37 regarding sanctions for failing to supplement discovery, and to restrict Plaintiffs' presentation of evidence regarding the elements of damages to those elements timely provided in response to discovery requests and disclosure obligations.

## PRAYER

Defendant respectfully prays that this Motion to Strike Plaintiff's Late Filed Discovery be in all things granted and that the supplemental responses to interrogatories and amended disclosures filed by Plaintiffs' counsel as described herein be stricken; that Plaintiffs be sanctioned for failing to supplement discovery pursuant to the provisions of Rules 26(e) and 37; and that Plaintiffs be restricted from the presentation of evidence regarding the elements of damages to those elements

timely provided in response to discovery requests and disclosure obligations. Defendant further prays for such other relief, at law or in equity, to which he may show himself entitled.

                                                Respectfully submitted,

DUNN, WEATHERED, COFFEY, RIVERA,
KASPERITIS & RODRIGUEZ, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594 [FAX 883-1599]

BY _____
Patrick R. Kasperitis
SBN 11105270; FED ID 12594
Frank Weathered
SBN 20998600; FED ID 2441

COUNSEL FOR DEFENDANT
JAMES ARTHUR LARSON

## CERTIFICATE OF SERVICE

This is to certify that on the 28th day of April 2006, this document was served on counsel of record as indicated below pursuant to Texas Rules of Civil Procedure.

_____
Patrick R. Kasperitis

**VIA CM/RRR 7005 1820 0002 8532 7967**
Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, Texas 78586