UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



ROGELIO RODRIGUEZ AND           §
ELIZABETH RODRIGUEZ             §
                                §
V.                              §          CIVIL ACTION NO. B-04-137
                                §
JAMES ARTHUR LARSON             §

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES Defendant James Arthur Larson and makes this, his reply to Plaintiff's response to Defendant's previously filed motion for partial summary judgment. In further support of Defendant's motion, and the opposition to Plaintiff's response, Defendant would show the Court as follows:

### A. INTRODUCTION

1.    On March 13, 2006, Defendant filed his Motion for Partial Summary Judgment. Defendant requested oral argument on his motion. On March 20, 2006, the Court announced from the bench that the hearing on Defendant's motion would be held over until the pre-trial conference on May 2, 2006. On or about April 25, 2006, Plaintiff served his Response to Defendant's Motion for Partial Summary Judgment. Plaintiff's response was received by Defendant on April 27, 2006.

### B. OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

2.    Defendant objects to the admission of Plaintiff's proposed summary judgment evidence as follows:

**Plaintiff's Exhibit 1:**
**Excepts of Oral Deposition of Dr. Jorge Tijmes taken on June 21, 2005**

3.    Plaintiff seeks to use the excerpts of deposition testimony of Dr. Jorge Tijmes in support

of the proposition that Dr. Tijmes related disc injuries to the auto accident in question. *See* Plaintiff's

Statement of Facts F. To support this proposition, Plaintiff cites the deposition testimony of

Dr. Tijmes at page 16, line 19, through page 17, line 8. However, both questions contained in that

contained in that deposition excerpt were timely and properly objected to by Defendant's counsel.

The first question

> Q.   Can you tell me if disc protrusions, such as those seen in
> Mr. Rodriguez' neck in the MRI, if protrusions such as that can be the
> result of traumas such as the automobile accident which Mr. Rodriguez was
> involved on January the sixteenth of 2003?

> MR. RODRIGUEZ: Objection; form.

> A.   Yes, they can.

This question calls for speculation. It seeks information which is not based on reasonable medical

probability or on any kind of analysis that would serve to make such testimony reliable as an expert

opinion. No foundation was set for this particular question, either before the question was asked or

after the question was asked. The second question

> Q.   (By Mr. Crane:) And can you tell us whether or not you have an
> opinion as to whether Mr. Rodriguez' injuries or protrusions we're talking
> about were the cause of that incident?

> MR. RODRIGUEZ: Objection; form.

> A.   Within reasonable medical probability it's my opinion that bulges
> that Mr. Rodriguez has on these MRIs were trauma related to the 1/16/2003
> injury.

was also properly objected to. The question is vague and unclear. Dr. Tijmes was not asked to lay a proper foundation for the opinion stated in that question, either before that question or later on in the deposition by Plaintiff's counsel. There is no evidence contained in the deposition to permit Defendant's counsel to ascertain the reliability of the opinion stated therein. Furthermore, Mr. Rodriguez suffered from a previous condition of degenerative changes in his back, and a subsequent condition of an injury on August 24, 2004. Dr. Tijmes does not in his opinion differentiate between the injuries relative to those other conditions. Similarly, there are at least two MRI scans to which Dr. Tijmes could refer. The question does not make clear which MRI scan Dr. Tijmes refers. A proper foundation had not been laid for the opinions contained in this question.

4.    Furthermore, Plaintiff seeks to utilize the deposition testimony of Dr. Tijmes beginning at page 15, line 17, through page 16, line 12, to rebut Defendant's contention that Plaintiff's medical records fail to show significant bulging discs in his back. *See* Plaintiff's Statement of Facts H. Defendant has made a motion seeking to exclude evidence of lumbar herniation or a surgery in the lumbar area of the spine. The deposition testimony cited by Plaintiff's counsel in Statement of Facts H refers to alleged injuries in the cervical area of the spine. No treating physician or consulting expert has given an opinion that Plaintiff suffers from any lingering effects in his cervical spine resulting from the incident made the basis of this suit. There is no testimony that Plaintiff will require a surgical treatment for any bulging discs in his neck. Consequently, the evidence cited by Plaintiff in this instance is not relevant to any issue of material fact, and is not competent summary judgment evidence to rebut allegations pertaining to future medical in the lumbar area of the spine.

5.    Plaintiff next intends to utilize the deposition testimony of Dr. Tijmes at page 22, line 17-22, to indicate that Dr. Tijmes could not "rule out" surgery as a treatment option. *See*

Plaintiff's response, paragraph IV(B)(4). Obviously, a physician who does not "rule out" surgery as a future treatment option is not recommending surgery. There is no testimony for Dr. Tijmes based upon reasonable medical probability that surgery will be necessary. Consequently, no proper foundation has been laid for this expert testimony to be considered as summary judgment evidence. In fact, the evidence is not based upon reasonable medical probability, nor does it state the basis for any of the opinions contained therein. Consequently, this is not reliable expert testimony on this issue, and should not be relied upon to defeat summary judgment.

### Plaintiff's Exhibit 2:
### Plaintiff Rogelio Rodriguez's Affidavit

6.   Plaintiff's affidavit testimony is only tangentially referenced in Plaintiff's response to the motion for partial summary judgment. Plaintiff uses Exhibit 2 only to illustrate that he was deposed prior to October 27, 2005. This is not a material facts, and the affidavit is conclusory in its allegations for other purposes. Nevertheless, Plaintiff's affidavit directly contradicts his sworn deposition testimony. The standard of review in this circuit does not permit a party to defeat a motion for summary judgment using an affidavit that impeaches without explanation his own sworn testimony. *See* SWS Erectors, Inc. v. Infax, Inc., 72 F.3 489, 495 (5th Cir. 1996). Affidavit testimony which directly contradicts summary judgment evidence with no explanation for the contradiction does not defeat summary judgment.

### Plaintiff's Exhibit 3:
### Medical Records of Dr. D.S. Gill dated October 27, 2005 & July 7, 2005

7.   The reports attached to Plaintiff's response do not conform to the hearsay exceptions. Consequently, Exhibit 3 is hearsay. While Defendant acknowledges that Plaintiff's evidence need not be in admissible form, the evidence contained therein must be admissible in content.

-4-

Consequently, the conclusory statements made in Dr. Gill's reports do not satisfy the reliability standards required to admit such testimony under the Federal Rules of Evidence. Dr. Gill has presented no proper foundation for the opinions that he states in his reports. In particular, the reports contain within themselves contradictions which undermine their reliability. Specifically, Plaintiff references a phrase that Dr. Gill uses in his October 27, 2005, report, that the "patient's symptoms are more severe and is definitely going to require surgery for his lumbar spine." However, the October 27, 2005, note contained on page 4 of the October 27, 2005, report, advises Plaintiff to "continue with medication and therapy and was to return to the clinic for follow-up care." On page 8 of the report from Dr. Gill, which Plaintiff derives the opinion which he believes will defeat summary judgment, two paragraphs above that, under "Prognosis/Future Considerations," in the last paragraph, Dr. Gill advises that, "If conservative treatments fail, patient may become a surgical candidate." Dr. Gill's contention that Plaintiff may become a surgical candidate after continued conservative treatment does not indicate that Plaintiff is presently a surgical candidate. Nothing in Dr. Gill's report references the subsequent injury Plaintiff acknowledges suffering. Plaintiff, in his deposition testimony and in his affidavit testimony, acknowledges the subsequent work-related injury and that it has affected his symptomology. However, Dr. Gill does not address this. Consequently, there is no proper foundation for the opinion that Plaintiff proffers as summary judgment evidence sufficient to defeat Defendant's motion for summary judgment.

### Plaintiff's Exhibit 4:
### Plaintiff's First Supplemental Objections and Answers to Defendant's First Set of Interrogatories

8.    Plaintiff's Exhibit 4 was filed three weeks after the discovery deadline and is untimely. Defendant objects to this summary judgment evidence being used for any purposes in the trial.

Defendant has previously filed a motion to strike these discovery responses. They are not competent summary judgment evidence and should not be considered.

### Plaintiff's Exhibit 5:
### Plaintiff's Stowers letter attached to Affidavit of Chris Crockett
### in support of Notice of Removal

9.    Exhibit 5 is not competent summary judgment evidence because it is hearsay which does not comply with any of the hearsay exceptions. Furthermore, the contents of the Stowers letter are not relevant to any issue contained in Defendant's motion for summary judgment. Further, Plaintiff seeks to use the information contained in Exhibit 5 as a way to supplement his discovery responses prior to the expiration of the disclosure deadline. However, the information contained in the Stowers demand is nothing more than conclusory allegations and not evidence of anything except the nature and extent of Plaintiff's initial claim. Consequently, Exhibit 5 is not competent summary judgment evidence and should not be considered.

### Plaintiff's Exhibit 7:
### MRI/Lumbar Spine dated October 8, 2003

10.    As it is presented to the Court, Exhibit 7 represents hearsay, not presently excepted from the hearsay exclusion. There is nothing in Exhibit 7 which indicates the necessity of future medical treatment. Consequently, the information contained in Exhibit 7, even if it is adjusted to meet the hearsay exceptions, contains no information relevant to any material issues contained in Defendant's Motion for Partial Summary Judgment. Consequently, it should be excluded from consideration at the summary judgment hearing.

## C. REPLY TO STATEMENT OF FACTS

11. **Reply to Plaintiff's Statement of Facts D.** The evidence contained in Exhibit 3, even if admitted by the Court for use in this hearing, does not indicate that Plaintiff requires surgery. Instead, it speculates that at some time in the future, after conservative treatment has continued, that Plaintiff may require surgery in the future.

12. **Reply to Plaintiff's Statement of Facts E.** Defendant does not concur with Plaintiff's analysis of the objectionable summary judgment evidence. At best, the statements of Dr. Gill and Mr. Rodriguez are speculative that surgery in the future may be a possibility. No sworn testimony exists in which surgery is stated to be a reasonable and necessary treatment which was directly caused by the incident made the basis of this suit.

13. **Reply to Plaintiff's Statement of Facts F.** The evidence relied upon by Plaintiff in Statement of Facts F has been objected to both at the deposition and in this reply. Dr. Tijmes has given no firm opinion on causation as it relates to future surgery. That is the crux of Defendant's motion. The issue is not whether Plaintiff suffered a 1 mm disc bulge. The issue is whether the injuries allegedly suffered by Plaintiff were significant enough to require surgical intervention. No evidence has been presented which creates a genuine issue of material fact on this crucial issue of damages.

14. **Reply to Plaintiff's Statement of Facts G.** Plaintiff seeks to introduce a new element of causation or a new theory of liability in this paragraph. Plaintiff has not pled, nor offered any proof, or stated his intention in any of his interrogatory responses, that he intended to attempt to persuade the jury to award damages based upon a theory of "aggravation of pre-existing condition." None of the excerpts of Dr. Tijmes presented as summary judgment evidence makes this allegation.

-7-

There is no testimony from Dr. Gill or any other treating physician on this issue. Plaintiff's live pleading does not mention this theory of recovery (*see* attached EXHIBIT 7). Plaintiff's written interrogatory responses do not mention this theory of recovery (*see* EXHIBIT 6 to Defendant's Motion for Partial Summary Judgment). Not even Plaintiff's late filed discovery responses disclose this as an intended theory of recovery (*see* Plaintiff's proposed EXHIBIT 4 to his response to motion for summary judgment).

15. **Reply to Plaintiff's Statement of Facts H.** The excerpt of deposition testimony referenced in paragraph H deals with cervical disc bulges. Defendant's motion for partial summary judgment seeks summary judgment for future surgical intervention in the lumbar spine. Consequently, Plaintiff's reference to alleged cervical injuries is wholly irrelevant and should be disregarded.

16. **Reply to Plaintiff's Statement of Facts I.** Defendant has not admitted anything about the nature and extent of Plaintiff's injuries. Plaintiff has provided no deposition testimony from Dr. Tijmes, or any sworn testimony from any other treating physician or consulting expert that weakened discs are more susceptible to injury. In fact, Plaintiff's counsel has shown no evidence that, prior to his on-the-job injury of August 24, 2004, he had any instability in his spinal column whatsoever. A preponderance of the evidence illustrates, instead, that only after the on-the-job injury in August of 2004, did Mr. Rodriguez suffer any injuries which lead any physician conclude that he may be a candidate for future surgery.

## D. REPLY TO PLAINTIFF'S BRIEF IN RESPONSE PARAGRAPH B

17.   Defendant disputes the contentions contained in Plaintiff's response to paragraph IV(B). Plaintiff relies upon the report of Dr. Gill, dated October 27, 2005, and his conclusory statement that, "The patient's symptoms are more severe and is definitely going to require surgery for this lumbar spine." Plaintiff chooses to ignore, however, Dr. Gill's assessment that surgery will become necessary only if conservative treatment fails. Furthermore, earlier in the report, on page 4, under the treatment note for October 27, 2005, the same date as the report relied upon by Plaintiff's counsel, Dr. Gill urges Plaintiff to continue with his medication and treatment. This is precisely the conservative treatment which may over time obviate the necessity for future surgery. Dr. Gill has given no deposition testimony regarding the necessity of future surgery, nor has he made any sworn testimony by affidavit or otherwise. Dr. Gill's unsubstantiated statement that Plaintiff is "definitely going to require surgery" is not an opinion based upon reasonable medical probability, but rather speculation based upon the possible failure of future therapy. Furthermore, Dr. Gill does not address any subsequent injuries suffered by Plaintiff at work. Nevertheless, Dr. Gill's records illustrate that Mr. Rodriguez visited Dr. Gill's clinic on September 15, 2004. The injury that Plaintiff suffered at work, which he acknowledges in his deposition and in his affidavit, occurred in August of 2004. Thereafter, Plaintiff did not return to see Dr. Gill until July of 2005, nearly nine months later. There is not evidence that, during this gap in treatment by Dr. Gill, that Plaintiff received treatment from any other physician. Consequently, again, it appears that Plaintiff ignored Dr. Gill's admonition to continue to conservatively treat his injuries.

18.   Plaintiff equates Dr. Tijmes' failure to rule out surgery as a future element of damages which a recommendation that Plaintiff have surgery. No recommendation for surgery has ever been

made by Dr. Tijmes. In fact, if Plaintiff's Exhibit 3 is accepted by the Court for consideration, the Court should note that, on October 27, 2005, Dr. Gill scheduled an orthopedic consultation with Dr. Tijmes. No evidence of the result of this orthopedic consultation exists. Dr. Tijmes' deposition testimony that surgery is not presently necessary remains his only discussion on the subject. Plaintiff could have obtained Dr. Tijmes' subsequent medical records if they supported this position. However, either Plaintiff did not keep this scheduled appointment, or Dr. Tijmes' subsequent evaluation did not support Plaintiff's position. In either event, no summary judgment evidence exists supporting Plaintiff's contention that he will require surgery on any area of his spine.

### E. REPLY TO PLAINTIFF'S BRIEF IN RESPONSE PARAGRAPH C

19.    Plaintiff makes numerous unsubstantiated conclusory statements in paragraph IV(C) of his response. In doing so, Plaintiff misstates the proper summary judgment standard. Under federal standards, a judgment as a matter of law is appropriate when a party has "been fully heard on an issue and there is no legal sufficient evidentiary basis for a reasonable jury to find for the party on that issue." Hamburger v. State Farm, 361 F.3d 875, 884 (5th Cir. 2004), *citing* Mathis v. Exxon Corp., 302 F.3d 448, 453 (5th Cir. 2002). Plaintiff has had ample opportunity to be heard. This case was originally filed by Plaintiff on or about June 7, 2004. Plaintiff sought and received an extension of time to complete discovery in March of 2005. The Court rescheduled the trial of this cause which was originally set last summer. Plaintiff sought and received a second extension of time to complete discovery in November of 2005.

20.    Despite these extensions of time, and the resetting of this case on the Court's docket, no evidence has been presented to this Court upon which a reasonable jury could find for Plaintiff on the issue of future damages. Plaintiff has not even attempted to present evidence on any damages

besides the necessity for future surgery. Plaintiff has made no disclosure responses on any future damages it intends to present to the jury. Plaintiff has presented no evidence that future surgery is presently scheduled. Plaintiff has presented no evidence that he continues to undergo conservative treatment. Dr. Gill, in his report, requests that conservative treatment continue and indicates that if conservative treatment fails, surgery may be an option. No evidence has been presented that the conservative treatment plan has continued. Furthermore, Dr. Gill has sent Plaintiff to Dr. Tijmes for orthopedic consultation. Ostensibly, Dr. Gill would not perform the surgery if it became necessary. The consulting orthopedic surgeon, Dr. Tijmes, would perform the surgery. Dr. Tijmes has previously stated that Plaintiff is not a candidate for future surgery. After the latest request for consultation in October of 2005, no evidence has been presented that Dr. Tijmes has changed his opinion.

21. Further, Plaintiff has provided no evidence to rebut Defendant's contention that Plaintiff's injuries were caused by a subsequent injury. Plaintiff acknowledges that he was injured while lifting pipe at work. Plaintiff acknowledges that he had more pain after that. The summary judgment evidence propounded by Defendant's counsel illustrates that, after the August 2004 incident, Plaintiff's objective findings became worse, as evidenced by the findings on the MRI films. Plaintiff offers no rebuttal to this objective evidence. Plaintiff offers no evidence from any treating physician or consulting expert or retained expert for the conclusory allegation that "the degenerative changes found in Plaintiff's lower back can be exacerbated by trauma." There is no evidence that a reasonable jury could utilize to find in Plaintiff's favor on the issue of future surgery.

## F. CONCLUSION

22. An adequate time for discovery has passed, as evidenced by the previous extensions of time granted to Plaintiff and the expiration of the Court's discovery deadlines in anticipation of this trial setting. Plaintiff has produced no evidence on which a reasonable jury could find in his favor on the issue of future damages. Instead, the summary judgment evidence produced by Defendant clearly warrants limitation of the damages presented to the jury to be between the incident made the basis of this suit on January 16, 2003, through the subsequent on-the-job incident suffered by Plaintiff on August 24, 2004. Plaintiff has not even attempted to rebut the limitation of his damages to within that time frame. Summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is warranted and should be granted by this Court on these issues.

## PRAYER

WHEREFORE, Defendant James Arthur Larson requests that the Court grant the partial summary judgment requested by Defendant in all of its particulars. Defendant further requests all other and further relief to which he may show himself entitled.

Respectfully submitted,

DUNN, WEATHERED, COFFEY, RIVERA,
KASPERITIS & RODRIGUEZ, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594 [FAX 883-1599]


BY_____
        Patrick R. Kasperitis
        SBN 11105270; FED ID 12594
        Frank Weathered
        SBN 20998600; FED ID 2441

COUNSEL FOR DEFENDANT
JAMES ARTHUR LARSON


### CERTIFICATE OF SERVICE

This is to certify that on the 1st day of May 2006, this document was served on counsel of record as indicated below pursuant to Federal Rules of Civil Procedure.

_____
        Patrick R. Kasperitis


**VIA FAX 956.399.7398**
Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, Texas 78586