NUMBER: 2004-06-2961-E

IN THE 357th JUDICIAL DISTRICT COURT OF CAMERON COUNTY, TEXAS

ROGELIO RODRIGUEZ AND §
ELIZABETH RODRIGUEZ §
 §
VS. §
 §
JAMES ARTHUR LARSON §

FILED 4:35 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK
JUN 07 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

-oOo-

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ**, Plaintiffs herein complaining of **JAMES ARTHUR LARSON**, Defendant, and for cause of action would show unto the Court as follows:

### 1. DISCOVERY

Level of discovery for this suit shall be under Plan 2 as set out in the Texas Rules of Civil Procedure.

### 2. PARTIES

Plaintiff **ROGELIO RODRIGUEZ** is a resident of Cameron County, Texas.

Plaintiff **ELIZABETH RODRIGUEZ** is a resident of Cameron County, Texas.

Defendant **JAMES ARTHUR LARSON**, is a individual upon whom service may be had at Lakewood RV Park, Lot 306, Harlingen, Cameron County, Texas.

Page 1 of 5


EXHIBIT 7

## 3. JURISDICTION

The Court has jurisdiction over defendants because defendants are Texas residents. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court.

## 4. VENUE

Venue is proper in Cameron County, Texas. Specifically, venue is allowed in this county because all of the events or omissions occurred in this county.

## 5. FACTS

On or about January 16, 2003, Plaintiff **ROGELIO RODRIGUEZ** was driving an 18-wheel semi-truck and trailer traveling South on Business US 77. Suddenly and unexpectedly a Dodge Ram 2500 pickup truck driven by defendant **JAMES ARTHUR LARSON** changed lanes and collided into the vehicle driven by plaintiff.

As a result of the incident in question, Plaintiff **ROGELIO RODRIGUEZ** sustained severe and disabling injuries.

## 6. NEGLIGENCE/JAMES ARTHUR LARSON

The incident made the basis of this cause of action and the resulting injuries were proximately caused by the negligence of Defendant **JAMES ARTHUR LARSON**, in the following respects:

a)  Failing to keep a proper lookout as a person using ordinary car would have done;

b)  Failing to apply the vehicles brakes in a timely fashion as a person using ordinary care would have done;

c)  Failing to swerve either to the left or to the right to avoid the complained of collision;

Plaintiff would further show that Defendant **JAMES ARTHUR LARSON**, was

negligent per se in the following regards:

d) Driving in a reckless manner in violation of V.T.C.A., Transportation Code §545.401(a).

e) Driving at an excessive rate of speed in violation of V.T.C.A., Transportation Code §545.351(a); §545.351(b)(1); §545.351(b)(2);

f) Failing to drive in a single lane in violation of VTCA, Transportation Code §545.060.

g) Failing to use turn signals in violation of VTCA, Transportation Code §545.104.

h) Failing to drive on the right side of the roadway in violation of VTCA, Transportation Code §545.051.

Each of the above acts or omissions, constituted negligence and negligence per se which caused the incident made the basis of this suit and Plaintiff's injuries and damages as more fully set out in the Paragraphs below.

## 7. DAMAGES/ROGELIO RODRIGUEZ

As a direct result of the incident made the basis of this cause of action, Plaintiff **ROGELIO RODRIGUEZ**, forty-two (42) years of age at the time of the incident in question, sustained severe injuries to his neck, right rib fracture, chest, lower back, and body in general, together with soft tissue injuries, mental pain and suffering.

As a proximate result of the incident in question, Plaintiff **ROGELIO RODRIGUEZ** suffered shock, physical pain, mental anguish, sustained a loss of physical ability, and incurred expenses for health care services.

Plaintiff **ROGELIO RODRIGUEZ**, who has a life expectancy of 35.49 years, still suffers from the injuries sustained, and in all reasonable probability he will continue to suffer in the future and throughout his life expectancy.

Therefore, Plaintiff ROGELIO RODRIGUEZ, says that he has sustained a permanent loss of both earning capacity and physical ability, will suffer physical pain and mental anguish in the future, and will incur future expenses for health care services.

As a proximate result of the incident in question and the injuries sustained, Plaintiff ROGELIO RODRIGUEZ, has been damaged as follows:

a) Physical pain and mental anguish suffered in the past in an amount that exceeds the minimum jurisdictional limits of the court; together with prejudgment interest thereon.

b) Loss of physical ability in the past in an amount that exceeds the minimum jurisdictional limits of the Court; together with prejudgment interest thereon.

c) Diminished capacity to work and earn money in the past in an amount that exceeds the minimum jurisdictional limits of the Court; together with prejudgment interest thereon.

d) Physical pain and mental anguish which will be suffered in the future, in an amount that exceeds the minimum jurisdictional limits of the Court;

e) Diminished capacity to work and earn money in the future in an amount that exceeds the minimum jurisdictional limits of the Court;

f) Loss of physical ability in the future in an amount that exceeds the minimum jurisdictional limits of the Court;

g) Expenses for health care services to date; together with prejudgment interest thereon.

h) Future expenses for health care services in an amount that exceeds the minimum jurisdictional limits of the Court;

### 8. DAMAGES/ELIZABETH RODRIGUEZ

As a proximate result of the incident in question and the injuries sustained by Plaintiff ROGELIO RODRIGUEZ, Plaintiff ELIZABETH RODRIGUEZ has been damaged as follows:

a) Loss of affection, solace, comfort, companionship, society, and assistance that she previously received from her spouse, in the past, in an amount that exceeds the minimum jurisdictional limits of the court;
together with prejudgment interest thereon.

b) Loss of affection, solace, comfort, companionship, society, and assistance that she would have received from her spouse, in the future, in an amount that exceeds the minimum jurisdictional limits of the court.

## 9. DEMAND FOR JURY

Plaintiff demands a jury trial and tenders the appropriate fee.

## 10. PRAYER

**WHEREFORE**, Plaintiffs prays that upon trial, Plaintiffs recover their damages from Defendants as alleged, along with prejudgment interest, post judgment interest, costs and general relief.

RESPECTFULLY SUBMITTED,

**LAW FIRM OF RANDALL P. CRANE**
201 S. SAM HOUSTON
SAN BENITO, TEXAS 78586
Tel. (956) 399-2496
Fax. (956) 399-7398
BY: _____
RANDALL P. CRANE
STATE BAR #05006900

ATTORNEY FOR PLAINTIFFS