UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ | § § § | |
| V. | § § | CIVIL ACTION NO. B-04-137 |
| JAMES ARTHUR LARSON | § § | |

## NOTICE OF ORAL DEPOSITION

TO: Rogelio Rodriguez and Elizabeth Rodriguez, Plaintiffs, by and through their counsel of record, Randall P. Crane, LAW FIRM OF RANDALL P. CRANE, 201 S. Sam Houston, San Benito, Texas 78586.

Pursuant to FED. R. CIV. P. 30, you will take notice that the oral deposition of **DR. D. S. GILL** will be taken on **JUNE 19, 2006**, beginning at **1:30 P.M.**, *said date and time subject to change by order of the court*, to be used as evidence in the trial of this cause, and that such deposition will be so taken at Dr. Gill's offices located at 1120 Galveston Avenue, McAllen, Texas, before an authorized court reporter from Hill & Romero.

Pursuant to FED. R. CIV. P. 30(b)(2), notice is hereby given that this deposition may be recorded with video tape.

Pursuant to the attached subpoena duces tecum the witness is requested to produce at such time and place the items listed therein.



Respectfully submitted,

DUNN, WEATHERED, COFFEY, RIVERA,
KASPERITIS & RODRIGUEZ, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594 [FAX 883-1599]

BY _____
Patrick R. Kasperitis
SBN 11105270; FED ID 12594
Frank Weathered
SBN 20998600; FED ID 2441

COUNSEL FOR DEFENDANT
JAMES ARTHUR LARSON

CERTIFICATE OF SERVICE

This is to certify that on the 6th day of June 2006, this document was served on counsel of record as indicated below pursuant to Texas Rules of Civil Procedure.

_____
Patrick R. Kasperitis

**VIA CM/RRR 7005 1820 0002 8532 8285**
Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, Texas 78586

## SUBPOENA DUCES TECUM

### Definitions and Instructions

1. Unless otherwise indicated, the use in this subpoena duces tecum of the term "Plaintiff" shall include the respective officers, directors, partners, employees, servants, agents, attorneys, and shareholders, if any, of the referenced person(s) or entity and should be deemed to reflect gender and number as the text of the subpoena duces tecum may require.

2. "You" or "your" or "yours" refers to whom this subpoena duces tecum is addressed, such terms include any other person or entity acting for or on behalf of any Plaintiff.

3. As used herein, the term "or" shall mean "and/or."

4. As used herein, the terms "all" shall mean any and all.

5. As used herein, the term "person" means natural person, corporation, partnership, form, association, joint venture, or any other form of business entity, and all other incorporated or unincorporated governmental, public, social, or legal entities. A reference to any person shall include, where applicable, its divisions, subdivision, controlled persons, attorneys, brokers, agents, and all officers, directors, partners, shareholders, employees, affiliates, parent companies, subsidiaries, or other persons acting or purporting to act on its behalf.

6. The term "identify" or "identification" or any synonym thereof when referring to a person shall mean to state his/her full name, present or last known business and residential address, title, present employer, present job description, employment history, and phone numbers. When referring to a public or private corporation, partnership, association, or other organization or to a governmental entity or agency, "identify" means to state its full name, present or last known pertinent business address or operating address, the name of its chief executive officer, and phone number.

7. As used herein, the term "identify" or "identification" when used with respect to a document as defined herein, means to:

(a) Describe the nature of the document (such as a letter, memorandum, invoice, telegram, etc.);

(b) State the date, if any, appearing on the document, or, if none, the date upon which such document was prepared;

(c) Describe in general the subject matter and substance of the document;

(d) Identify each person who wrote, signed, dictated, or otherwise participated in the preparation and creation of the document;

(e) Identify each person as defined herein, who was an addressee or recipient thereof or received a copy of such document; and

(f) State whether such document now exists and, if so, the present location of such document and identify each person, as defined herein, having custody of the document.

8. As used herein, the term "identify" or "identification," when used in context other than in paragraph 6 and 7 above, means to provide such information as would enable a reasonably intelligent person to locate, describe, distinguish, understand, evaluate, or analyze the subject matter, including, without limiting the generality of the foregoing, locations, boundaries, descriptions, identifying marks, dates, amounts, terms, names, parties, values, numbers, labels, provisions, witnesses, signatories, writers, draftsmen, owners, debtors, creditors, principals, sureties, co-signers, partners, agents, officers, employees, and custodians of subject matter.

9. When used herein, the term "document(s)" shall mean original writings, handwritten, typed, or otherwise, reproduced of any non-identical copies, whether different from the original because of notes, addenda, supplements, amendments, revisions, exhibits, and appendices made thereto, which were made upon such copy or otherwise, formal or informal -- either (a) in your possession, custody, or control, or (b) generated by, known to or seen by you, but not now in your possession, custody, or control, regardless of where located and whether or not the original is still in existence. Such "document(s)" shall include, but are not limited, to any photographs, books, pamphlets, notebooks, films, videotapes, microfilm, microfiche, contracts, agreements, records, tape recordings, checks, check stubs, journals, general and subsidiary ledgers, accounting entries, books of accounts, accounts, bills, notes, invoices, purchase orders, vouchers, receipts, correspondence, interoffice and intraoffice communications, communications, cables, telexes, TWX and other teletype communications, facsimiles, memoranda, reports, studies, summaries, minutes, minute books, notes, agendas, bulletins, notices, announcements, instructions, drawings, plans, specifications, sketches, charts, manuals, brochures, schedules, time sheets or logs, price lists, telegraphs, formal records, diary calendars, daily calendars, desk calendars, appointment books, financial statements, advertisements, and other data compilations in which information can be obtained or translated, if necessary, by the person or entity to which this request is directed. In all cases, where originals and non-identical copies are not available, "documents" also mean copies of originals, identicals, identical copies, and non-identical copies.

10. The term "data compilation and recordings" when used in this subpoena duces tecum refers only to such data compilation and recordings required in the use of appropriate devices to translate the information they contain into usable form. You need not produce a data compilation or recording when the requested information contained therein has been translated into usable form and that translation is produced in response to request for documents made herein.

11. As used herein, the term "relating to," "referring to," or "pertaining to" shall mean in any way concerning, constituting, referring to, relating to, analyzing, discussing, describing, considering, modifying, supporting, qualifying, terminating, provoking, canceling, negating, refuting, or listing, unless qualified by word of limitation.

12. As used herein, the term "communication" means any conveyance or transfer of any information from one person to another by any means or in any form. This includes, but is not limited to, all types of documents or oral communications.

13. As used herein, the term "oral communications" means communication that includes any meeting, conference, telephone conversation, telephone conference, or in-person conversation.

14. As used herein, the term "meeting" means any encounter between two or more persons during when an oral or written communication occurred and shall include, but not be limited to, formal and informal gatherings, conversations, and telephone communications.

15. As used herein, the term "actual or constructive custody, control or possession" means and includes physical possession or control and any legal or equitable right to possess, control, or secure the document or any copy thereof from any other person, governmental entity, or other entity having actual physical possession thereof.

16. The term "incident in question" as used in this subpoena duces tecum refers to the incident made the subject of this lawsuit which occurred on or about May 9, 1989.

17. The term "lawsuit" means an action or proceeding in a state or federal civil court in law or in equity, but not a criminal prosecution.

18. The term "claim" means a demand for money or property for payment of a loss.

### Documents to be Produced

1. Any and all medical records in your possession regarding the care and treatment of **Rogelio Rodriguez**.

2. Any and all communications between you and other third-parties which relate to, refer to, or otherwise pertain to any of plaintiff's allegations of liability and damages as addressed in plaintiff's pleadings.

3. Any and all documents that in any way reflect, refer, or otherwise relate to documents, notes, statements, preliminary drafts, which you consulted or had available for consultation regarding the conditions and causes of the incident in question in preparation for your deposition, including any documentation as to any and all visits by you to the incident site; and any and all documents relating to the formulation and rendering of any opinions with regard to the cause or causes of the incident.

4. Any and all documents provided to you by the attorney for plaintiff or any third-party, and/or which have otherwise been reviewed by your, and/or will be reviewed by you in preparation for the trial in this lawsuit.