```
                                              United States District Court
                                              Southern District of Texas
                                                      FILED
         UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF TEXAS             JUN 0 8 2006
             BROWNSVILLE DIVISION
                                                 Michael N. Milby
                                                  Clerk of Court
```

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

## MOTION FOR ORDER COMPELLING PRODUCTION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW James Arthur Larson, Defendant in the above-entitled and numbered cause, brings this Motion for Order Compelling Production pursuant to FRCVP 37, and as grounds for the relief requested in the prayer hereof, respectfully shows the Court as follows:

1. On or about January 19, 2005, Defendant propounded a Notice to Take Deposition Upon Written Questions to R & L Transfer, Inc., Human Resources, P.O. Box 271, Wilmington, OH 45177. Attached hereto, as **EXHIBIT A**, is a true and correct copy of said notice. A subpoena duces tecum was attached to that deposition notice which requested production of the following:

> Any and all personnel and payroll records, including, but not limited to resumes and/or applications for employment, pre-employment physical examination reports, wage statements, W-2s, I-9s, time sheets or slips, attendance records, vacation records, benefits, awards, disability records, insurance records, medical records, performance reviews, disciplinary action reports, office notes, memorandum, correspondence to or from employee or concerning employee, or any other information within the care, custody or control, or to which said custodian has access, pertaining to: ROGELIO RODRIGUEZ; SSN: 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; DOB: 01/12/1960.

2. On or about June 27, 2005, Defendant received notice that the custodian for R & L Transfer refused to comply with the subpoena, as the case is filed in Texas and they are in Ohio.

Attached hereto, as **EXHIBIT B**, is a true and correct copy of correspondence from Team Litigation Company, dated June 27, 2005.

3. On or about August 24, 2005, Defendant provided an authorization signed by Rogelio Rodriguez to the court reporting service attempting to obtain the subject records from Plaintiff's employer. Attached hereto, as **EXHIBIT C**, is a true and correct copy of that authorization, dated August 22, 2005.

4. On or about August 29, 2005, Defendant received a copy of correspondence from R & L Carriers regarding their refusal to release Mr. Rodriguez's employment records. Attached hereto, as **EXHIBIT D**, is a true and correct copy of that correspondence.

5. Plaintiff's employer has continued to refuse to provide payroll and employment records, as evidenced by the most recent correspondence from the court reporting service, discontinuing its efforts to obtain the records without a court order. See **EXHIBIT E**.

6. Plaintiff's counsel continues to assert that he will attempt to submit an issue to the jury regarding lost wages and loss of earning capacity in the past and in the future. The Court has indicated that it is inclined to permit Plaintiff to fully present all of the elements of damages to the jury. However, Defendant cannot defend the allegations on this element of damages in the face of Plaintiff's and his employer's refusal to provide relevant and necessary documentation. If Plaintiff already possesses such documentation it should have been disclosed long ago. If Plaintiff does not possess such documentation then no evidence exists to support a jury finding on this element of damages. Nevertheless, if the Court is inclined to permit Plaintiff to submit such elements to the jury, Defendant must be permitted an opportunity to review relevant information which might contradict Plaintiff's anticipated position.

7.   Defendant requests an order compelling the production of the payroll and employment records of Rogelio Rodriguez by either his employer or by Mr. Rodriguez himself. Should either Mr. Rodriguez or his employer fail to comply with this order, Defendant requests that the Court Order them to appear and to show cause why they should not be held in contempt of court for failing to comply with the deposition on written questions, and the Court's order mandating production of the requested information.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court enter an order compelling Plaintiff to produce his employment records from R & L Transfer, Inc., to Defendant, within such time as the Court may deem proper, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

DUNN, WEATHERED, COFFEY,
RIVERA, KASPERITIS & RODRIGUEZ, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594 [FAX 883-1599]

BY _____
Patrick R. Kasperitis
SBN 11105270; FED ID 12594
Frank Weathered
SBN 20998600; FED ID 2441

COUNSEL FOR DEFENDANT
JAMES ARTHUR LARSON

## CERTIFICATE OF SERVICE

This is to certify that on the 7th day of June 2006, this document was served on counsel of record as indicated below pursuant to Texas Rules of Civil Procedure.

_____
Patrick R. Kasperitis

**VIA CM/RRR 7005 1820 0002 8532 8292**
Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, Texas 78586

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Notice, as well as a copy of the attendant Direct Questions, have been mailed, return receipt requested, or hand delivered or transmitted by telephone facsimile to all Counsels of Record, this the **19 day of January, 2005.**

_____
For:    Mr. Patrick R. Kasperitis

cc:
Mr. Randall P. Crane
Law Firm of Randall P. Crane
201 South Sam Houston
San Benito, TX 78586
(956) 399-2496, Fax: (956) 399-7398
Attorney for Plaintiff