UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 9 2006

Michael N. Milby
Clerk of Court

| ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ | § § § | |
|---|---|---|
| VS. | § § | |
| JAMES ARTHUR LARSON | § § | CIVIL ACTION NO, B-04-137 |

-oOo-

## PLAINTIFFS' MOTION TO QUASH DEPOSITIONS OF DR. D.S. GILL & DR. DANIEL BACKLAS AND MOTION TO EXCLUDE EXPERT, DR. DANIEL BACKLAS

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff asks the court to quash the depositions of Dr. D.S. Gill and Dr. Daniel Backlas and to exclude the expert testimony of Dr. Daniel Backlas, defendants expert.

### A. Introduction

Plaintiffs are Rogelio Rodriguez and Elizabeth Rodriguez. Defendant is James Arthur Larson. Plaintiffs sued defendant James Arthur Larson for injuries sustained as the result of an automobile collision on January 16, 2003.

### B. Facts

1) On August 1, 2005, Defendant James Arthur Larson filed Defendant's First Amended Designation of Experts, attached hereto as exhibit "A", and stated as follows:

**Defendant does not designate any expert witness at this time.**

Defendant names the following as a prospective witness who may be used for rebuttal testimony at the time of trial regarding his opinions and findings from his review of Plaintiff's MRI films and in rebuttal to the deposition testimony given by Dr. Tijmes. At this time, the following has not been retained by Defendant, has not reviewed Plaintiff's MRI

films, and has not prepared a report for Defendant. Attached hereto is a copy of his curriculum vitae.

>   Dr. Daniel Backlas, Chief Radiologist
>   Knapp Medical Center
>   1401 East 8th Street
>   Weslaco, Tx. 78596

2) On February 24, 2006, Defendant James Arthur Larson filed Defendant's Supplemental Designation of Expert which were received by plaintiffs on February 28, 2006, attached hereto as Exhibit "B", and states as follows:

>   Defendant designates the following as a testifying expert witness at this time:
>
>   Dr. Daniel Backlas, Chief Radiologist
>   Knapp Medical Center
>   1401 East 8th Street
>   Weslaco, Tx. 78596
>   (956) 968-4564

3) On February 24, 2006, Defendant James Arthur Larson filed Defendant's Second Supplemental Rule 26(A) Disclosures, which were received by Plaintiffs on February 28, 2006, attached hereto as Exhibit "C", wherein Defendant listed Dr. Daniel Backlas as an expert witness and provided a report dated February 22, 2006.

4) Also on February 28, 2006, Defendant James Arthur Larson Noticed the Deposition of Dr. Daniel Backlas on March 21, 2006 at 5:30 p.m., see attached Exhibit "D".

5) On December 8, 2005, the Court issued an Amended Rule 16, F.R.C.P. Scheduling Order granting new discovery dates, attached hereto as Exhibit "E", which included the following:

**February 3, 2006    Defendant's Expert Disclosure** shall be made by this date.

**March 3, 2006    ALL DISCOVERY** must be completed by this date. No motion for extension of time will be granted unless there is a showing of express need and that good cause exists.

6) On June 7, 2006, Defendant James Arthur Larson Noticed the Deposition of Dr. Daniel Backlas on June 15, 2006 at 5:30 p.m., see attached Exhibit "F".

7) Also on June 7, 2006, Defendant James Arthur Larson Noticed the Deposition of Dr. D.S. Gill on June 19, 2006 at 1:30 p.m., see attached Exhibit "G".

8) On May 2, 2006, a Final Pre-Trail Conference was held before the Court at which time the trial was put off until July 17, 2006. The court further ordered that the discovery deadline would be extended until June 19, 2006, but no depositions were to take place without leave of the court.

9) Defendant did not contact plaintiff to determine whether or not the dates provided for the depositions of Dr. D.S. Gill and Dr. Daniel Backlas, were available, which they are not. Plaintiff's attorney, Randall P. Crane will be in Dallas, Texas from June 15, 2006 through June 20, 2006.

## C. Argument & Authorities

The Court should quash the deposition of Dr. Daniel Backlas and Dr. D.S. Gill because:

a) Plaintiff's attorney is scheduled to be out of town from June 15, 2006 through June 20, 2006.

b) Defendant's attorney never contacted plaintiff's attorney about scheduling a date for depositions prior to receiving the deposition notice in the mail on June 7, 2006.

c) The Court had previously ordered that no depositions were to take place without first obtaining leave of the court.

**The Court should quash the deposition of Dr. Daniel Backlas and exclude his testimony because:**

d) The discovery deadline as extended by the court is on June 19, 2006 and Defendant has scheduled his defendant's expert deposition on June 19, 2006, when plaintiff's attorney is scheduled to be out of town.

e) Defendant's designation of expert's deadline was on February 3, 2006 and Defendant did not designate or provide the expert's report until February 28, 2006.

f) The opinions of Dr. Backlas, specifically the opinion that disc bulges are always secondary to degenerative changes and are never related to trauma is based on flawed reasoning and methodology (see *Merrell Dow Pharms. V. Havner,* 953 S.W.2d 706, 714 (Tex. 1997).

g) The opinions of Dr. Backlas, specifically the opinion that Annular tears are part of the degenerative process is based on flawed reasoning and methodology, (see *Merrell Dow Pharms. V. Havner,* 953 S.W.2d 706, 714 (Tex. 1997).

h) The opinions of Dr. Backlas that disc bulges are always secondary to degenerative changes and are never related to trauma and that annular tears are part of the degenerative process has not been subjected to reliable testimony.

I) The opinions of Dr. Backlas have not been subjected to peer review. *American W. Airlines v. Tope,* 935 S.W.2d 908, 919 (Tex.App.-El Paso 1996, no writ)

j) The theory espoused by Dr. Backlas has not been generally accepted as valid by the relevant scientific community, *Neal v. Dow Agrosciences*, L.L.C., 74 S.W.3d 468, 473-74 (Tex.App.-Dallas, 2002, no pet.)

k) The report of Dr. Daniel Backlas is inadequate in that it does not meet the requirements of an expert report in that it is conclusionary in nature and does not provide an adequate description for the basis of his opinions.

A court must exclude the opinion testimony of an expert if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needless presentation of cumulative evidence. Tex.R.Evid.403. The court should exclude the testimony of Dr. Daniel Backlas on his opinions that disc bulges are always secondary to degenerative changes, and are never related to trauma, and that annular tears are part of the degenerative process because his testimony will lead to unfair prejudice, confusion of the issues, and mislead the jury.

### D. Conclusion

Plaintiffs request that the depositions of plaintiff's treating doctor, Dr. D.S. Gill and defendant's expert, Dr. Daniel Backlas be quashed. Plaintiff further asks the court that Dr. Backlas not be allowed to testify as an expert in this case because Dr. Backlas was not listed as an expert and his report was not provided until after the deadline for defendant to designate experts.

### E. Prayer

For these reasons, plaintiffs Rogelio Rodriguez and Elizabeth Rodriguez ask the court to quash the depositions of Dr. D. S. Gill and defendant's expert, Dr. Daniel Backlas and exclude Dr. Backlas as an expert in this case.

RESPECTFULLY SUBMITTED,

LAW FIRM OF RANDALL P. CRANE
201 S. SAM HOUSTON
SAN BENITO, TEXAS 78586
(956) 399-2496

BY: _____
RANDALL P. CRANE
STATE BAR #05006900
ATTORNEY FOR PLAINTIFFS
ROGELIO RODRIGUEZ AND
ELIZABETH RODRIGUEZ

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Plaintiff's Motion to Quash Depositions and Motion To Exclude Expert, Dr. Daniel Backlas has been forwarded to the attorneys of record for the Defendants as follows:

Dunn, Weathered, Coffey,
Rivera, Kasperitis & Rodriguez, P.C.
Attorneys At Law
611 S. Upper Broadway
Corpus Christi, Texas 78401

(Certified Mail, Return Receipt Requested #7004 0550 0001 3139 3663)

SIGNED THIS THE __9th__ DAY OF JUNE, 2006.

_____
RANDALL P. CRANE
STATE BAR #05006900
ATTORNEY FOR PLAINTIFFS
ROGELIO RODRIGUEZ AND
ELIZABETH RODRIGUEZ