UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 17 2006

Michael N. Milby, Clerk of Court

| | |
|---|---|
| ROGELIO RODRIGUEZ AND § <br> ELIZABETH RODRIGUEZ § <br> § <br> V. § <br> § <br> JAMES ARTHUR LARSON § | CIVIL ACTION NO. B-04-137 |

## MOTION TO EXCLUDE EVIDENCE

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW James Arthur Larson, Defendant in the above-entitled and numbered cause, brings this Motion to Exclude Evidence pursuant to FRCP 37. As grounds for the relief requested in his prayer, Defendant respectfully shows the Court as follows:

1. Defendant propounded Requests for Production upon Plaintiff Rogelio Rodriguez by and through his counsel of record, Randall P. Crane, 201 S. Sam Houston, San Benito, Texas 78586, by certified mail, return receipt requested, delivered the 3rd day of November, 2004.

2. Defendant's Request for Production No. 1 made the following request of Plaintiff Rogelio Rodriguez:

> Please furnish us with a copy of (a) your income tax returns for the five (5) years immediately preceding the date of the occurrence made the basis of this lawsuit and any filed since that date, and (b) any documents or other verification of your actual time missed from work since the date of the occurrence made the basis of this lawsuit.

3. On November 30, 2004, Plaintiff responded to Defendant's Requests for Production. Specifically, Plaintiff made the following response to request for production number 1:

> **Objection.**
> **Plaintiff objects to this request for the following reasons:**
> a) The request for examination of complete tax returns forms an abuse of discretion by trial court as infringement on right to privacy. *Marseca v. Marks* 362 S.W.2d 299, 301 (Tex. 1962).
> b) Plaintiff is only required to produce documents within his possession custody and control.

Plaintiff produced no responsive documents in his response to this request.

4. At the initial pre-trial conference, on May 2, 2006, the Court denied, from the bench, Defendant's motion to exclude the evidence that should have been produced in response to this request and/or the Disclosure responses. At that hearing Plaintiff's counsel also supplemented his discovery in several respects to address Defendant's motions to exclude. The Court permitted Plaintiff to amend and supplement his discovery at that late date, in part, because the trial date was moved until July 17, 2006. The Court also extended the time for Defendant to conduct written discovery until June 19, 2006. The Court specifically admonished Defendant, however, that any requests for additional oral depositions would require leave of Court.

5. On June 6, 2006, Defendant submitted several motions to the Court: a motion to compel discovery responses and two motions for leave to conduct oral depositions were among them. On June 13, 2006, the Court denied most of the relief sought by Defendant. However, the Court granted Defendant's motion pertaining to the disclosure of documents under Request for Production No. 1. For the Court's convenience a true and correct copy of this order is attached as Exhibit A. The Court specifically limited the production of tax returns by Plaintiff to the three years preceding the incident in question. More significantly, the Court specifically granted Defendant's "motion to discover

-2-

documents or other verification of actual time missed from work since the date of the occurrence made the basis of this lawsuit." The Court ordered Plaintiff to comply on or before July 3, 2006.

6. On June 30, 2006, Plaintiff filed a Certificate of Written Discovery with the Court reflecting compliance with the Court's Order. Defendant received the "First Supplemental Objections and Responses to Defendant's Request for Production" on July 11, 2006. A true and correct copy of the supplemental response to Request No. 1 is attached to this motion as Exhibit B. Plaintiff adds a notation in his supplemental response :

> **Subject to and without waiving any objections, plaintiff [sic] answers as follows:** Pursuant to Court order dated June 13, 2006, Plaintiff is providing the following documents for the period covering three(3) years preceding the date of the occurrence:
> c) 2002 Income tax return and W-2 forms;
> d) 2001 Income tax return, no W-2 forms located;
> e) 2000 Income tax return, no W-2 forms located.

Plaintiff provided the documents described. However, Plaintiff provided no documentation responsive to part b) of the request, as specifically required by the Court.

7. In granting Defendant's motion, Plaintiff's objections to Request No. 1 were overruled. Therefore, the prophylactic statement that the supplemental response is made "subject to and without waiving any objections" is without any legal effect. The Court ordered production of relevant documentation illustrating Plaintiff's claims for lost wages in the past and loss of wage earning capacity in the future. Such documentation has been again withheld, in spite of the Court's order.

8. Rule 37(c)(1) of the Federal Rules of Civil Procedure excludes evidence which is not properly supplemented "as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." The Comments to the 1993 Amendments make it clear that the exclusion is a "self-executing sanction without need for a motion under subdivision (a)(2)(A)." The Comments to

the 2000 Amendments note specifically that the exclusion applies to information that should have been supplemented to comply with Rule 26 (e)(2). It certainly applies to information that should have been supplemented to comply with a direct order of the Court.

9. Defendant specifically sought the information requested to permit detailed inquiry into Plaintiff's claims that he has suffered lost wages in the past along with his claims that he will suffer loss of wage earning capacity in the future as a result of the incident made the basis of this suit. The Court specifically granted this relief, deeming this line of inquiry to be reasonable and relevant. Plaintiff has failed to adhere to the Court's order. Defendant cannot adequately defend the allegations of loss of wages and loss of wage earning capacity without the documents that the Court ordered to be produced. The automatic exclusion provisions of Rule 37 should be applied in this instance to cure the prejudice caused to Defendant by Plaintiff's refusal to comply with the Court's order. All evidence related to Plaintiff's claims of lost wages in the past and loss of wage earning capacity in the future should be excluded, including, but not limited to, Plaintiffs' testimony pertaining to these issues.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that, pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Court enter an order excluding any evidence of lost wages in the past or loss of wage earning capacity in the future from the trial of this cause. Defendant further requests all other and and further relief to which Defendant may be justly entitled.

Respectfully submitted,

DUNN, WEATHERED, COFFEY, RIVERA,
KASPERITIS & RODRIGUEZ, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594 [FAX 883-1599]

BY _____
Patrick R. Kasperitis
SBN 11105270; FED ID 12594
Frank Weathered
SBN 20998600; FED ID 2441

COUNSEL FOR DEFENDANT
JAMES ARTHUR LARSON

## CERTIFICATE OF SERVICE

This is to certify that on the __17__ day of July 2006, this document was served on counsel of record as indicated below pursuant to Texas Rules of Civil Procedure.

_____
Patrick R. Kasperitis

**VIA HAND DELIVERY**
Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, Texas 78586