1

United States District Court
Southern District of Texas
FILED

JUL 19 2006

Michael N. Milby, Clerk of Court

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| ROGELIO RODRIGUEZ § | |
| AND ELIZABETH RODRIGUEZ § | |
| § | |
| V. § | C.A. NO. B-04-137 |
| § | (636(c)) |
| JAMES ARTHUR LARSON § | |

## CHARGE OF THE COURT

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide whom you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so that not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important act, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembered it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory, and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach

3

conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence--such as testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of circumstances that indicates the existence or non-existence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Any notes that you may have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of the other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field--he is called an expert witness--is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

4

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

In conducting your deliberations use the following definitions and instructions:

# JURY INSTRUCTION NO. 1

## Definition

"**Proximate cause**" means that cause which, in a natural and continuance sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

# JURY INSTRUCTION NO. 2

### Definition

**"Negligence"** means failure to use ordinary care, that is, failing to do that which a persons of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

# JURY INSTRUCTION NO. 3

### Definition

"**Ordinary care**" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

## JURY INSTRUCTION NO. 4

(Consider Damages Only if Necessary)

It the plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

## JURY INSTRUCTION NO. 5

(Compensatory Damages)

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory dames is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered. [Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury. If the plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of the defendant's conduct.]

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. [Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.] You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damages, to the extent you find them proved by a preponderance of the evidence:

# JURY INSTRUCTION NO. 6

(Existing Condition before the Occurrence)

Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the occurrence in question.

# JURY INSTRUCTION NO. 7

(Condition not Resulting from Occurrence)

Do not include any amount for any condition *not resulting from* the occurrence in question.

## JURY QUESTION NO. 1

Did the negligence, if any, of those named below proximately cause the occurrence or injury in question?

Answer "Yes" nor "No" for each of the following:

a.   Rogelio Rodriguez    __No__

b.   James A. Larson      __Yes__

THIS IS A TRUE VERDCCT.

DATE: __7/19/06__

_[signature]_
FOREPERSON

## JURY QUESTION NO. 2

If you have answered "Yes" to Jury Question[s] __1__ [*the liability question(s)*] for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

The percentages you find must total 100%. The percentages must be expressed in whole numbers. The percentage of causation attributable to a person or product is not necessarily measured by the number of acts, omissions, or product defects found. The percentage attributable to *a person* need not be the same percentage attributed to *that person* in answering another question.

For each person found by you to have caused the occurrence or injury, find the percentage caused by–

a.  Rogelio Rodriguez         __0__ %

b.  James A. Larson           __100__ %

                    Total     __100__ %


THIS IS A TRUE VERDICT.

DATE: __7/19/06__

_____
Foreperson

## JURY INSTRUCTION NO. 3

What sum of money, if paid now in cash, would fairly and reasonably compensate Rogelio Rodriguez fo his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any   Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any.   Do not reduce the amounts, if any, iN your answers because of the negligence, if any of Rogelio Rodriguez.

a. Physical pain and mental anguish sustained in the past
   Answer: 20,000.00

b. Physical pain and mental anguish that, in reasonable probability, Rogelio Rodriguez will sustain in the future.
   Answer: 25,000.00

c. Loss of earning capacity sustained in the past.
   Answer: 4,000.00

d. Loss of earning capacity that, in reasonable probability, Rogelio Rodriguez will sustain in the future.
   Answer: 200,000.00

e. Physical impairment sustained in the past.
   Answer: 20,000.00

f. Physical impairment that, in reasonable probability, Rogelio Rodriguez will sustain in the future.
   Answer: 30,000.00

g. Medical care expenses incurred in the past.
   Answer: 102,000.00

h. Medical care expenses that, in reasonable probability, Rogelio Rodriguez will incur in the future.
   Answer: 109,000.00

THIS IS A TRUE VERDICT.

DATE: 7/19/06

_____
Foreperson

## JURY QUESTION NO. 4

What sum of money, if paid now in cash, would fairly and reasonably compensate Elizabeth Rodriguez for injuries, if any, to her husband, Rogelio Rodriguez, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Rogelio Rodriguez.

    a.    Loss of household services sustained in the past, only. "Household services" means the performance of household and domestic duties by a spouse to the marriage.

            Answer: $ _10,000.00_

    b.    Loss of consortium sustained in the past, only. "Consortium" means the mutual right of the husband and wife to that affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support love, and felicity necessary to a successful marriage.

            Answer: $ _5,000.00_

THIS IS A TRUE VERDICT.

DATE: _7/19/06_

_[signature]_
Foreperson

## **CONCLUSION**

When you retire to the jury room to deliberate on your verdict, you may take the exhibits which the court has admitted into evidence. Select your **Foreperson** and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about on your conduct during trial. After you have reached your unanimous verdict, your **Foreperson** is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any questions.

After you have reached a verdict, you are not required to talked with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.