United States District Court
Southern District of Texas
FILED

SEP 1 2006

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND | § | |
| ELIZABETH RODRIGUEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-04-137 |
| | § | |
| JAMES ARTHUR LARSON | § | |

### DEFENDANT JAMES LARSON'S RENEWED
### MOTION FOR JUDGMENT AS A MATTER OF LAW AND
### ALTERNATIVE MOTION FOR NEW TRIAL WITH SUPPORTING BRIEF

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES James A. Larson, Defendant in the above styled and numbered cause, and pursuant to FRCP 50(b) and 59 submits his Renewed Motion for Judgment as a Matter of Law and Alternative Motion for New Trial with supporting Brief, respectfully showing as follows:

### A. Introduction

1. Plaintiff Rogelio Rodriguez brought this suit against Defendant Larson arising out of injuries he alleges he sustained in an automobile accident which occurred in Cameron County, Texas, on or about January 16, 2003. Plaintiff alleged, in his live pleadings, "severe and disabling" injuries as a result of the incident made the basis of this suit. Plaintiff originally filed his lawsuit in state court. Defendant filed his notice of removal based on diversity of jurisdiction on or about August 12, 2004. Plaintiff Rogelio Rodriguez's spouse, Elizabeth Rodriguez, is also a Plaintiff.

2. During the trial on the merits, Defendant moved for judgment as a matter of law at the close of Plaintiffs' evidence on the issue of Rogelio Rodriguez's future damages. This motion alerted the Court and the Plaintiff to the legal insufficiency of Plaintiff's claim for future damages. The Court denied the motion. In making its ruling, the Court indicated that renewal of the motion would

not be necessary to preserve the issues raised. The evidence introduced after the motion was very brief. Specifically, Defendant presented a single witness, whose testimony took no longer than one hour. With respect to the issue of future damages, no new evidence was offered or admitted. Defendant then objected to the jury submission on future damages, making the same arguments as before with the motion for judgment as a matter of law. The Court overruled these objections and submitted the case to the jury.

3. The jury returned a verdict for Plaintiffs, and the Court rendered judgment on the verdict. The clerk entered judgment on August 22, 2006.

## B. Argument

4. The Court may grant a renewed motion for judgment as a matter of law if there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmovant on a challenged issue. *Rutherford v. Harris,* 197 F.3d 173, 179 (5th Cir. 1999). The motion may be granted if the non-movant did not present substantial evidence of such quality and weight that reasonable and fair-minded people in the exercise of impartial judgment might reach different conclusions. *Id.*

5. Defendant met the procedural requirements for filing this motion by moving for judgment as a matter of law at the close of the Plaintiff's evidence. Defendant was not required to renew the motion at the close of all the evidence because (a) the earlier motion alerted the Court and the Plaintiff to the legal insufficiency of Plaintiff's claim for future damages; (b) in denying the motion, the Court indicated that renewal of the motion would not be necessary to preserve the issues raised; (c) the evidence introduced after the motion was very brief; and (d) Defendant objected to the jury question regarding future damages on the same basis as the earlier motion for judgment as a matter of law. *C.P. Interests, Inc. v. California Pools, Inc.,* 238 F.3d 690, 693-94 (5th Cir. 2001); *McCann*

*v. Texas City Ref., Inc.*, 984 F.2d 667, 671 (5th Cir. 1993). See *Tamez v. City of San Marcos*, 118 F.3d 1085, 1090 (5th Cir. 1997).

6. This renewed motion for judgment as a matter of law is based entirely on grounds raised in the previous motion for judgment as a matter of law.

7. The Court should grant this renewed request for judgment as a matter of law on the issue of Rogelio Rodriguez's future damages because the evidence is legally insufficient to support the verdict rendered by the jury. Alternatively, the court should grant a new trial because the verdict for future damages is against the great weight of the evidence and the amounts awarded are excessive. *Cates v. Creamer*, 431 F.3d 456, 460 (5th Cir. 2005); *Carr v. Wal-Mart Stores, Inc.*, 312 F.3d 667, 670 (5th Cir. 2002). Alternatively, the Court should suggest that Plaintiffs accept a remittitur and if the Plaintiffs refuse to remit, the Court should grant a new trial. *Caldarera v. Eastern Airlines, Inc.*, 705 F.2d 778, 786 (5th Cir. 1983).

8. In response to Jury Instruction No. 3, the jury awarded the following future damages to Rogelio Rodriguez:

| | |
|---|---|
| Physical pain and mental anguish | $25,000 |
| Loss of earning capacity | $200,000 |
| Physical impairment | $30,000 |
| Medical expenses | $109,000 |

All of these damages are based largely upon the assumption that the Plaintiff will require surgery in the future. However, there is no legally sufficient evidence that he will require surgery. Alternatively, the evidence of future surgery is factually insufficient and the amounts awarded are excessive.

9. The only medical doctors to testify at trial were Jorge Tijmes, M.D. and Darshan Gill, M.D. Dr. Tijmes testified by deposition, while Dr. Gill testified live. Dr. Tijmes's testimony is attached hereto as Exhibit A. Dr. Gill's testimony is attached hereto as Exhibit B.

10. Also in evidence are certain medical records. These records include Defendant's Exhibits 3, 4, 5 and 8, which are attached hereto collectively as Exhibit C.

11. DX-3 contains the final report from Dr. Tijmes, who is an orthopaedic surgeon. Dated February 24, 2004, the report concludes that Mr. Rodriguez was to continue with medication, that he would benefit from a pain clinic, and that he would follow up on an as needed basis. There was no mention, not even a hint, of surgery. DX-4 contains a certification from Dr. Cano dated April 22, 2003. In it, Dr. Cano certified that Mr. Rodriguez had a zero impairment rating and was released to return to regular work in February 2003. DX-5 is a report from Dr. Gill dated February 26, 2004. In it, Dr. Gill stated, after listing numerous conservative treatments, that "if conservative treatments fail, he *may* become a surgical candidate." (Emphasis added). DX-8 is a report from Dr. Keillor, another orthopaedic surgeon, dated April 5, 2004. In it, Dr. Keillor stated that the patient needed to consult with a neurologist, but that "*certainly*, the patient does not have findings that would indicate surgery at this time." (Emphasis added).

12. In his deposition, which was read to the jury, Dr. Tijmes, who is the only orthopaedic surgeon to testify in the case, was asked to verify that he was not rendering an opinion that Mr. Rodriguez needed surgery. Exhibit A, p. 57. He verified that position. Id.

13. At trial, Dr. Gill testified that he has not performed surgery for the last several years and that he does not have privileges at any hospitals in the area. Exhibit B, pg. 2, 63. He is neither an orthopaedic surgeon nor a neurosurgeon. During his direct examination by Plaintiffs' counsel, he

nevertheless testified that Mr. Rodriguez is a candidate for back surgery. Id. at 51. This was despite the absence of any recommendation by either an orthopaedic surgeon or neurosurgeon that Mr. Rodriguez will ever require surgery; despite the opinion of an orthopaedic surgeon that "certainly, the patient does not have findings that would indicate surgery at this time"; and despite the refusal of another orthopaedic surgeon to consider Mr. Rodriguez as a surgical candidate. Then, on cross-examination Dr. Gill was asked: "So true, regarding a future surgery, you would rely on an orthopedic surgeon's judgment rather than your own; isn't that true?" His response was: "The orthopedic surgeon is the one who is going to do the surgery." Id. at 74-75. Then on redirect, he was asked: "Have you done about all you can for Rogelio at this point except for surgery?" His response was "I'm going to say we -- this patient has been having problems particularly with his lower back for a considerable period of time and I think we should follow, at least he should be given the benefit of another consultation with an orthopedic surgeon who will consider surgery for him." He then added "he definitely needs surgery, but I think an orthopedic surgeon will have to agree with that, to perform the surgery." Id. at 102.

14. By his own admission, Dr. Gill would need to defer to an orthopaedic surgeon to say whether Mr. Rodriguez will actually require surgery in the future. Dr. Gill can think and say whatever he wants, but he admitted that only a qualified orthopaedic surgeon could say whether surgery is actually required "given the benefit of another consultation . . . ." And the only qualified orthopaedic surgeon to testify, Dr. Tijmes, refused to consider Mr. Rodriguez to be a candidate for surgery, while yet another orthopaedic surgeon found that "certainly, the patient does not have findings that would indicate surgery at this time."

15. Dr. Gill also testified that he "vehemently" disagreed with Dr. Cano's "zero" impairment rating on Mr. Rodriguez. Yet, that is the only impairment rating in evidence and Dr. Gill, who did not do one, did not offer any alternative rating.

16. In further support of the alternative motion for new trial, Defendant asserts that the Court erred in overruling Defendant's objection to Dr. Gill being allowed to testify to opinions not contained in his pre-trial reports. *See* Exhibit B, pg. 23-24.

### C. Conclusion

17. Mr. Rodriguez' future damages largely depend upon whether he will require surgery in the future. His orthopaedic surgeons don't believe so. Dr. Gill, who is not an orthopaedic surgeon, *thinks* that surgery will be required, but admits he would need to defer to the judgment of those more qualified than him. The only qualified evidence, therefore, says that surgery is not required. Moreover, the only impairment rating in evidence is "zero." For these reasons, Defendant asks the Court to render judgment as a matter of law in favor of Defendant on the issue of future damages awarded by the jury in response to Jury Instruction 3, or to order a new trial, or to suggest a remittitur and if the Plaintiffs refuse to remit, then to order a new trial.

### REQUEST FOR ORAL HEARING

Pursuant to Local Rule 7.5, Defendant hereby requests oral submission of this motion.

Respectfully submitted,

DUNN, WEATHERED, COFFEY, RIVERA,
KASPERITIS & RODRIGUEZ, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594 [FAX 883-1599]

BY _____
Patrick R. Kasperitis
SBN 11105270; FED ID 12594
Frank Weathered
SBN 20998600; FED ID 2441

COUNSEL FOR DEFENDANT
JAMES ARTHUR LARSON

## CERTIFICATE OF SERVICE

This is to certify that on the 31st day of August 2006, this document was served on counsel of record as indicated below pursuant to Federal Rules of Civil Procedure.

_____
Patrick R. Kasperitis

**VIA CM/RRR 7006 0100 0003 8215 9657**
Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, Texas 78586