United States District Court
Southern District of Texas
**FILED**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

SEP 1 4 2006

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ | § § § | CIVIL ACTION NO. B-04-137 |
| VS. | § § | |
| JAMES ARTHUR LARSON | § § | (JURY DEMANDED) |

---

**PLAINTIFF ROGELIO RODRIGUEZ'S
RESPONSE TO JAMES LARSON'S RENEWED MOTION
FOR JUDGMENT AS A MATTER OF LAW AND ALTERNATIVE
MOTION FOR NEW TRIAL WITH SUPPORTING BRIEFS**

---

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Rogelio Rodriguez and Elizabeth Rodriguez respectfully request the Court to deny Defendant, James Arthur Larson's, Motion For Judgment as a Matter of Law and Alternative Motion For New Trial, and in support thereof would show unto the court as follows:

**A. Introduction**

1.    Plaintiffs are Rogelio Rodriguez and Elizabeth Rodriguez; defendant is James Arthur Larson.

2.    Plaintiffs sued defendant for damages arising as the result of a vehicular collision.

3.    The court rendered judgment in favor of plaintiffs on the jurys verdict and the clerk entered judgment on August 22, 2006.

**B.  Argument**

4.    The Court may grant a motion for judgment as a matter of law only if there is no evidence of record to support the jury's answer to questions concerning future damages. A motion for judgment as a matter of law requires the court to view all evidence in the light most favorable to the non-moving party. Rizzo v. Children's World Learning Centers, Inc., 173

F. 3d 254, 265 (5th Cir. 1999). A district court can grant a motion for new trial if the first trial is unfair or if the jury verdict is against the great weight of the evidence. See Cates v. Creamer, 431 F3d 456, 460 (5th Cir. 2005) On Appeal, a motion for new trial should be denied unless there is a clear showing of an absolute absence of evidence to support the jury's verdict, Hidden Oaks Ltd v City of Austin, 138 F.3d 1036, 1049 (5th Cir. 1998).

5.    The Court should deny the motion for new trial because there is sufficient evidence in the record to support the jury's answer to jury question number three (3) in which plaintiffs were awarded future damages. Defendant makes the conclusionary statement that "All of these damages are based largely on the assumption that Plaintiff will require surgery in the future. However, there is no legally sufficient evidence that he will require surgery." (Defendant's Motion For Judgment and for New Trial, under arguments, paragraph 8). On direct examination Dr. Gill was asked about future medical treatment. When asked if the plaintiff needed additional medical treatment the doctor unequivocally replied: "Yes, definitely." (Exhibit B, pg. 51 line 12). Dr. Gill then goes on to say: "Mr. Rodriguez has been under care from the day of his accident on his lumbar spine and his symptoms and his clinical findings and diagnostic findings, that's the MRI, and consultations with other specialists is consistent with him requiring surgery for his lumbar spine." (Exhibit B, pg. 51 lines 14-18).
If the above testimony is viewed in any light, let alone that most favorable to the nonmovant, it provides evidence to support the jury's answers as to future damages.

6.    There was evidence provided by Dr. D.S. Gill who testified live at trial, that even with surgery, Rogelio Rodriguez would have to restrict his future activities. Dr. Gill was specifically asked what restriction he would place on the plaintiff after the surgery. The

restrictions were no heavy lifting, standing for long periods of time, climbing ladders, etc. (Exhibit B, pg. 52 line 16 thru pg. 53 line 24).  Certainly this is some evidence of future damages.   The doctor was also asked if the plaintiff would ever be able to return to the type of person he was before the accident from a physical standpoint.  The doctor answered: "I can state categorically that he is, even with all the best will  that he was that he is not going to be able to do many of the things and other things that he is doing he's doing with a considerable amount of pain and stress on his body."  (Exhibit B, pg. 54 lines 9 thru 13). The plaintiff himself also testified that he was not getting better as time progressed and in fact he opined that he felt his physical condition was declining.  Rogelio Rodriguez's wife collaborated this testimony as did each of the lay witnesses who testified.  Once again,  this is certainly some evidence of future damages since it demonstrates that without  surgery the plaintiff's condition had not improved and the jury was therefore able to surmise it would not improve in the future.  Whether or not plaintiff,  Rogelio Rodriguez, had surgery or did not have surgery begs the question as to future damages since there would be future problems whichever way the plaintiff chose to go.

7.     The legal standard required by Texas Courts to sustain each of the awards for future damages found in the present case is as follows:

> **(1)    Physical Pain and Suffering (Past and Future)**
>
> In assessing personal injury damages, the jury has wide latitude in determining the `amount of the award. *Southwest Texas Coors, Inc. V. Morales*, 948 S.W.2d 948, 951 (Tex.App.-San Antonio 1997, no pet.).   The process of awarding damages for amorphous, discretionary injuries such as pain and suffering is inherently difficult because the alleged injury is a subjective, unliquidated, nonpecuniary loss. *Dawson v. Briggs*, 107 S.W.3d 739, 750 (Tex.App.-Fort Worth 2003, no pet.). The element of pain and suffering is not subject to precise mathematical calculations or objective

analysis and is particularly within the province of the jury to resolve and to determine appropriate amounts. *Dawson,* 107 S.W.3d at 750-51; *Morales,* 948 S.W.2d at 951-52.

**(2)    Mental Anguish (Past and Future)**
Page 519
To support an award of mental anguish, a party must present either direct evidence of the nature, duration, and severity of her mental anguish, thereby establishing a substantial interruption in her daily routine, or circumstantial evidence of a high degree of mental pain and distress that is greater in degree than mere worry, anxiety, vexation, embarrassment, or anger. *Parkway Co. v. Woodruff,* 901 S.W.2d 434, 444 (Tex.1995); *Minnesota Life Ins. Co.v. Vasquez,* 133 S.W.3d 320, 324 (Tex.App.-Corpus Christi 2004, pet. filed). The process of awarding damages for amorphous, discretionary injuries such as mental anguish is inherently difficult because the alleged injury is subjective, unliquidated, nonpecuniary loss. *Dawson,* 107S.W.3d at 750. Mental anguish can be established through testimony from the injured party explaining how she felt an dhow her life was disrupted. *Minnesota Life Ins. Co. v. Vasquez,* 133 S.W.3d at 324.

**(3)    Loss of Physical Capacity (Past and Future)**

The effect of any physical impairment must be substantial and extend beyond any pain, suffering, mental anguish, lost wages, or diminished earning capacity. *Golden Eagle Archery, Inc. v. Jackson,* 116 S.W.3d at 772; *Patlyek v. Brittain,* 149 S.W.3d 781, 785 (Tex.App.-Austin 2004, pet. filed). To recover damages for physical impairment, the plaintiff must show: (1) he incurred injuries that are distinct from, or extend beyond, injuries compensable as pain and suffering, loss of earning capacity, or other damage elements; and (2) these distinct injuries have had a "substantial" effect. *Patlyek v. Brittain,* 149 S.W.3d at 785.

**(4)    Reasonable and Necessary Medical Expenses Incurred (Past and Future)**

Texas follows the "reasonable probability" rule for future damage for personal injuries. See *City of San Antonio v. Vela,* 762 S.W.2d 314, 320 (Tex.App.-San Antonio 1988, writ denied). As a result, an award of future medical expenses is a matter primarily for the trier of fact to determine, and no precise evidence is required. *Id.* The trier of fact may base it award on the nature of the injuries, the medical care rendered before trial, and the condition of the injured party at the time

of trial. *Id.* In order to "sustain a finding on future medical expenses, the plaintiff is not required to establish the future medical consequences of his injury by expert medical testimony grounded on 'reasonable medical probability.'" *Id.*

### (5)    Loss of Wage Earning Capacity (Past and Future)

Loss of future earning capacity is the plaintiff's diminished capacity to earn a living after the trial. *Plainview Motels, Inc. V. Reynolds,* 127 S.W.3d 21, 35 (Tex.app.-tyler 2003, no pet.); *Dawson,* 107 S.W.3d at 750. Because the amount of money a plaintiff might earn in the future is always uncertain, the jury has considerable discretion in determining the amount. *Plainview Motels, Inc.,* 127 S.W.3d at 35; *Dawson,* 107 S.W.3d at 750. To support an award of damages for loss of future earning capacity, the plaintiff must introduce evidence sufficient to allow the jury to reasonably measure earning capacity in monetary terms. *Plainview Motels, Inc.,* 127 S.W.3d at 35-36. To support an award of damages for loss of future earning capacity, the plaintiff can introduce evidence of past earnings; the plaintiff's stamina, efficiency, and ability to work with pain; the weaknesses and degenerative changes that will naturally result from the plaintiff's injury; and the plaintiff's work-life expectancy. *Plainview Motels, Inc.,* 127 S.W.3d at 36; *Dawson,* 107 S.W.3d at 750.

Page 520
There must be some evidence that the plaintiff had the capacity to work prior to the injury, and that his capacity was impaired as a result of the injury. *Plainview Motels, Inc.,* 127 S.W.3d at 36.

Tagle v. Galvan, 155 S.W.3d 510, 518 (Tex.App.-San Antonio, 2004, no writ hist.)

8.    It would seem that the defendant is under the misguided belief that for a finding of future damages there must be some precise expert testimony to support the same. As the above quoted case clearly points out, however, the plaintiff is not required to prove the future medical consequences of his injury by expert medical testimony. Therefore, the defendant's attempts to dissect the testimony of the various doctors involved really misses the mark. Even if the experts testimony did not provide evidence that an operation was needed, there

was still other evidence available to support the award of those damages.

9.   In support of his argument, that plaintiff did not need surgery, Defendant refers to DX-5 which is a report from Dr. Gill dated February 26, 2004. What the defendant fails to tell the court is that in Dr. Gills report dated October 27, 2005, entered into evidence as PX-9 (a copy of which is attached hereto for all purposes as Exhibit "A") the doctor wrote "This patients symptoms are more severe and is definitely going to require surgery for his lumbar spine." Although it may well be true, as defendant states, that since the surgery would be performed by someone other that Dr. Gill, the operating doctor would have to make the final call on surgery, Dr. Gill's report and his testimony about the need for surgery is "some evidence" supporting future damages. Defendant's failure to so much as mention the October 27, 2005, report of Dr. D.S. Gill is a disingenuous attempt to mislead this court as to the evidence presented and available for the jury to rely on.

10.  The Court should deny the motion for new trial because the damage award is supported by the evidence and is not excessive. A verdict is not reversed for excessiveness except on the strongest of showings. See <u>Dixon v. Int'l Harvester Co.</u> 754 F.2d 573, 590 (5th Cir. 1985). In the present case there was nothing shocking about the amount of the awards that would indicate the same were excessive. One guideline used by the courts to determine whether or not an award is excessive is the "maximum recovery rule". See <u>Douglas v. Delta airlines, Inc.,</u> 897 F.2d 1336, 1334 (5th Circ. 1990). This rule provides that damages will not be reduced where the amount awarded is not disproportionate to at least one factually similar case from the relevant jurisdiction. One such factually similar case was tried to a jury in Willacy County, Texas, styled Dimas Silva v. Jerry Florence. That case involved a

vehicular accident causing an injury to the plaintiff's lower back that had not been operated

on at time of trial.  The jury in that case returned a verdict similar in amounts to the damages

awarded in the present case.  There are any number of other factually similar cases that have

been tried in this jurisdiction that have resulted in awards that are not disproportionate to the

award in the present case.

### C. Conclusion

11.    It is not believed that any purpose would be served  by attempting to recite  all of the

evidence supporting the jury's award of future damages.  Suffice it to say that there was a

great deal of evidence presented and the need for future surgery was only one such element

of proof.  There was nothing shocking about the amount of the jury's award.  This court is

therefore respectfully requested to deny Defendant's Motion For Judgment As a Matter of

Law and respectfully requested to deny Defendant's Alternative Motion For New Trial.


RESPECTFULLY SUBMITTED,

LAW FIRM OF RANDALL P. CRANE
201 S. SAM HOUSTON
SAN BENITO, TEXAS 78586
(956) 399-2496

BY: _____
RANDALL P. CRANE
STATE BAR #05006900
ATTORNEY FOR PLAINTIFFS
ROGELIO RODRIGUEZ AND
ELIZABETH RODRIGUEZ

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Plaintiff's Response to James Larson's Renewed Motion For Judgment As A Matter of Law and Alternative Motion For New Trial has been forwarded to the attorneys of record for the Defendants as follows:

      Dunn, Weathered, Coffey,
      Rivera, Kasperitis & Rodriguez, P.C.
      Attorneys At Law
      611 S. Upper Broadway
      Corpus Christi, Texas 78401

(Certified Mail, Return Receipt Requested #7004 0550 0001 3134 5655)

SIGNED THIS THE _13th_ DAY OF  SEPTEMBER, 2006.

                    RANDALL P. CRANE
                    STATE BAR #05006900
                    ATTORNEY FOR PLAINTIFFS
                    ROGELIO RODRIGUEZ AND
                    ELIZABETH RODRIGUEZ