United States District Court
Southern District of Texas
FILED

NOV 21 2006

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ | § § § |
| V. | §  CIVIL ACTION NO. 1:04-CV-00137 |
| JAMES ARTHUR LARSON | § § § |

## DEFENDANT'S MOTION TO
## APPROVE SUPERSEDEAS BOND AND STAY ENFORCEMENT

Defendant James Larson moves for approval of his tendered supersedeas bond and for a stay of proceedings to enforce judgment under the authority of Federal Rule of Civil Procedure 62(d, f):

1. The United States Magistrate Judge for the Southern District of Texas, Brownsville Division, the Honorable Felix Recio, signed the final judgment in this cause on August 21, 2006, in favor of Plaintiffs and against Defendant, in the amount of $427,358.44 for Rogelio Rodriguez; $15,000.00 for Elizabeth Rodriguez; costs of suit; prejudgment interest on past damages of $73,358.44 at the rate of 8.25 % per annum from March 18, 2004 until entry of judgment; and postjudgment interest at the rate of 8.25 % per year. The judgment was entered on August 22, 2006, therefore prejudgment interest on Rogelio Rodriguez's past damages is $12,701.78, and on Elizabeth Rodriguez's past damages it is $2,004.75.

2. On November 9, 2006, Defendant timely filed his Notice of Appeal from the judgment entered in this cause to the United States Court of Appeals for the Fifth Circuit.

3. Defendant desires to obtain a stay of proceedings to enforce the judgment pending appeal. Rule 62(d) provides that

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this

> rule. The bond may be given at or after the time of filing the notice of appeal
> or of procuring the order allowing the appeal, as the case may be. The stay is
> effective when the supersedeas bond is approved by the court.

FED. R. CIV. P. 62(d). None of the exceptions contained in subdivision (a) of the rule apply to this case.

    4. In subdivision (f), Rule 62 goes on to provide that

> In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

*Id.* at (f). Texas is a state "in which the judgment is a lien upon the property of the judgment debtor." *Umbrella Bank, FSB v. Jamison,* 341 B.R. 835, 842 (W.D. Tex. 2006) (opinion by United States District Judge Yeakel). It is also a state "in which the judgment debtor is entitled to a stay of execution." *Id.* at 841-42 (citing and quoting TEX. CIV. PRAC. & REM. CODE § 52.006). Under section 52.006 of the Texas Civil Practice and Remedies Code, the judgment debtor need post a supersedeas bond *only* in the amount of compensatory damages, interest for the estimated duration of the appeal, and costs awarded in the judgment to suspend execution of a money judgment. *Id.* at 842. As made clear in *Umbrella Bank*, the court "must afford great deference to the manifest desire of the Texas Legislature, which is to afford judgment debtors in Texas the ability to suspend execution of a money judgment" in compliance with section 52.006. *Id.*

    4. Attached to this motion is a supersedeas bond by which Defendant, as principal, and Auto-Owners Insurance Co. as surety, have acknowledged themselves bound to pay to Rogelio Rodriguez the sum of $476,365.18, which represents at least 100 percent of the amount of $440,060.22 in compensatory damages and prejudgment interest awarded to said Plaintiff, plus

post-judgment interest at the rate of 8.25 % per year for one year, which is the expected duration of the appeal; to pay to Elizabeth Rodriguez the sum of $18,407.64, which represents at least 100 percent of the amount of $17,004.75 in compensatory damages and prejudgment interest awarded to said Plaintiff, plus postjudgment interest at the rate of 8.25 % per year for one year, which is the expected duration of the appeal; and to pay said Plaintiffs jointly the additional sum of $2310.43, which represents their total taxable court costs.

    5. In addition, the bond provides that the surety is obligated, up to the amount of this bond, to pay all damages and costs awarded to Plaintiffs if any of the following occur:

    a. Defendant does not perfect an appeal and does not perform the trial court's judgment.

    b. The appeal is dismissed, and Defendant does not perform the trial court's judgment.

    c. Defendant does not perform an adverse final judgment of the Court of Appeals or the Supreme Court.

*See* Tex. R. App. P. 24.1(d)(describing sufficient conditions of surety's liability to suspend enforcement of money judgment in Texas state courts).

    6. For purposes of post-judgment interest, the estimated duration of the appeal (one year) is based upon (a) the experience of Defendant's appellate counsel, Frank Weathered; (b) the Practitioner's Guide to the U.S. Court of Appeals for the Fifth Circuit (Nov. 2006); and (c) conversations with other appellate practitioners. For instance, Mr. Weathered's most recent civil appeal in the Fifth Circuit was filed in August 2004 and decided in August 2005. *Boudloche v. A.G. Holdings, Inc.*, No. 04-41038 (5th Cir. 2005). The case involved complex issues of corporate fiduciary law and was decided following an oral argument that took place in May 2005. This time frame was in keeping with the Fifth Circuit's Practitioner's Guide, which is available on the Court's

web site. In answer to the question "When are decisions made," the Guide states that the median time for summary dispositions is a "bit less than a month" following submission, while the median time for dispositions following oral argument is "about 2 months" after submission.

7. Under the provisions of Rule 62(d, f), the attached bond is sufficient under Texas law to protect Plaintiffs pending the appeal and therefore the Court should approve the bond.

WHEREFORE, PREMISES CONSIDERED, Defendant James Larson prays that the Court approve the attached supersedeas bond and stay all proceedings to enforce the judgment pending the appeal. Defendant prays for all other relief to which he may be entitled.

Respectfully submitted,

DUNN, WEATHERED, COFFEY, RIVERA,
KASPERITIS & RODRIGUEZ, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594 [FAX 883-1599]

BY _____
Patrick R. Kasperitis
SBN 11105270; FED ID 12594
Frank Weathered
SBN 20998600; FED ID 2441

COUNSEL FOR DEFENDANT
JAMES ARTHUR LARSON

## CERTIFICATE OF SERVICE

This is to certify that on November 20, 2006, this document was served on counsel of record as indicated below pursuant to Federal Rules of Civil Procedure.

_____
Patrick R. Kasperitis

**VIA OVERNIGHT DELIVERY**
Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, Texas 78586