UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 27 2006

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ROGELIO RODRIGUEZ AND ELIZABETH RODRIGUEZ | § § § |
| V. | §  CIVIL ACTION NO. 1:04-CV-00137 |
| JAMES ARTHUR LARSON | § § § |

## DEFENDANT'S MOTION TO
## QUASH DEPOSITION NOTICE OF JAMES LARSON

Defendant James Larson moves to quash the deposition notice issued by Plaintiff's counsel, seeking discovery in aid of enforcement of judgment pursuant to Federal Rule of Civil Procedure 69(a), and in support would show the Court as follows:

1. The United States Magistrate Judge for the Southern District of Texas, Brownsville Division, the Honorable Felix Recio, signed the final judgment in this cause on August 21, 2006, in favor of Plaintiffs and against Defendant.

2. Defendant thereafter filed post-judgment motions, which the Court denied in an order entered on October 12, 2006. Defendant also filed his motion to stay the execution of judgment during the pendency of the Court's rulings on the post-judgment motions.

3. On November 9, 2006, Defendant timely filed his Notice of Appeal from the judgment entered in this cause to the United States Court of Appeals for the Fifth Circuit. On November 20, 2006, Defendant sent a supersedeas bond to the Court for filing, providing the requisite security for the judgment amount. Defendant also served his motion to stay execution of judgment on November 20. Defendant anticipates that the Court will have received the bond prior to the receipt and filing of this motion.

4. Defendant desires to obtain a stay of proceedings, including discovery undertaken in aid of judgment and the deposition notice of James Larson pending the appeal of this cause to the Fifth Circuit Court of Appeals. Rule 62(d) provides that

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

FED. R. CIV. P. 62(d). None of the exceptions contained in subdivision (a) of the rule apply to this case.

5. In subdivision (f), Rule 62 goes on to provide that

> In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

*Id.* at (f). Texas is a state "in which the judgment is a lien upon the property of the judgment debtor." *Umbrella Bank, FSB v. Jamison,* 341 B.R. 835, 842 (W.D. Tex. 2006) (opinion by United States District Judge Yeakel). It is also a state "in which the judgment debtor is entitled to a stay of execution." *Id.* at 841-42 (citing and quoting TEX. CIV. PRAC. & REM. CODE § 52.006). Under section 52.006 of the Texas Civil Practice and Remedies Code, the judgment debtor need post a supersedeas bond *only* in the amount of compensatory damages, interest for the estimated duration of the appeal, and costs awarded in the judgment to suspend execution of a money judgment. *Id.* at 842. As made clear in *Umbrella Bank*, the court "must afford great deference to the manifest desire of the Texas Legislature, which is to afford judgment debtors in Texas the ability to suspend execution of a money judgment" in compliance with section 52.006. *Id.*

6. Pursuant to Federal Rules of Civil Procedure Rule 69(a), the process for enforcing a judgment for the payment of money shall be a writ of execution. Proceedings initiated in aid of judgment shall be in accordance with the practice and procedure of the State of Texas. Further, discovery sought in aid of judgment or execution of a judgment shall be conducted in the manner provided by the practice of the State of Texas as well. Pursuant to Texas Rules of Appellate Procedure Rule 24.1(f) mandates that actions to enforce a judgment must be suspended if the judgment is superseded. Enforcement begun before the judgment is superseded must cease when the judgment is superseded. On November 20, 2006, Defendant filed a bond with the court equal to the amount of the compensatory damages awarded in the judgment, interest for estimated duration of the appeal, and costs awarded in the judgment, as required by Texas Rules of Appellate Procedure Rule 24.2.

WHEREFORE, PREMISES CONSIDERED, Defendant James Larson prays that the Court stay all proceedings to enforce the judgment pending the appeal of this cause, including any and all discovery requests issued by Plaintiff's counsel in aid of judgment. Defendant prays that the deposition notice of James Larson be quashed, and for all other relief to which he may be entitled.

Respectfully submitted,

DUNN, WEATHERED, COFFEY, RIVERA,
KASPERITIS & RODRIGUEZ, P.C.
611 South Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594 [FAX 883-1599]

BY _____
Patrick R. Kasperitis
SBN 11105270; FED ID 12594
Frank Weathered
SBN 20998600; FED ID 2441
COUNSEL FOR DEFENDANT
JAMES ARTHUR LARSON

CERTIFICATE OF SERVICE

This is to certify that on November 20, 2006, this document was served on counsel of record as indicated below pursuant to Federal Rules of Civil Procedure.

_____
Patrick R. Kasperitis

**VIA CM/RRR 7006 0100 0003 8216 1117**
Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, Texas 78586

-4-