# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2007

No. 06-41644
Summary Calendar

Charles R. Fulbruge III
Clerk

Rogelio Rodriguez; Elizabeth Rodriguez

Plaintiffs-Appellees

v.

James Arthur Larson

Defendant-Appellant

United States District Court
Southern District of Texas
FILED

NOV - 6 2007

Michael N. Milby
Clerk of Court

Appeal from the United States District Court
for the Southern District of Texas
(04-CV-137)

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

This appeal involves a negligence suit for personal injuries arising out of a vehicular collision between an 18-wheeler driven by Plaintiff-Appellee Rogelio Rodriguez ("Rodriguez") and a pick-up truck driven by Defendant-Appellant, James Arthur Larson ("Larson").

On January 16, 2003, Larson and Rodriguez were both traveling east on Business U.S. 77 in Cameron County, Texas. As Rodriguez passed Larson,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Larson suddenly changed lanes from the right-hand lane into the left-hand lane, colliding with Rodriguez's truck. Both drivers were injured in the accident and rushed to local hospitals.

Rodriguez brought suit against Larson in state court, and Larson removed the case to the Southern District of Texas. The parties consented to trial of the case before a magistrate judge. Larson moved for a directed verdict before submission of the case to the jury, and the magistrate judge denied this motion. The jury found in favor of the Plaintiffs-Appellees and awarded Rodriguez past damages, as well as future damages in the amount of $364,000. The award of future damages included $109,000 for medical expenses. After judgment was rendered, Larson filed a renewed motion for judgment as a matter of law and an alternative motion for new trial, challenging the jury's award of future medical care expenses. The magistrate judge denied these motions.

Larson now appeals the trial court's denial of these two motions, arguing that the evidence presented at trial is legally and factually insufficient to support the jury's award of $109,000 for future medical expenses.[1] Specifically, Larson challenges the jury's award of $90,400 for future neck and back surgeries.

We review the trial court's denial of a motion for judgment as a matter of law de novo. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 885 (5th Cir. 2004). Under federal standards, judgment as a matter of law is appropriate where "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue." *Id.* "We apply federal standards of review to assess 'the sufficiency or insufficiency of the evidence in relation to the verdict,' but in doing so we refer to state law for 'the kind of evidence that must be produced to support a

---

[1] It is undisputed that Larson has preserved this point of error.

verdict.'" *Id.* (citing *Ayres v. Sears, Roebuck & Co.*, 789 F.2d 1173, 1175 (5th Cir. 1986)). Therefore, in this case, we will look to Texas law to determine whether Rodriguez presented sufficient evidence to avoid judgment as a matter of law.

Under Texas's "reasonable probability" rule, to sustain an award of future medical expenses, the plaintiff must present evidence to establish that in all reasonable probability (1) medical expenses will be incurred in the future, and (2) what the reasonable cost of that care will be. *See, e.g., Rosenboom Mach. & Tool, Inc. v. Machala*, 995 S.W.2d 817, 828 (Tex. App. 1999); *Whatley v. Armstrong World Indus.*, 861 F.2d 837, 843 (1988). Our inquiry is whether the evidence points so strongly and overwhelmingly in favor of Larson's contention that a reasonable jury could not have reached an opposing verdict. *Whatley*, 861 F.2d at 843.

In support of his claim for future medical damages, Rodriguez offered the testimony of three doctors: Dr. D.S. Gill, Dr. Jorge Tijimes, and Dr. Herman Keillor.[2] Dr. Gill is an orthopedist who treated Rodriguez for over two years following the accident. At trial, Dr. Gill testified that Rodriguez had a herniated disk that had worsened over time. Dr. Gill also testified that he believed that Rodriguez would need additional treatment, including diagnostic tests and spinal surgery. Dr. Gill testified that he expected the approximate cost of Rodriguez's future medical care would total $109,000, including surgery, and that this total was fair and reasonable. Rodriguez also offered into evidence the videotaped deposition of Dr. Tijimes, an orthopaedic surgeon. In that deposition, Tijimes testified that Rodriguez had a disc protrusion that would likely cause him to suffer pain throughout his life. Dr. Tijimes also testified that, based on

---

[2] Larson also presented for review the issue of whether expert testimony is required to establish a plaintiff's need for future medical care under the "reasonable probability" rule of recovery. We need not decide this issue because the Court finds that Rodriguez did offer and rely upon expert testimony at trial.

reasonable medical probability, Rodriguez would require additional medical treatment in the future, including medications, diagnostic testing, doctor's visits, and a discogram. In regards to surgery, Dr. Tijime said that Rodriguez's pain "can be corrected with medications more than surgically," and that "he has not rendered an opinion that this patient needs surgery." Rodriguez also offered into evidence the medical records from his consultation with Dr. Keillor, an orthopaedic surgeon. Dr. Keillor diagnosed a cervical or lumbar sprain and recommended a neurological consult, but did not express an opinion as to the necessity of surgery.

Larson argues that the evidence was insufficient to support a finding that in all reasonable probability Rodriguez will require surgery because neither Dr. Tijime nor Dr. Keillor testified that it is likely that Rodriguez will require surgery. Further, Larson argues that Dr. Gill's testimony as to surgery was not sufficient because Dr. Gill was not currently a practicing orthopedic surgeon and because Dr. Gill testified that an orthopedic surgeon would have to agree that surgery was necessary before performing the surgery. Finally, Larson argues that the award of future medical expenses is improper because it is five times the amount awarded for past medical costs.

Based on the evidence presented at trial, and in light of the Texas "reasonable probability" standard, we cannot say that the jury had no basis upon which to find a reasonable medical probability that Rodriguez would require surgery in the future. The jury was presented with testimony by Dr. Gill that it was his unequivocal belief that Rodriguez would require surgery in the future. The other evidence presented by Plaintiff, the testimony of Dr. Tijime and the report of Dr. Keillor, also established that it was reasonably probable that Rodriguez would need medical care in the future. Further, Larson did not present any testimony at trial that directly contradicted Gill's conclusion that Rodriguez would require surgery in the future. While neither Tijime nor Keillor

Case 1:04-cv-00137   Document 132   Filed in TXSD on 11/06/2007   Page 5 of 6

No. 06-41644

recommended surgery, they did not at any point testify unequivocally that surgery would not be needed in the future. Tijime's testimony established only that he wasn't currently recommending surgery, and Keillor's report does not discuss surgery at all. Further, Dr. Gill was the treating physician, and he did specifically testify as to the necessity of the surgery. *See City of San Antonio v. Esparza*, No. 04-04-00631, 2005 Tex. App. LEXIS 10755, at *11 (Tex. App. 2005) (affirming jury verdict where treating physician testified as to the necessity of future knee surgery). Based on the testimony presented by Rodriguez, and the fact that Larson did not produce any evidence to the contrary, we conclude that reasonable people could have found that there was a "reasonable probability" that Rodriguez would require surgery in the future. The imbalance between the jury's small award of past medical expenses and large award of future medical expenses does not justify disturbing the jury's finding. While the cost of past medical expenses may help a jury in determining the cost of future medical care, *see, e.g., Pilgrim's Pride Corp. v. Smoak*, 134 S.W. 3d 880, 905 (Tex. App. 2004), the Court could find no authority for Larson's contention that a low award for past medical expenses justifies disturbing a jury's larger award for future medical expenses. Reviewing all of the evidence presented, and, in light of the Texas "reasonable probability" standard, Rodriguez has provided sufficient evidence of future medical care and the costs of such medical care for affirmance on appeal. *See, e.g., H.E. Butt Grocery Store v. Trevino*, No. 14-98-0085, 1999 Tex. App. LEXIS 3835, at *10-11 (Tex. App. 1999) (affirming jury's award of future medical damages for back surgery where treating physical testified as to the necessity of future back surgery and plaintiff introduced evidence of past medical expenses).

Larson also argues that the magistrate judge erred in denying his motion for a new trial. A trial judge can grant a motion for a new trial if, after weighing the evidence, he believes the verdict is contrary to the "great weight of the

No. 06-41644

evidence." *See Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 269 (5th Cir. 1998). Appellate review of the trial court's action is limited to consideration of whether the lower court abused its broad discretion. *Whitehead*, 163 F.3d at 269. "The denial of a motion for a new trial will be affirmed unless, on appeal, the party that was the movant in district court makes a 'clear showing' of 'an absolute absence of evidence to support the jury's verdict,' thus indicating that the trial court had abused its discretion in refusing to find the jury's verdict 'contrary to the great weight of the evidence'." *Whitehead*, 163 F.3d at 269. The facts discussed above provide a reasonable evidentiary basis for the jury's verdict. The district court did not abuse its discretion in denying the motion for a new trial.

For the foregoing reasons, the judgment is
**AFFIRMED.**

A true copy
Attest:

Clerk, U.S. Court of Appeals, Fifth Circuit
By
Deputy
New Orleans, Louisiana   NOV 0 2 2007